UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUNE MEDICAL SERVICES,** | \* | **CIVIL ACTION 3:14-CV-525** |
| **d/b/a HOPE MEDICAL GROUP FOR** | \* | |
| **WOMEN, on behalf of its patients,** | \* | |
| **physicians, and staff, et al.** | \* | |
| | \* | |
| *Plaintiffs* | \* | |
| | \* | |
| **VERSUS** | \* | |
| | \* | **JUDGE JOHN W. DEGRAVELLES** |
| **JAMES DAVID CALDWELL, in his** | \* | |
| **official capacity as Attorney General of** | \* | |
| **Louisiana, et al.** | \* | **MAGISTRATE JUDGE** |
| | \* | **RICHARD L. BOURGEOIS, JR.** |
| *Defendants* | \* | |
| | \* | |

_____

**THE ATTORNEY GENERAL'S OPPOSITION TO THE
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes the named Defendant, James D. "Buddy" Caldwell, sued in his official capacity as the Attorney General for the State of Louisiana, who opposes the Protective Order filed by the Plaintiffs (R. Doc. 4) for the reasons set forth below.

**I.   INTRODUCTION**

This is an action for declaratory and injunctive relief brought by the Plaintiffs under the United States Constitution and 42 U.S.C. § 1983 to challenge the constitutionality of House Bill ("HB") 388 of the 2014 Regular Session, Act No. 620, codified at La. R.S. 40:1299.35.2. Note that HB 388 was sent to the Governor for signature on May 27, 2014, and signed by the Governor on June 12, 2014 thereby becoming Act No. 620. Act 620 requires that on the date an abortion is performed or induced, the physician performing or inducing the abortion must have

admitting privileges at a hospital that is located not further than thirty miles from the location at which the abortion is performed or induced and that provides obstetrical or gynecological health care services.

The effective date of the Act is September 1, 2014. The Plaintiffs waited approximately eighty one (81) days after the HB was signed by the Governor and became an Act before filing this suit on Friday, August 22, 2014, and Plaintiffs now request expedited consideration by this Court.

The Attorney General has not been served with a copy of the Complaint or Protective Order. The Attorney General received a portion of the Complaint on Friday, August 22, 2014 via fax, and the remaining portions of the Complaint on Monday, August 25, 2014 via fax. The Attorney General files this Opposition as directed by the Court due to the upcoming hearing scheduled for August 28, 2014.

The Attorney General respectfully points out that the facts alleged by Plaintiffs to constitute an "undue burden" have already been considered by the United States Fifth Circuit Court of Appeal in *Planned Parenthood of Greater Texas Surgical Health Services v. Abbot.* The *Abbot* Plaintiffs also alleged that some abortion clinics in Texas would close, that women would have to travel longer distances, and that a low percentage of abortions result in complications. *Id.* at 592-593. The State of Texas argued that the admitting privileges requirement would ensure that only physicians credentialed and board certified to perform procedures generally recognized within the scope of their medical training and competences would provide abortions. *Id.* at 592. This requirement enhances the quality of care received by abortion patients and provides for "another layer of protection for patient safety." *Id.* at 592. The

court ruled that there was a rational basis for the admitting-privileges rule and the desirable protection of abortion patients' health. *Id.* at 595.

## II.     APPLICABLE LAW AND ARGUMENT – PROTECTIVE ORDER

The Plaintiffs cite to the case of *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981), for the position that there is "no hard and fast formula for ascertaining whether a party may sue anonymously." It is important to note that in the *Doe* case, the Court went on to state that the decision requires a "balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. The *Doe* case is distinguishable because it dealt with children and the court acknowledged "the special status and vulnerability of child-litigants" in reaching its decision. The Plaintiffs' analogy to the *Doe* case is inapplicable to the present facts, as this case does not deal with child-litigants.

The Fifth Circuit has explained that Rule 26's requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *U.S. v. Garrett*, 571 F.2d 1323 n. 3 (5th Cir. 1978).

The Plaintiffs cannot meet the burden of proof because they can not show good cause for the issuance of a protective order. In this case, there is no annoyance, no embarrassment, oppression, undue burden or expense. This is not a case where a patient seeking an abortion, or having obtained an abortion is a Plaintiff. This is a situation where the abortion clinics, which are well known to the public, are the Plaintiffs, and the physicians, who are providing the abortions at the clinics that are well known to the public, are the Plaintiffs. It is incredulous that

the physicians would not want to disclose their identifies in the public realm, when the abortion clinics themselves are well known, and the physicians admit in their own declarations that people are already aware that they are abortion providers. Here, there is no expectation of privacy.

It is not clear that the physicians are even necessary as Plaintiffs. Still, the physicians have chosen to be named as Plaintiffs in this case. The identities of the physicians are essential for purposes of the Defendants being able to verify credentials and board certification and to determine if these physicians have standing. The Plaintiffs-physicians allege that they may be unable to obtain hospital privileges. However, upon information and belief, hospital privileges may be required to obtain certain board certifications. Some of the Plaintiffs-physicians also allege that they have active obstetrician-gynecologist practices outside of their work in the abortion clinics. One can easily infer that in order to maintain these active obstetrician-gynecologist practices, the doctors would have to maintain basic hospital privileges.

As discussed in the *Abbott* case, the admitting privileges requirement ensures that only physicians credentialed and board certified to perform procedures generally recognized within the scope of their medical training and competences provide abortions. This requirement enhances the quality of care received by abortion patients and provides for "another layer of protection for patient safety."

It is necessary for the Defendants to know the names of the physicians that are bringing this claim in order to verify that the physicians are credentialed and board certified. In order to get privileges in hospitals, physicians must be good, safe, competent doctors. If a physician is not able to obtain hospital privileges there may be clear safety concerns at issue, and the Defendants needs to know the physicians' names in order to perform its due diligence related to these matters.

Alternatively, if the Court grants the protective order, the Attorney General requests that the Plaintiffs be required to disclose their names to the Court and the parties.

WHEREFORE, the Plaintiffs have failed to meet the high burden of proof for a Protective Order to enter, and the Defendant prays that the motion for protective order be denied.

RESPECTFULLY SUBMITTED,

**James D. "Buddy" Caldwell**
ATTORNEY GENERAL

/s/ Angelique Duhon Freel
Angelique Duhon Freel (La. Bar # 28561)
Emily Andrews (La. Bar # 31017)
Jessica MP Thornhill (La. Bar # 34118)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: freela@ag.state.la.us
andrewse@ag.state.la.us
thornhillj@ag.state.la.us

*Attorneys for James D. "Buddy" Caldwell, in his official capacity as Attorney General of Louisiana*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2014, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

/s/ Angelique Duhon Freel
Angelique Duhon Freel