UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff; BOSSIER CITY MEDICAL SUITE, on behalf of its patients, physicians, and staff; CHOICE, INC., OF TEXAS d/b/a CAUSEWAY MEDICAL CLINIC, on behalf of its patients, physicians, and staff, JOHN DOE 1, M.D., and JOHN DOE 2, M.D., <br><br>    Plaintiffs, <br><br>  v. <br><br>JAMES DAVID CALDWELL, in his official capacity as Attorney General of Louisiana; JIMMY GUIDRY, in his official capacity as Louisiana State Health Officer & Medical Director of the Louisiana Department of Health and Hospitals; and MARK HENRY DAWSON, in his official capacity as President of the Louisiana State Board of Medical Examiners, <br><br>    Defendants. | Case No. 3:14-cv-525 |

**ORDER**

Before the Court is Plaintiffs' Motion for a Protective Order (R. Doc. 4) filed by Plaintiff John Doe 1, M.D., Plaintiff John Doe 2, M.D., John Doe 3, M.D., and John Doe 4, M.D. (collectively, the "John Doe Doctors"). The Motion is opposed. (R. Docs. 19 and 20 at 13-17). Plaintiffs provided additional briefing in support of the Motion. (R. Doc. 23 at 7-8). For the foregoing reasons, the Motion is GRANTED.

The Federal Rules of Civil Procedure require all plaintiffs to disclose their names in the complaint. *See* Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict

public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). The Fifth Circuit has allowed departure from the usual rule requiring disclosure of the plaintiff's identity in certain circumstances, mandating that the "decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186.

In support of their Motion, Plaintiffs have expressed a concern that, were their identities made known to the public, they have legitimate fears regarding "the very real threat of physical violence, harassments, and intimidation." (R. Doc. 23 at 11). In support of this concern, Plaintiffs point to a history of violence against abortion providers, including several instances of abortion doctors being killed in the past. In addition to these broad concerns, the John Doe Doctors have provided first-hand information regarding specific experiences pertaining to intimidation and harassment in connection with their work as abortion providers. For example, Dr. John Doe 3[1] has declared, under penalty of perjury, that there are regular protestors outside of Dr. John Doe 3's place of employment (Plaintiff June Medical Services LLC d/b/a Hope Medical Group for Women); that Dr. John Doe 3 has received numerous physical and verbal threats to his/her life and reputation within the past month; that information has been handed out in Dr. John Doe 3's neighborhood and near Dr. John Doe 3's office encouraging others to harass Dr. John Doe 3; and that Dr. John Doe 3 has reported these incidents to law enforcement who has responded by escorting Dr. John Doe 3 home and searching his/her neighborhood and home before entering. (R. Doc. 4-5). Plaintiffs Dr. John Doe 1 and 2 have likewise acknowledged

---

[1] Dr. John Doe 3 is not an individual plaintiff in this matter.

protests outside of their place of employment as well as knowledge of the victimization of other abortion providers. (R. Docs. 4-3, 4-4).[2]

Courts have entered protective orders to safeguard the identities of individuals in cases such as this one.  The Middle District of Louisiana has previously granted protective orders placing the identity of a physician who provides abortions under seal and permitting that physician to proceed under a pseudonym. *See Hope Med. Grp. For Women v. Caldwell*, No. 10-cv-511-RET-SCR (M.D. La. Aug. 9, 2010); *K.P., M.D. v. LeBlanc*, No. 07-cv-879-HGB-KWR (M.D. La. Jan. 7, 2008).  In a case very similar to the instant one, also involving abortion providers challenging an admitting privileges requirement, our sister court in the Southern District of Mississippi likewise allowed the plaintiffs to proceed under pseudonyms. *See Jackson Women's Health Org. v. Currier*, No. 3:12-cv-436 (S.D. Miss. May 22, 2013).

The Court is satisfied that the potential for harassment, intimidation and violence in this case, particularly in light of the past and present instances of such conduct both nationwide and in Louisiana, justifies the unusual and rare remedy of allowing the individual Plaintiffs to proceed anonymously.  While the instant order will limit the public's right to know their identities, the public's ability to scrutinize governmental functioning is unobstructed by this order and the public will retain a complete and open view "of the issues joined" in this proceeding as well as "the court's performance in resolving them." *Stegall*, 653 F.2d at 185.

