UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY KLIEBERT, *et al.*, <br><br> Defendants | Civil Action No. 3:14-CV-525- JWD-RLB <br><br> (Consolidated with 3:14-CV-597- JWD-RLB) <br><br> **This document pertains to both matters** |

## ORDER

Considering the Joint Motion for Protective Order (R. Doc. 58), the Stipulated Protective Order (R. Doc. 58-1), the agreement of the parties to the Stipulated Protective Order, and finding good cause for same;

IT IS HEREBY ORDERED that the attached Stipulated Protective Order is GRANTED and will be entered into the record of the above-referenced matters.

Signed in Baton Rouge, Louisiana, on November 6, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY KLIEBERT, *et al.*, <br><br> Defendants | Civil Action No. 3:14-CV-525- JWD-RLB <br><br> (Consolidated with 3:14-CV-597- JWD-RLB) <br><br> **This document pertains to both matters** |

## STIPULATED PROTECTIVE ORDER

The Court having received and considered the Joint Motion for Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure by the Plaintiffs, and the parties, by, between, and among their respective counsel having stipulated and agreed to the terms set for herein, and good cause having been shown, it is hereby

ORDERED THAT:

1. Except as otherwise ordered by this Court, this Protective Order shall govern the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence, and any other material or information produced, disclosed or filed by any party or non-party and designated as such in accordance with the terms hereof.

2. Any document or information produced by any party or non-party during the course of this litigation in response to any subpoena or discovery request, including but not limited to requests for production of documents, interrogatories, transcripts of depositions and exhibits thereto, or requests for admission, may be designated as "Confidential – Subject to

2

Protective Order." Such designation may be made by (a) stamping "Confidential – Subject to Protective Order" on a document and/or including the legend "Confidential – Subject to Protective Order" next to responses to interrogatories or requests for admission; (b) counsel's written designation of documents, responses to interrogatories or requests for admission as "Confidential – Subject to Protective Order" made within ten (10) days of service of such document or information; or (c) counsel's written designation of portions of documents, responses to interrogatories, or requests for admission as "Confidential – Subject to Protective Order" made within ten (10) days of service of such document or information. Deposition transcripts, portions thereof and/or exhibits thereto, may be designated as "Confidential – Subject to Protective Order" by either (a) making a statement to that effect on the record at the deposition; or (b) counsel's written designation of certain pages or portions of the transcript by attorneys for the parties. Materials shall be treated as "Confidential – Subject to Protective Order" until the ten (10) day period for designation has elapsed.

3. No designation of materials as "Confidential – Subject to Protective Order" shall be made unless counsel for the designating party believes in good faith that such information is "Confidential" as defined in Paragraphs 5 & 6, respectively. Counsel for the designating party shall make designations as narrowly and reasonably practicable, including but not limited to designating only certain portions of documents as "Confidential – Subject to Protective Order" and/or requiring redactions in accordance with Paragraph 10.

4. The real names of John Doe 1, M.D., John Doe 2, M.D., John Doe 3, M.D., John Doe 4, M.D., John Doe 5, M.D., and John Doe 6, M.D., shall be placed under seal. A copy of that filing shall be served on Defendants in a manner other than through the court's electronic filing system.

5. "Confidential" information shall mean any information about the clinics that are Plaintiffs in this case ("Clinic Plaintiffs"), as well as their staff, physicians, and patients, including but not limited to personnel information, patient information, financial information, employee handbooks, policies and procedures concerning the Clinic Plaintiffs' operation, and other sensitive information that could jeopardize the privacy of the staff, physicians, patients, and others associated with Clinic Plaintiffs. "Confidential" information may also include, but is not limited to, any sensitive business documents or information produced by a party, a non-party hospital facility or any other non-parties, or any other information that constitutes confidential information under the Federal Rules of Civil Procedure and/or applicable laws or regulations including U.S. federal, state, or local privacy, data protection or secrecy laws.

6. "Confidential" information may also include information related to investigations conducted by or legal, disciplinary or other actions taken by the Louisiana State Board of Medical Examiners ("LSBME") or the Louisiana Department of Health and Hospitals ("DHH"), containing information, including but not limited to patient information, protected health information, information regarding the fitness of any person to continue to hold a license to practice medicine, peer review information regarding any physician, information regarding claims of medical malpractice, information subject to patient-physician privilege, information related to LSBME actions or investigations of specific licensees, information from investigative agencies containing the identity of a confidential source of information, and information regarding records and proceedings of any peer review committee or healthcare licensure agency of DHH.

