UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES, LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> KATHY KLIEBERT, *et al.,* <br><br> *Defendants* | CIVIL ACTION <br><br> NO. 13:14-CV-525 <br> (Consolidated w/ 3:14-CV-597) |

### DEFENDANT KLIEBERT'S REPLY MEMORANDUM TO EXCLUDE THE EXPERT TESTIMONY OF SHEILA KATZ, PH.D.

Defendant Kathy Kliebert, in her official capacity as Secretary of the Louisiana Department of Health and Hospitals ("Defendant"), through her undersigned counsel, respectfully submits this reply memorandum in support of her motion to exclude the testimony of Sheila Katz, Ph.D, ("Katz") as Katz lacks appropriate qualifications to provide testimony in this case, and her testimony is wholly unreliable, not relevant, and inadmissible pursuant to Federal Rules of Evidence 702 and the grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999).

Plaintiffs' memorandum in opposition has failed to explain why the testimony of Dr. Katz should be properly admitted here. In their opposition memo Plaintiffs contend that Katz is "well-qualified" to testify in this matter because she is "an

accomplished university professor of sociology, and a researcher and author whose studies on women and poverty have been published in numerous peer-reviewed journals." Doc. 112, Attachment #1, p.1.  Plaintiffs tout Katz's "distinguished career as a researcher and academic in the areas of gender, poverty, and social policy," and suggest her "report is a rigorous analysis of the quantifiable effects of Act 620 were it to be enforced…" *Id.,* p.2

However, by Katz' own admission, the so-called "rigorous analysis" she engaged in included no research into the abortion industry in Louisiana, the numbers of abortions performed in total and/or in any segment of the population, and/or by geographic location, or the various geographic areas and/or distribution of poverty in the state. *See* Katz Depo.,[1] 66:9-67:24; 69:4-14; 71:2-15; 75.  Moreover, Katz herself frankly admitted her opinions on this issue are based on nothing more than her personal assumptions and speculation. *See, e.g., Id.* 88:4-9; 91:1-16.  She admits there exist no publications or authority directly on point, and **she herself has never done any study "on poverty, travel and the access to abortion."** *Id.* 48:22-49:1.

While Plaintiffs' memo (at p. 5) argues that it is of no import that Katz's research on women and poverty issues has been limited to California and Tennessee, because "[c]ourts need not consider only state-specific studies in order to apply

---

[1] A copy of the cited excerpts of Dr. Katz's January 14, 2015 deposition transcript ("Katz Depo") is attached as Exhibit A to Defendants' original memo in support of the motion.

general well-tested sociological principles to matters under their consideration." Plaintiffs cite as support for this argument *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833, 891-93 (1992), in which "the Court, in striking down a spousal notification requirement as an undue burden, relied on various sociological studies, many of which were not specific to the state of Pennsylvania."

However, in *Casey,* the expert in question was presenting testimony about a universal, non-geographic-specific subject like parental notification.  In *this* case, Katz is attempting to offer expert testimony on the *specifics* of impoverished women traveling for abortions *in Louisiana*—a subject upon which she frankly concedes she has done zero research, and upon which she has no expertise (in this state, or in any other).

As stated by the Fifth Circuit, a district court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Seatrex, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000). A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field **or on a given subject**. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). The  issue is whether a particular expert has "sufficient specialized knowledge to assist the jurors [or the Court] in deciding the particular issues …" *Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 156).  Because Katz lacks any qualification to speak to any of the particular

3

issues, and this would simply not comply with the standards for expert testimony set forth in Federal Rule of Evidence 702.

## III. CONCLUSION

For all of the foregoing reasons and those set forth in the principal supporting memorandum filed herein by Defendant Kathy Kliebert, she respectfully requests the Court issue an order appropriately excluding the testimony of Dr. Sheila Katz.

Respectfully submitted this 20th day of March, 2015.

/s *J. Michael Johnson*
J. Michael Johnson (La. Bar No. 26059)
Kitchens Law Firm, APLC
2250 Hospital Drive, Ste. 248
Bossier City, LA 71111
Phone: (318) 658-9456
Fax: (318) 658-9605
Email: mjohnsonlegal@gmail.com

*Counsel for Defendant Kathy Kliebert, in her official capacity as Secretary of the Louisiana Department of Health and Hospitals*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will be electronically served on all counsel of record.

s/ J. Michael Johnson
J. Michael Johnson