

Hon. John W. DeGravelles
U.S. District Court for the Middle District of Louisiana
Russell B. Long Building and Federal Courthouse
777 Florida Street
Baton Rouge, LA 70801

March 25, 2015

> Re:  No. 14-cv-525, *June Medical Services, et al. v. Kathy Kliebert*
>      Response to plaintiffs' letter regarding *Van Hollen* decision

Dear Judge deGravelles:

On March 24, the plaintiffs notified the Court of the recent decision in *Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-cv-465-WMC, slip op. (W.D. Wisc. Mar. 20, 2015) ("*Van Hollen*"). That decision fails to support plaintiffs' claims.

First, *Van Hollen* applies the Seventh Circuit's undue burden analysis, which has been rejected by the Fifth Circuit. The Seventh Circuit balances a law's medical rationale against its impact on abortion access. *See* slip op. at 22 (noting "the Seventh Circuit's directive to weigh legitimate health benefits derived from an abortion regulation against the burdens it places on women seeking access to abortion services"); *id.* at 81 (same). As *Van Hollen* acknowledges, the Fifth Circuit does not follow this analysis. Slip op. at 21-22 & nn. 13-14. Consequently, *Van Hollen*'s application of the undue burden test is irrelevant under binding Fifth Circuit precedent. *See* slip op. at 22 (observing that "[e]ven if" the court agreed with the Fifth Circuit, it is "required to follow the law of the case as articulated by … the Seventh Circuit").

Second, *Van Hollen* found the Wisconsin law had an improper purpose based on factors that have no application to Act 620. For instance, the court thought the lack of any "medical rationale" for the Wisconsin law impugned its purpose, slip op. at 84, whereas the medical reasonableness of Act 620 is settled under Fifth Circuit precedent. *See, e.g.,* Doc. 87-1, at 3-8; Doc. 88, at 4; Doc. 107, at 1-3. The court also pointed out that the Wisconsin law allowed only "two weekend days" for compliance, slip op. at 85, whereas Act 620 allowed almost three months. *See* H.B. 388 Bill Info., *available at* http://www.legis.la.gov/legis/ BillInfo.aspx?i=224171 (last visited Mar. 25, 2014). The court also noted that Wisconsin required privileges for no other outpatient procedure except abortion, slip op. at 85, whereas Louisiana requires physicians performing surgical procedures in Ambulatory Surgical Centers to have surgical hospital privileges. *See* Doc. 107, at 9-10 (citing La. Admin. Code. §

Phone  202-714-9492
Fax     571-730-4429
Email   kduncan@duncanpllc.com

Duncan Pllc
1629 K Street NW, Suite 300
Washington, DC 20006

1



4535(E)(1)). Finally, the court thought it "telling" that the Wisconsin law provided an "extraordinary" civil remedy to the father or grandparent of an aborted child, creating a "staggering breadth of potential liability" for physicians who did not comply with the law. Slip op. at 86. Act 620 obviously contains nothing like that.

Respectfully submitted,

S. Kyle Duncan

cc: All counsel of record (via ECF and e-mail)

Phone   202-714-9492
Fax      571-730-4429
Email   kduncan@duncanpllc.com

Duncan PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

2