IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, *et al.*,

    Plaintiffs,

v.

REBEKAH GEE,

    Defendant.

Civil Action No. 3:14-CV-525- JWD-RLB

### PLAINTIFFS' PETITION FOR ATTORNEY'S FEES

Plaintiffs brought this case under 42 U.S.C. § 1983 to seek relief from Louisiana Act 620 of 2014, which violates their patients'—and all women's—constitutional right to choose abortion in Louisiana. Findings of Fact and Conclusions of Law ¶ 428, ECF No. 274. This Court has now declared the Act unconstitutional and entered a permanent injunction against it. *Id*. ¶ 431. As the prevailing parties, Plaintiffs now seek an award of reasonable attorney's fees under 42 U.S.C. § 1988(b).

Pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54(b)(1), Plaintiffs respectfully move this Court for an award of $4,701,228.38 in attorneys' fees, including $4,514,143.25 for time reasonably expended by attorneys and other legal professionals working on litigating this case to judgment, and $187,085.13 for nontaxable expenses, plus an award of reasonable fees and expenses incurred in any future proceedings.[1] Plaintiffs' petition is

---

[1] Plaintiffs are also today filing a bill of costs, pursuant to Local Civil Rule 54(c), to recover costs taxable under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Plaintiffs respectfully request that amounts sought as attorney's fees that are more appropriately awarded as costs be so deemed by this Court, and likewise that amounts in the bill of costs more properly awarded as attorney's fees be so deemed. *See Davis v. Perry*, 991 F. Supp. 2d 809, 849–50

accompanied by a memorandum of law, and by six declarations, with exhibits, from David Brown, Attach. 1; Demme Doufekias, Attach. 2; William Rittenberg, Attach. 3; John Adcock, Attach. 4; Russ M. Herman, Attach. 5; and Kimberly A. Parker, Attach. 6.

Plaintiffs are prevailing parties entitled to reasonable attorney's fees under 42 U.S.C. § 1988(b). Plaintiffs' counsel have exercised reasonable billing judgment, have removed any duplicative or excessive hours from their request for compensation for their time spent working on this case, and have included only reasonable out-of-pocket expenses necessarily incurred in prosecuting the litigation. Plaintiffs' request is supported by adequate evidence, including affidavits and contemporaneously-recorded time records, which demonstrates the reasonableness of the time Plaintiffs' counsel spent on the case and their hourly rates, and which justifies Plaintiffs' counsel's out-of-pocket expenses.

For the foregoing reasons, as discussed in greater detail in the accompanying memorandum of law and supporting papers, this Court should grant Plaintiffs' petition for attorney's fees in its entirety.

May 10, 2017                     Respectfully submitted,

/s/ *Charles M. Samuel*
Charles M. Samuel III
Louisiana State Bar No. 11678
RITTENBERG, SAMUEL AND PHILLIPS, LLC
715 Girod St.
New Orleans, LA 70130-3505
(504) 524-5555
samuel@rittenbergsamuel.com

---

(W.D. Tex. 2014) (Smith, C.J.) (considering the plaintiffs' request for taxable costs under 28 U.S.C. § 1920 together with their request for reasonable, out-of-pocket expenses under 42 U.S.C. § 1988, and assigning particular charges to the most appropriate category), *rev'd on other grounds sub nom. Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 711 (S.D. Tex. 2012) (same).

Dimitra Doufekias
David Scannell
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
(202) 887-1500
ddoufekias@mofo.com

David Brown
Zoe Levine
Janet Crepps
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3697
dbrown@reprorights.org

*Attorneys for Plaintiffs*
*June Medical Services LLC d/b/a Hope Medical Group for Women, Bossier City Medical Suite, Choice Inc., of Texas d/b/a Causeway Medical Clinic, John Doe 1, M.D., and John Doe 2, M.D.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2017, a copy of the foregoing Plaintiffs' Petition for Attorney's Fees, along with its accompanying memorandum of law and supporting papers, has been served upon the parties' counsel of record by electronic service through the Court's ECF system.

                                        */s/ David Brown*
                                        David Brown