IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>REBEKAH GEE, M.D., in her official capacity as Secretary of the Department of Health and Hospitals;<br><br>Defendant. | Civil Action No. 3:14-CV-525-JWD-RLB |

### DECLARATION OF KIMBERLY A. PARKER

I, KIMBERLY A. PARKER, declare as follows:

1. I am an attorney admitted to practice in the District of Columbia since 1999 and in the State of New York since 1998. I am a member in good standing of the bars of the United States District Court for the District of Colombia, Southern District of New York, several United States Courts of Appeals, and the United States Supreme Court. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses. It is made upon personal knowledge or information provided to me by Plaintiffs' counsel that I believe to be true.

2. I graduated *magna cum laude* from Princeton University in 1992. In 1996, I received my law degree *magna cum laude* from Harvard Law School, where I served as the Articles Editor of the *Harvard Law Review*. After law school, I worked as a law clerk for the Honorable Alfred T. Goodwin of the United States Court of Appeals for the Ninth Circuit.

3. Following my clerkship, from 1997 to 1998, I was a Staff Attorney Fellow at the Reproductive Freedom Project of the American Civil Liberties Union. During my fellowship, I worked on numerous challenges to state laws that restricted and regulated access to abortion.

1

4. In 1998, I became an associate at the firm then-known as Wilmer, Cutler & Pickering, which merged with Hale and Dorr in May 2004 to become Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer"). In January 2005, I was elected Partner in the firm. My practice focuses on internal corporate investigations, white-collar criminal matters, and matters involving the Foreign Corrupt Practices Act. I also work on complex civil matters at the trial and appellate levels, including in the United States Supreme Court. I currently co-lead Wilmer's Foreign Corrupt Practices Act and Anti-Corruption Practice, and am also the co-chair of the firm's Pro Bono and Community Service Committee.

5. During my tenure at Wilmer, I have continued to work on reproductive-rights litigation. For example, I was a member of the trial team that brought one of several cases challenging a federal ban on a particular abortion procedure. *See Nat'l Abortion Fed. v. Ashcroft*, 330 F. Supp. 2d 436 (S.D.N.Y. 2004). I have also served as counsel in (i) a challenge to an Alabama law, similar to the law challenged in this case, that required physicians at abortion clinics to have admitting privileges at a local hospital, *Planned Parenthood Southeast, Inc. v. Strange*, 33 F.Supp.3d 1330 (M.D. Ala. 2014); (ii) a challenge to Kentucky's abortion-procedure ban, *Eubanks v. Stengel*, 224 F.3d 576 (6th Cir. 2000); (iii) a case challenging a prohibition on abortion-related advertising on Atlanta's mass transit system, *Nat'l Abortion Fed. v. Metro. Atlanta Rapid Transit Auth.*, 112 F.Supp.2d 1320 (N.D. Ga. 2000); and (iv) a case challenging a 2011 North Carolina law that sought to prohibit a Planned Parenthood affiliate from receiving government funding, which was held unconstitutional, *Planned Parenthood of Cent. N.C. v. Cansler*, 877 F. Supp. 2d 310 (M.D.N.C. 2012).

6. I have long represented the American College of Obstetricians and Gynecologists (ACOG), and in 2016 I received the American College of Obstetricians and Gynecologists'

Distinguished Service Award, which recognizes outstanding contributions to the advancement of women's health and the practice of obstetrics and gynecology. I have drafted *amicus curiae* briefs on behalf of ACOG in numerous cases, including many brought on behalf of healthcare providers and their patients by the Center for Reproductive Rights ("the Center").

7. I am therefore familiar with the high quality of the Center's work. The Center has skilled litigators with strong backgrounds in reproductive rights litigation, and they win excellent results for the clients. I have read briefs filed by the Center in numerous cases, including in last year's *Whole Woman's Health v. Hellerstedt*, 136 S.Ct. 2292 (2016), which was one of the most important abortion rights opinions issued by the Supreme Court in the past quarter century.

8. I am also familiar with the law firm of Morrison & Foerster. Morrison & Foerster is a well-regarded law firm with an excellent national reputation. It is my understanding that they frequently partner with the Center in the most challenging reproductive rights cases.

9. Based on publicly available sources, and my own knowledge of the legal communities in which my colleagues and I practice, I am also generally familiar with the prevailing market rates for attorneys in comparable litigation in the New York City and Washington, D.C. markets.

10. I am aware this case has been proceeding in federal court for nearly three years, and that it has entailed discovery, significant motion practice, a trial, and an emergency appeal to the Fifth Circuit Court of Appeals and from there to the United States Supreme Court.

11. I have reviewed the hourly rates sought in this litigation by the Center's attorneys based New York City, ranging from $670 for a 2009 law school graduate in 2014 to $900 for an attorney with decades of experience in 2016. I believe that these rates are reasonable, appropriate,

and within the range of prevailing market rates in New York City for similar services by attorneys of reasonably comparable skills, experience, and reputation.

12.    I have also reviewed the hourly rates sought by Morrison & Foerster attorneys in this litigation, ranging from $385 for a recent law school graduate in 2014, to $875 for a partner in 2016.  I believe that these rates are reasonable, appropriate, and within the range of prevailing market rates in Washington, D.C., for similar services by attorneys of reasonably comparable skills, experience, and reputation.  I also believe that the hourly rate of $295 for a skilled e-discovery paralegal in 2014, rising to $310 in in 2015, is reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2017

/s/ *Kimberly A. Parker*
Kimberly A. Parker