IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, *et al.*,

                      Plaintiffs,

     v.                                    Civil Action No. 3:14-CV-525- JWD-RLB

REBEKAH GEE,

                      Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' BILL OF COSTS

Plaintiffs were awarded final judgment in this case on April 26, 2017. ECF No. 275 at 2. Plaintiffs respectfully submit the attached Bill of Costs.[1] As explained more fully herein, Plaintiffs are entitled to the costs included in their Bill, under 28 U.S.C. § 1920 ("§ 1920"), totaling $50,081.01. These expenses are itemized in Exhibit B, attached to the Bill of Costs, and receipts and other documentation are attached as Exhibit C.

**1. Fees of the Clerk**

Court filing fees and *pro hac vice* fees are "clearly recoverable" under § 1920. *DirecTV, LLC v. Ertem*, No. CIV. A. 13-487, 2015 WL 459398, at *4 (E.D. La. Feb. 3, 2015). Plaintiffs expended $1,471.00 in filing fees and *pro hac vice* fees, as detailed in Exhibit B, Expense Nos. 1-

---

[1] Plaintiffs are also today filing a petition for attorney's fees under 42 U.S.C. § 1988. Plaintiffs respectfully request that amounts sought in the present bill of costs that are more properly awarded as attorney's fees be so deemed by this Court, and likewise that amounts sought as attorney's fees that are more appropriately awarded as costs be so deemed. *See Davis v. Perry*, 991 F. Supp. 2d 809, 849-50 (W.D. Tex. 2014) (Smith, C.J.) (considering the plaintiffs' request for taxable costs under Section 1920 together with their request for reasonable, out-of-pocket expenses under Section 1988(b) and assigning particular charges to the most appropriate category) *rev'd on other grounds sub nom. Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 711 (S.D. Tex. 2012) (same).

15, for which they are entitled to recovery.

## 2. Fees for service of summons and subpoena

Expenses for service of a deposition summons and subpoena on a witness are recoverable. *See, e.g., Katz v. State Farm Fire & Cas. Co.*, No. CIV. A. 06-4155, 2009 WL 3712588, at *2 (E.D. La. Nov. 4, 2009) ("Parties routinely employ private process servers, however. And courts often allow for the taxation of such costs, especially when locating witnesses is cumbersome.") Plaintiffs are entitled to $71.00 in process server fees, Exhibit B, Expense No. 90, to serve a deposition subpoena and summons on Hedra Debea, a witness who had worked for Defendant at the time of the events giving rise to this litigation, and who had retired before the date of her deposition.

## 3. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

"[T]ranscripts necessarily obtained for use in the case" are recoverable under § 1920. This includes deposition transcripts. *E.g., Bordelon v. Winn-Dixie Stores of La., Inc.*, No. CIV. A. 97-0045, 1999 WL 236620, at *2 (E.D. La. Apr. 20, 1999). In this case, twenty-four witnesses, all named in Exhibit B, Expense Nos. 92-112, were deposed (one, Dr. John Thorp, was deposed over two days, thus, twenty-five deposition transcripts were ordered). These transcripts were "necessarily obtained for use in the case" as numerous designations from these depositions were submitted by both parties in lieu of testimony at trial. *See* Findings of Fact and Conclusions of Law 9–10, ECF. No. 274. Likewise, the five hearing transcripts, *see* Exhibit B, Expense Nos. 91, 113–14, 116–17, were necessary for use in subsequent briefing, and the trial transcript, Exhibit B, Expense No. 115, which was shared jointly by Plaintiffs and Defendant, *see* Exhibit C, Bates No. MoFo-072, was necessary to prepare proposed findings of fact and conclusions of law.

4. **Fees and disbursements for printing**

Plaintiffs' counsel contemporaneously recorded $16,516.95 in printing costs for materials used over the duration of the case, including deposition exhibits, trial exhibits, and trial preparation materials, among others. Exhibit B, Expense Nos. 38–90.

5. **Fees for witnesses**

Statutory witness fees are allowed under 28 U.S.C. § 1821. Plaintiffs incurred expenses in connection with making five witnesses available for deposition by Defendant at locations too distant from their home to permit travel and return on the same day, and calling three such witnesses to trial. *See* Exhibit B, Expense Nos. 118-146. The recovery permitted under each subsection of 28 U.S.C. § 1821, under the applicable General Services Administration per diem rates and expense limits, is included in the annexed Witness Fees Computation, Exhibit A to the Bill of Costs.

6. **Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

Plaintiffs' counsel contemporaneously recorded $2,285.81 in photocopying costs for materials used over the duration of the case. Exhibit B, Expense Nos. 16-37.

May 10, 2017                Respectfully submitted,

                                                         s/ *Charles M. Samuel*
                                                        Charles M. Samuel III
                                                        Louisiana State Bar No. 11678
                                                        RITTENBERG, SAMUEL AND PHILLIPS, LLC
                                                        715 Girod St.
                                                        New Orleans, LA 70130-3505
                                                        (504) 524-5555
                                                        samuel@rittenbergsamuel.com

                                                        Dimitra Doufekias
                                                        David Scannell

MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
(202) 887-1500
ddoufekias@mofo.com

David Brown
Zoe Levine
Janet Crepps
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3697
dbrown@reprorights.org

*Attorneys for Plaintiffs June Medical Services LLC d/b/a Hope Medical Group for Women, Bossier City Medical Suite, Choice Inc., of Texas d/b/a Causeway Medical Clinic, John Doe 1, M.D., and John Doe 2, M.D.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2017, a copy of the foregoing Memorandum of Law in Support of Plaintiffs' Bill of Costs has been served upon the parties' counsel of record by electronic service through the Court's ECF system.

>                  */s/ David Brown*
>                  David Brown