## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>STEPHEN RUSSO, Interim Secretary,<br>Louisiana Department of Health and<br>Hospitals,<br><br>        Defendant. | Civil Action No. 3:14-CV-525-JWD-RLB |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

Pursuant to General Order 2019-4, Plaintiffs June Medical Services d/b/a Hope Medical Group for Women, John Doe 1 M.D., and John Doe 2 M.D. (collectively "Plaintiffs") respectfully request that the Court enter an order permitting certain sealed documents in the record to be maintained under seal following final disposition of this action. Exhibit A is a chart identifying documents that Plaintiffs seek to maintain under seal. For the reasons set forth below, good cause exists for these documents' continued sealing. Defendants have represented through counsel that they oppose this motion.

### A. General Order 2019-4

Upon final disposition of a case, the Court may order sealed pleadings and other papers to be maintained under seal "for good cause shown." M.D. La. Gen. Order 2019-4 (July 8, 2019). Motions for continued sealing must be filed within 30 days of final disposition. *Id.*

On August 8, 2020, the Fifth Circuit administratively closed this case following the certified judgment of the United States Supreme Court declaring Louisiana's Act 620 unconstitutional. This motion is timely filed within 30 days of the Fifth Circuit's final disposition.

**B. The Court's Efforts to Protect Abortion Providers' Identities and Other Confidential Information**

Plaintiffs commenced this action in August 2014 asserting that Act 620's requirement that physicians who perform abortions hold admitting privileges at a local hospital imposed an undue burden on patients' constitutional right to abortion. From the outset, the Court was cognizant that the case would entail highly sensitive and confidential matters. The Court instituted a variety measures to protect confidential information and permitted pleadings and other papers containing such information to be filed under seal.

*The Court shielded the identities of Louisiana abortion providers*. Plaintiffs accompanied their Complaint with a motion for a protective order to shield the identities of Louisiana abortion providers, including the physician plaintiffs identified as Dr. Doe 1 and Dr. Doe 2. Pls'. Mot. Prot. Order, ECF No. 4. In support of that motion, Plaintiffs demonstrated that abortion providers in Louisiana have well-founded fears for their safety, and for the safety of their families and staff, based upon a documented history of violence and harassment. Decls. Dr. Does 1–4 Supp. Pls.' Mot. Prot. Order, ECF Nos. 4-3-4-6. That history includes violence and harassment directed at abortion providers nationwide, as well as acts directed to abortion providers in this state. Pls'. Mem. In Supp. Mot. Prot. Order, ECF No. 4-1; *see also* Pls.' Consol. Resp. to Defs'. Opp'n to TRO and Prot. Order, ECF no. 23.

The Court granted pseudonymous protection initially to four abortion providers, finding that the "potential for harassment, intimidation and violence in this case, particularly in light of

the past and present instances of such conduct both nationwide and in Louisiana, justifies the unusual and rare remedy of allowing the individual Plaintiffs to proceed anonymously." Order, ECF No. 24 at 3 ("Pseudonym Order I"). The Court subsequently extended the same protection to more abortion providers. Order, ECF No. 55 (granting pseudonym protections for Dr. Does 5 and 6) ("Pseudonym Order II"). Throughout these proceedings, to safeguard these physicians' identities, the Court permitted pleadings and other papers to be filed under seal that referenced these physicians' names or contained other identifying information. *See, e.g.*, Pls.' List of Doctor John Does Names, ECF No. 63; Pls.' Opp'n. to Defs.' Mot. for Partial Summ. J., ECF No. 104.

***The Court entered a robust protective order***. The parties jointly moved in November 2014 for entry of a protective order that afforded robust protection for confidential information that would be called for in discovery. Joint Mot. for Prot. Order, ECF No.58; Prop. Stip. Prot. Order, 58-1. In addition to abortion providers' identities, the parties jointly sought to protect from disclosure confidential "information about the clinics that are Plaintiffs in this case" and their patients and staff, "including but not limited to": "personnel information, patient information, financial information, employee handbooks, policies and procedures concerning the Clinic Plaintiffs' operation, and other sensitive information that could jeopardize the privacy of the staff, physicians, patients, and others associated with Clinic Plaintiffs." *Id.* at ¶ 5. The parties also sought to protect "sensitive business documents or information produced by a party, a non-party hospital facility or any other non-parties[.]" *Id.*

The Court found good cause for entry of the protective order. Prot. Order, ECF No. 59 (the "Stipulated Protective Order").