Defendant Caldwell (in his capacity as Attorney General) and Defendant Guidry (in his capacity as State Health Officer of Louisiana and Medical Director of the Louisiana Department of Health and Hospitals) have both raised additional concerns should the Plaintiffs be allowed to

---

[2] Dr. Doe 4's affidavit indicates that there are regular protestors outside of Plaintiff Choice, Inc., of Texas d/b/a Causeway Medical Clinic.  There is nothing to indicate that these protests are in any way improper or violent.  There is also no indication that Dr. Doe 4 or any other abortion provider at this location have been personally victimized in any way.

3

proceed anonymously.  Specifically, both have demonstrated the potential for prejudice if the Defendants are unable to ascertain, among other things, whether those individuals have standing to bring this suit. (R. Doc. 19 at 4) ("The identities of the physicians are essential for purposes of the Defendants being able to verify credentials and board certification and to determine if these physicians have standing."); (R. Doc. 20 at 16-17) ("Disclosure of plaintiff physicians' names is also compelled by due process concerns.  The government defendants must be able to intelligently and effectively research the professional background of these physicians as relates to the issues in this lawsuit.").

The Court agrees that the circumstances of this case do not support withholding the names of the John Doe Doctors from the Court or the named defendants.[3]  Although it is not entirely clear that Plaintiffs were requesting such relief, nothing in this order is intended to prevent any Defendant from preparing and presenting a defense in this case, including any necessary discovery regarding the individual John Doe Doctors and specifically their standing to bring this suit.  In addition, because the Plaintiffs have presented affidavits from John Doe 3 and John Doe 4 for the Court's consideration, their identities shall likewise be disclosed.  Plaintiffs shall file, under seal, the identity of Plaintiff John Doe 1, M.D., Plaintiff John Doe 2, M.D., John Doe 3, M.D., and John Doe 4, M.D.  A copy of this filing shall be served on the Defendants by means other than through the Court's electronic filing system.[4]  The parties are also directed to confer regarding discovery procedures, including terms of a proposed protective order, which would allow Defendants to seek appropriate discovery as the case proceeds.  Any such proposed order shall be submitted to the Court for consideration.

---

[3] Defendant Caldwell specifically requests that, if the Court grants the protective order, that Plaintiffs be required to disclose their names to the Court and the parties. (R. Doc. 19 at 5).

[4] Section I.E.5 of the Administrative Procedures for Filing Electronic Documents for the Middle District of Louisiana specify that "[s]ervice of electronically filed sealed documents must be made by other means than through the court's electronic filing system since sealed documents cannot be electronically accessed."

4

It is therefore ORDERED:

1. Plaintiff John Doe 1, M.D. and John Doe 2, M.D. shall be permitted to proceed in this litigation using pseudonyms.

2. The real names of the Plaintiff John Doe 1, M.D., Plaintiff John Doe 2, M.D., John Doe 3, M.D., and John Doe 4, M.D. shall be placed under seal.  A copy of that filing shall be served on Defendants in a manner other than through the court's electronic filing system.

3. Defendants, their employees, agents, and successors in office, including their attorneys, shall be prohibited from disclosing the real names of the John Doe Doctors, without leave of the Court, to:

    (i)     anyone employed by the Attorney General of Louisiana, the Louisiana Department of Health and Hospitals or the Louisiana State Board of Medical Examiners who is not directly involved in this litigation; and

    (ii)    anyone outside of the Attorney General of Louisiana, the Louisiana Department of Health and Hospitals or the Louisiana State Board of Medical Examiners, other than any outside counsel that is specifically retained by such parties to represent their interests in this litigation.

4. The parties shall confer regarding discovery procedures, including the terms of a proposed protective order, in order to ensure that Defendants are able to seek appropriate discovery regarding the John Doe Doctors while still preserving their anonymity.

Signed in Baton Rouge, Louisiana, on August 27, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**