7. Under no circumstances other than those specifically provided for in this Order or subsequent Court Orders, or with the express written consent of the producing party or producing

non-party, shall "Confidential" information be used for any purpose except the prosecution or defense of this litigation, or be in any way revealed, delivered or disclosed, or otherwise made known, in whole or in part, to any person except:

    a. the Court and any personnel necessary to facilitate this litigation, including court reporters and court administrative staff;

    b. counsel of record for the Parties to this action and their associated attorneys in the same law firm, paralegals and other professional personnel (including support staff) who are employed by the same law firm and directly assisting such counsel in the prosecution or defense of this litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; provided that the term "law firm" as used in this paragraph expressly includes DHH, LSBME, and the Center for Reproductive Rights;

    c. The named parties and any personnel employed by them, including any personnel employed by DHH and LSBME, who are actually engaged in the preparation of this action for trial or other proceedings herein, who have been advised of their obligations hereunder, and who have signed an Agreement to Be Bound By Protective Order, in the form appended hereto;

    d. Expert witnesses, agents, or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceedings herein, but only to the extent

that counsel for the disclosing party reasonably believes in good faith that the expert, agent, or consultant needs access to each specific piece of Confidential information that is being disclosed in order to render such services or provide such testimony; provided, however, that such Confidential information is furnished, shown or disclosed in accordance with the terms of this Order, and provided further that before any party makes a disclosure of Confidential information to more than five (5) persons in this category who are not required to be formally disclosed in discovery, counsel for that party will meet and confer with counsel for the designating party pursuant to the process described in Paragraph 16;

e.  An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 10 hereof;

f.  Any person employed by the named parties in this litigation and any counsel who previously saw or received the information in the regular course of his or her duties, except that nothing in this Order may be construed to excuse or mitigate the non-disclosure and confidentiality obligations required by applicable laws; and

g.  Any other person expressly agreed to, in writing, by the parties; where, however, such person will have access to materials designated as "Confidential – Subject to Protective Order" that were produced by a non-

party, the express written agreement of the non-party must also be obtained.

8. Any summary, compilation, notes, electronic images or databases containing material that has been designated as Confidential shall be subject to the terms of this Order to the same extent as the materials from which the summary, compilation, notes electronic images or databases are made or derived.

9. At the time of delivery or disclosure, counsel of record shall instruct any person to whom any Confidential information is delivered or disclosed to maintain the confidentiality of all information protected by this Order and furnish to all such persons a copy of this Order. Counsel of record shall maintain a record of all persons to whom Confidential information have been disclosed or delivered. Counsel must also maintain original executed Agreements to Be Bound By Protective Order.

10. In addition to designating materials as "Confidential – Subject to Protective Order," a producing or receiving party may require redactions to such materials, whether they are the party's own materials or materials produced by another party or non-party for use in this litigation. To the extent that a party objects to any such redaction, the parties shall address that dispute subject to the provisions of this Order, with the Court ultimately to decide (based on an *in camera* review of a non-redacted version of materials at issue) any dispute over the need for redactions that the parties cannot resolve on their own.

11. Should a party reasonably believe that disclosure of Confidential information in a hearing or trial is necessary, such party shall provide reasonable advance notice of such belief to the party or non-party designating such information as Confidential. Counsel shall meet and confer in an attempt to resolve any disputes about the designation or treatment of any document

or information before presenting such disputes to the Court.  If the parties cannot resolve the issue informally in good faith, the party wishing to disclose Confidential information may seek relief from the Court within fourteen (14) days.  The document or information in question will remain subject to the confidentiality provisions of this Order until the Court rules.

12. The parties agree that no Confidential information shall be included in any document that is publicly filed in this litigation.  In the event that a party intends to use Confidential information in a document that is required to be filed publicly, such as an affidavit, memorandum of law, or notice, counsel for the party shall: (a) redact all Confidential information from the document to be filed publicly; (b) mark clearly any unredacted copy of that document with the legend "Confidential – Subject to Protective Order" on each page containing Confidential information; and (c) serve an unredacted copy, with that designation, upon the parties who are bound by this Protective Order and upon the Court.