***The Court sealed pleadings and other papers that contained protected information***. Plaintiffs and non-parties, including several Louisiana hospitals that were targets of discovery,

relied on the Protective Order in designating documents and testimony confidential pursuant to the Stipulated Protective Order. Few, if any, confidentiality designations were contested, and no disputes over confidentiality ever required court intervention. Pursuant to the Stipulated Protective Order, submissions to the Court that contained or attached confidential discovery material were filed provisionally under seal. *See* Prot. Order, ECF No. 59 at ¶12. The Court then found good cause to seal these submissions to protect Plaintiffs' and non-parties' confidential information.

  ***The Court instituted special trial procedures to preserve the confidentiality of protected information.*** To preserve the protections afforded to abortion providers' identities and other protected information, the parties jointly proposed special trial procedures. Joint Consent Mot. Reg. Conf. Trial P., ECF No. 158. These included procedures to allow abortion providers to testify behind screens; procedures for proffering confidential documents and deposition testimony into evidence; procedures for clearing the courtroom before confidential information was published; and additional pseudonyms to protect non-parties who had legitimate privacy concerns. *See id.*

  The Court granted the order to institute these special trial procedures and at trial received confidential documents and testimony under seal. *See* Order, ECF No. 161. The Court also ordered sealed trial and post-trial submissions that disclosed protected information. *See, e.g.,* Order, ECF No. 183 (granting parties joint request to redact transcripts to align with the Pseudonym Orders and the trial confidentiality orders), Order, ECF No, 204 (granting Plaintiffs' motion to file confidential appendix and exhibits under seal).

  ***The Court took care to disclose confidential information only to the extent necessary for the public interest.*** The Court issued numerous orders and opinions, including a 116-page opinion in support of final judgment that contains extensive findings of fact and conclusions of law. *June Med. Servs. v. Kliebert*, 250 F.Supp.3d 27 (M.D. La. 2017), *rev'd sub nom June Med. Servs. v.*

4

*Gee*, 905 F.3d 787 (2018), *rev'd sub nom June Med. Servs. v. Russo*, 140 S.Ct. 2103 (2020). The Court's orders and opinions disclosed information sufficient for the public to understand the disputed issues and their ultimate resolution. At the same time, the Court was careful not to disclose sealed aspects of the record unnecessarily.

On appeal, the Fifth Circuit and the United States Supreme Court followed this Court's example. Majority and dissenting opinions were issued by the Fifth Circuit panel, judges of the Fifth Circuit voting en banc, and the Justices of the United States Supreme Court. These opinions gave full airing to the contested factual and legal issues while generally maintaining the confidentiality protections afforded by this Court's prior sealing orders.

**C. Defendants' Failed Attempts to Unseal Confidential Record Material**

In proceedings before this Court, Defendants largely cooperated with Plaintiffs and non-parties regarding the confidentiality of protected information. As noted above, Defendants jointly moved for entry of the Stipulated Protective Order, and Defendants contested few, if any, confidentiality designations. Defendants also jointly proposed the special trial procedures that shielded abortion providers' identities and other protected information. Joint Consent Mot. Reg. Conf. Trial P., ECF No. 158. The pleadings and other papers that were sealed by the Court were either sealed on consent or without opposition. *See e.g.*, Sealed Joint Stip. 5, ECF No. 176 (reflecting admitting privileges for Dr. Doe 5); Joint Mot. to Redact Trial Trs., ECF No. 182; Pls.' Ex. to Pls.' Resp. to Def's. Prop. Find. of Fact and Concl. of Law, ECF No. 203.