13. In lieu of marking originals of documents, the parties may mark copies that are produced or exchanged.

14. Unless a court orders otherwise, the parties and their counsel shall maintain the confidentiality of all Confidential information after final disposition of this litigation, by adjudication (including appeals) or otherwise.  Within thirty (30) days after the final disposition of this litigation, the recipient shall either (a) return to the producing party or producing non-party all Confidential information, all copies of such information, and any documents incorporating such information, or (b) securely destroy all such materials and certify in writing to counsel for the producing party or producing non-party that all such materials have been destroyed.  Provided, however, that nothing in this Protective Order shall be interpreted or construed to require any officer or agency of the State of Louisiana to destroy any official

records obtained in the ordinary course of such officer's or agency's duties, or which must be maintained in compliance with state law, federal law, or the regulations of such agency.

15. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties and producing non-parties to this proceeding, without unreasonably or unnecessarily limiting or restricting the ability of the parties and/or their counsel to develop their claims or defenses in this matter, and without jeopardizing the safety and wellbeing of the physicians, staff, health care professionals, and patients at the Clinic Plaintiffs, such that the involvement of the Court would not be unnecessarily required to resolve disputes over confidentiality. By entering into this Order, no party agrees to produce any particular document or information, including but not limited to, any documentation or information referenced herein. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work-product doctrine, or any other privilege or doctrine. This Order shall be without prejudice to the right of any party to object to the production of any information or documents or to object to the admissibility of any evidence or testimony. Moreover, this Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate protective order as to any such particular document or information, including restrictions differing from those as specified herein, or the right of any party to seek relief from, or modification of, this Order or any provisions thereof, or to challenge any designation of Confidential information as to any particular document or documents, or portion thereof, as inappropriate under the applicable law; nor shall this Order be deemed to prejudice any party in any way in any future application for modification of this Order.

16. Any party may object to the designation of "Confidential – Subject to Protective Order" pursuant to this Order. Counsel for the parties, as well as counsel for any non-parties (if the designated documents are produced by a non-party), shall meet and confer in an attempt to resolve any disputes about the designation or treatment of any document or information before presenting such disputes to the Court. If the parties and, if applicable, producing non-parties, cannot resolve the issue informally in good faith, a party or producing non-party may seek relief from the Court within fourteen (14) days, and the burden will be on the designating party or non-party to show good cause as to why the document or information should remain "Confidential." The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

17. A party shall not be obligated to challenge the propriety of a designation at the time made, and a decision not to challenge a designation shall not preclude a subsequent challenge thereto (nor shall it constitute any admission or inference that the information is, or ever was, confidential).

18. The parties may agree in writing only to withdraw the designation of "Confidential – Subject to Protective Order."

19. The inadvertent or unintentional failure to designate discovery materials as "Confidential – Subject to Protective Order" shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidential treatment under this Order. In the event of an inadvertent or unintentional failure to designate materials, the producing party or non-party may restrict further disclosure of the document or information in accordance with this Order by notifying the receiving party in writing of the change in designation. The receiving party shall

then take reasonable steps to prevent any further disclosure of such newly designated information, except as permitted by this Order.

20. The parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential – Subject to Protective Order."

21. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential – Subject to Protective Order" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

22. If a party discloses Confidential information in a manner not authorized herein, the party must immediately and in writing notify the producing party or producing non-party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party or producing non-party, make every effort to prevent further disclosure by the recipient or by the person to whom the recipient disclosed such information.

23. Each person or entity that receives or produces any designated information hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order. Any party claiming a violation of this Order may seek declaratory and/or injunctive relief, or any other remedy allowed by law. The prevailing party in any enforcement action shall be entitled to recover its reasonable attorneys' fees and costs relating to the enforcement action.

SO ORDERED.

Signed in Baton Rouge, Louisiana, on November 6, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY KLIEBERT, *et al.*, <br><br> Defendants | Civil Action No. 3:14-CV-525- JWD-RLB <br><br> (Consolidated with 3:14-CV-597- JWD-RLB) <br><br> **This document pertains to both matters** |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have been provided a copy of the Stipulated Protective Order ("Order") entered in this case and have carefully reviewed the Order. I understand the Order and agree to be bound by the terms of the Order not to disclose any information designated as "Confidential" to any person in violation of the Order. I understand that by signing this Agreement, I voluntarily submit to the jurisdiction of this court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order. I understand that any violation by me of this Agreement or the terms of the Order may be punishable to the fullest extent allowed by law.

DATED: _____

SIGNED: _____

Printed Name: _____