Defendants changed their position on appeal. After the Fifth Circuit reversed this Court's final judgment order, Defendants filed a motion with the panel to unseal the record on appeal, including the abortion providers' identities and pleadings and other papers that this Court had

sealed.  Appellants' Mot. to Unseal, No. 17-30397 (5th Cir. Oct. 22, 2018).  Defendants predicated their extraordinary motion on a footnote in the Fifth Circuit opinion, which observed that this Court allowed abortion providers to be identified by pseudonyms even though their identities purportedly are known.  *Id.*

Plaintiffs mounted a vigorous defense of this Court's pseudonym and sealing orders. Appellee's Opp'n to Mot. to Unseal, No. 17-30397 (5th Cir. Nov. 11, 2018).  In opposition to Defendants' motion to unseal, Plaintiffs demonstrated that unmasking abortion providers' identities would put their safety at risk and that, contrary to the footnote in the Fifth Circuit's opinion, abortion providers' *involvement in this case* is not publicly known.  Plaintiffs further demonstrated that unsealing other confidential aspects of the record would inflict substantial harm to Plaintiffs and non-parties without any benefit to the public.  *Id.* at 19.  The Fifth Circuit found Louisiana's motion lacked merit and denied it without opinion.  *June Med. Servs. v. Gee*, No. 17-30397 (5th Cir. Jan. 25, 2019).

## ARGUMENT

This Court has already found good cause to seal the pleadings and other papers that Plaintiffs seek to maintain under seal.  *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (recognizing district courts must find the need for confidentiality outweighs the public's interest before ordering material sealed); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (same before district courts grant pseudonymous protections).  As a result, General Order 2019-4 requires only a concise statement of the reasons these materials should remain under seal.

## I.   Plaintiffs Have Taken a Cautious Approach to Continued Sealing

Plaintiffs undertook a careful review of the sealed record before making this motion.  In so doing, Plaintiffs determined that continued sealing is not necessary in all circumstances.  Certain documents do not appear to contain protected information, including the Court's actual sealing orders.  *See, e.g.,* Order, ECF No. 101, (granting Plaintiffs' Sealed Motion for Leave to File Plaintiffs' Reply ISO Their Motion for a PI Under Seal); Order, ECF No. 103 (granting Plaintiffs' Sealed Motion for Leave to File Under Seal Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment).  Other documents contain information that became public later during the proceedings.  *See, e.g.,* Pls.' Opp'n to Mot. to Exclude Expert Test., ECF No. 118; Pls.' Opp'n to Defs.' Mot. in Lim., ECF No. 120.  Plaintiffs have no objection to these materials being made part of the public record.

## II.  Continued Sealing Is Warranted for the Remaining Sealed Materials

Plaintiffs identified other confidential pleadings and submissions that should remain sealed.  For ease of reference, Plaintiffs have listed these documents in Exhibit A and identified by chart the reasons that these documents were sealed.  These documents should remain sealed for the same reasons that the Court ordered them sealed in the first place.  And, because the documents' attachments reference or otherwise disclose their protected contents, attachments to the documents in Exhibit A also should be maintained under seal.

### A. Good Cause Exists to Maintain Abortion Providers' Names and Other Identifying Information Under Seal

The Court took precautions throughout these proceedings to shield the identities of Louisiana abortion providers from public disclosure, including sealing documents that contain the physicians' names or other identifying information.  Prot. Order, ECF No. 59.  The Court found

good cause for these protections because abortion providers, nationally and in Louisiana, have been victims of violence and harassment.  Pseudonym Order, ECF No. 24.

Sealed documents that name abortion providers who were granted pseudonymous protection or that contain other identifying information should remain sealed.  The threats to the safety of these physicians, their families, and co-workers have not gone away.  *See* CBS News, Violence Against Abortion Clinics Hit a Record High Last Year. Doctors Say It's Getting Worse (airdate Sept. 17, 2019), https://www.cbsnews.com/news/violence-against-abortion-clinics-like-planned-parenthood-hit-a-record-high-last-year-doctors-say-its-getting-worse/;  *see also* Nat'l Abortion Fed., *2018 Violence and Disruption Statistics*, https://prochoice.org/wp-content/uploads/2018-Anti-Abortion-Violence-and-Disruption.pdf (documenting ongoing violence and harassment against abortion providers).  Indeed, the risks to abortion providers in this case may be particularly high in light of the intense public attention this case received once the United States Supreme Court became involved.

Maintaining documents under seal that identify Louisiana abortion providers is also necessary to preserve the confidentiality protections afforded these physicians in other pending litigation.  Several other Louisiana abortion restrictions are currently being challenged in a separate proceeding in this district, and abortion providers in that proceeding were also granted pseudonymous protection.  *See* Order granting pseudonyms, *June Med. v. Russo*, No. 16-444-BAJ-RLB (M.D. La. July 12, 2016), ECF No. 12.  Because abortion providers in those proceedings are identified using the same pseudonyms employed in this case, unsealing their identities here would effectively "out" their participation in those proceedings as well.

## B. Good Cause Exists to Maintain Confidential Information Subject to the Protective Order Under Seal

The Court also protected confidential information related to Plaintiff June Medical Services' clinical practices and sensitive business information belonging to Plaintiffs and non-parties. The Stipulated Protective Order expressly protected these categories of confidential information from disclosure. Prot. Order, ECF No. 59 at ¶ 5. The parties agreed to preserve the confidentiality of such information at trial. *Cf.* List of Admitted Ex., ECF No. 165. And the Court found good cause to seal submissions that disclose or discuss this information. *See* Order, ECF No. 103 (finding good cause to seal Plaintiffs' Opposition to Defendants Motion for Partial Summary Judgment), Order, ECF No. 175 (finding good cause to seal Joint Stipulation Regarding Doe #5's Admitting Privileges)

Sealed documents that disclose confidential clinic practices and sensitive business information should remain sealed. Among other things, confidential clinic practices include proprietary clinic policies and procedure, non-public information regarding the clinic's operations, and information that "could jeopardize the privacy of the staff, physicians, patients and others associated with" the clinic. Prot. Order, ECF No. 59 at ¶ 5. Sensitive business information, meanwhile, includes non-public information regarding the innerworkings of non-party hospitals, including hospital bylaws, credentialing processes, and communications with physicians. *Id.*

Unsealing these protected materials would divulge information going to the heart of Plaintiffs' and non-parties' operations. Disclosure of these materials also could implicate the privacy of other individuals, including hospital employees, who are sometimes mentioned in sealed documents but not directly involved in this case. Moreover, because Plaintiffs and non-parties relied on the Stipulated Protective Order throughout this case, unsealing would negate their

substantial reliance interest in knowing that confidential information, even if produced in discovery, would not become public.

### C. Unsealing Is Not Necessary for the Public Interest

Unsealing is not necessary for any court or the public to understand the issues in this case or their ultimate resolution. This case is now over, and the judicial opinions handed down by this Court, the Fifth Circuit, and the United States Supreme Court thoroughly discuss the pertinent factual and legal issues, without disclosing confidential information that this Court ordered sealed. Continued sealing, therefore, poses no risk to the judicial process or the public interest.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter an order permitting the sealed documents identified in Exhibit A and their attachments to be maintained under seal.

Dated: September 4, 2020                    Respectfully submitted,

_/s/ Charles M. Samuel, III_

Charles M. (Larry) Samuel, III
La. State Bar No. 11678
RITTENBERG, SAMUEL &
PHILLIPS, LLC
1539 Jackson Ave., Suite 630
New Orleans, LA 70130
(504) 524-5555
samuel@rittenbergsamuel.com

_Counsel for Plaintiffs_

_/s/ Travis J. Tu_

Travis J. Tu*
CENTER FOR
REPRODUCTIVE RIGHTS
199 Water St., 22nd Floor
New York, NY 10038
(917) 637-3627
tjtu@reprorights.org

Dimitra Doufekias*
MORRISON & FOERSTER
LLP
2000 Pennsylvania Ave., NW
Suite 6000
Washington, DC 20006-1888
(202) 887-1500
DDoufekias@mofo.com

*admitted _pro hac vice_