# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, et al.,

         Plaintiffs,

   v.

COURTNEY N. PHILLIPS, in her official capacity
as Secretary of the Louisiana Department of Health,

       Defendant.

No. 3:14-CV-00525-JWD-RLB

## PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE AND IN FURTHER SUPPORT OF MAINTAINING DOCUMENTS UNDER SEAL

Pending before the Court is Plaintiffs' motion under General Order 2019-4 to maintain under seal a small amount of material.  In opposing that motion, Defendant has sought to convert this housekeeping motion into a referendum on the Court's trial procedures and prior sealing orders.  Fatal to Defendant's opposition is that her arguments are untimely, contradicted by the State's prior litigation positions, and were previously rejected by the Fifth Circuit in this case.

A group of Louisiana legislators, journalists, and legal academics ("Proposed Intervenors") – many of whom supported Act 620's enactment or advocated in support of its constitutionality – seeks to intervene in opposition to Plaintiffs' motion and pile on.  Proposed Intervenors' arguments opposing continued sealing, however, are just a rehash of arguments that Defendant has already advanced.  Contrary to their central contentions, this case was not litigated in secret.  And good cause exists to maintain abortion providers' identities and a small amount of material under seal.

Even so, Proposed Intervenors' motion fails for a more fundamental reason.  None of the requirements for intervention under the Federal Rules of Civil Procedure is met.  Proposed Intervenors' motion to intervene, literally, could not be untimelier.  Proposed Intervenors fail to

identify any specific documents or facts in the sealed record to which they or the public have a concrete legal interest that has been impaired.  And Proposed Intervenors have the same goal as Defendant in opposing Plaintiffs' motion, which Defendant already adequately represents.

This case is closed.  Rather than accept this invitation to a three-ring circus, Proposed Intervenors' motion to intervene should be denied.  Plaintiffs' motion to maintain documents under seal should be granted.

## BACKGROUND

### A.    Plaintiffs' Pending Motion to Maintain Documents Under Seal

Proposed Intervenors repeatedly mischaracterize Plaintiffs' motion to maintain documents under seal.  As the Court is well-aware, proceedings in this case were not "broadly sealed."  ECF No. 349-1 at 2.  Nor are Plaintiffs seeking to keep information sealed that is "critical" to the public's understanding of this case.  *Id*. at 10.  In fact, this case was extensively litigated for years and tried in open court.  The Court received only a small amount of record material under seal. And Plaintiffs' motion seeks to maintain only a subset of the sealed record under seal.  ECF No. 344-1.

### B.    Proposed Intervenors

Proposed Intervenors also would have the Court believe that they only just became aware of this case.  Proposed Intervenors in fact have deep knowledge of abortion restrictions and Act 620 in particular.  Indeed, many of the Proposed Intervenors are closely aligned with the State of Louisiana's stated goal of restricting abortion access, filed amicus briefs in support of Defendant at prior stages of this case, and/or sought to defend Act 620's constitutionality in other ways.  For example, one of the legal academics, Teresa Stanton Collett, runs a "Prolife Center" at the

University of St. Thomas.[1]    All the legislators have supported legal restrictions on abortion, including a 6-week abortion ban and a state constitutional amendment to remove abortion protections, and some have "100% pro-life voting records."[2]

Proposed Intervenors accompany their submission with declarations purporting to attest to intervenors' interests in the case.    These declarations are largely carbon copies of each other, and they are noteworthy more for what they do not contain.    Proposed Intervenors do not acknowledge, let alone seek to justify, their years of delay before seeking intervention.    Proposed Intervenors do not identify any specific documents or facts that they claim were improperly sealed.    And while they make boilerplate assertions that they have been prejudiced, Proposed Intervenors do not identify any material facts that they have been unable to ascertain from the extensive public record and exhaustive judicial opinions in this case.

1. ***Louisiana Legislator Intervenors.***    Proposed Intervenors include seven Louisiana legislators, four of whom submitted declarations.[3]    Several supported Act 620's enactment or have advocated for its constitutionality,[4] and all have been on notice of this case since at least 2014 when the law was first enjoined.    ECF No. 31.    Moreover, with one exception, all these legislators

---

[1] Univ. of St. Thomas Prolife Center, https://www.stthomas.edu/prolifecenter/.

[2] *2016-2019 Defenders of Life*, La. Right to Life, https://prolifelouisiana.org/defendersoflife (awarding Rep. Rick Edmonds and Sen. Beth Mizell); La. State Legislature, SB 184, 2019 Reg. Session, (La. 2019), http://www.legis.la.gov/legis/ViewDocument.aspx?d=1139201; Kevin Foster, How La. lawmakers voted on the fetal heartbeat bill, WAFB 9, (June 10 2019 7:27 AM), https://www.wafb.com/2019/06/11/how-la-lawmakers-voted-fetal-heartbeat-bill/ (listing Louisiana Senators who supported the bill); La. State Legislature, HB 425, 2019 Reg. Session, http://www.legis.la.gov/legis/ViewDocument.aspx?d=1145400/ (all legislator Proposed Intervenors are co-sponsors of the proposed constitutional amendment restricting abortion).

[3] Representatives Tanner MaGee, Beryl Amedee, and Rick Edmonds did not submit declarations in support of the motion to intervene.  ECF No. 349-3.

[4]    HB    388,    Reg.    Sess.    (La.    2014),    http://www.legis.la.gov/legis/ BillInfo.aspx?s=14RS&b=ACT620 (Representative Lance Harris co-sponsored Act 620, and both Harris and Senator Patrick Page Cortez voted in favor of it).

were signatories to an amicus brief filed with the Supreme Court in support of Defendant.  *See* Br. of Amici Curiae Louisiana State Legislators in Support of Respondent-Cross-Petitioner, *June Med. Servs. v. Russo*, 140 S. Ct. 2103 (2020).[5]

The legislators claim that sealed documents in this case are necessary to "hold hearings" and "craft new admitting privileges legislation."  *See* Decl. of Patrick Page Cortez ¶ 3, ECF No. 349-3; Decl. of Lance Harris ¶ 3, *id.*; Decl. of Beth Mizell ¶ 3, *id.*; Decl. of Mark Wright ¶ 3, *id.* That assertion is difficult to take seriously in light of the fact that the Supreme Court has now twice declared such laws unconstitutional.  *June Med. Servs.*, 140 S. Ct. 2103; *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016).  But in any event, none of the legislators identifies a single sealed document or unknown fact that prevents them from crafting whatever legislation they wish, comprehending the Supreme Court's ruling, or otherwise understanding this case and how it was conducted.

**2. *Journalist and Other Media Intervenors.***    The journalists and other media representatives claim in their declarations that maintaining *any* documents under seal would prevent them from "writ[ing] and publish[ing] articles to explain to readers and the public at large the effect" of the case.  *See* Decl. of Daily Caller New Foundation ¶ 4, ECF No. 349-3; Decl. of Dan Fagan ¶ 3, *id.*; Decl. of Mollie Hemmingway ¶ 3, *id.*; Decl. of Willis Krumholz ¶ 3, *id.*  But the Court's modest sealing orders have hardly prevented this case from being covered by the media.  Even a cursory internet search reveals thousands of news articles and extensive media coverage about the case.

---

[5] Proposed Intervenors have also spoken publicly about the case. For example, Senator Beth Mizell was a speaker at a Louisiana Right to Life event on the day of the Supreme Court oral argument in this case. *New Orleans Protect Women Protect Life Press Conferences*, La. Right to Life, https://prolifelouisiana.org/protect/.

In point of fact, Proposed Intervenors work for publications and media outlets that have extensively covered this case.  Some even authored this news coverage—a fact conspicuously absent from their declarations.[6]  One proposed intervenor, the Daily Caller, has run over twenty articles discussing the case, just in the last year and a half.[7]  The Federalist, where one of the proposed intervenors is a senior editor, posted thirteen articles mentioning the case in that same timeframe.[8]  None of the journalists or media members identifies any sealed document or fact that has prevented them from reporting about the case.

**3. *Legal Academic Intervenors*.**  A few legal academics submitted declarations that suffer from the same deficiencies as those by other intervenors.  With one exception, the academics fail to address the untimeliness of their motion to intervene.  And the one who does address the issue, Teresa Stanton Collett, states only that she "first became aware of the Plaintiffs' motion to maintain documents under seal on September 10, 2020."  Decl. of Teresa Stanton Collett ¶ 2, ECF No. 349-3 ("Collett Decl.").  Ms. Collett's declaration omits that she has been steeped in this case for a long time.  Ms. Collett was Counsel of Record for an amicus brief filed with the Supreme Court in support of the Defendant,[9] and she discussed this case (and the protective order) in testimony

---

[6] *See e.g.,* Dan Fagan, *Louisiana is at the heart of the nation's anti-abortion battle,* The Advocate (May 14, 2019), https://www.theadvocate.com/baton_rouge/opinion/dan_fagan/article_5d9d8712-112d-11ea-8702-6f5c320132e9.html.

[7] *See* Daily Caller News Foundation, Search Results for "June Medical Services," http://dailycallernewsfoundation.org/?s=%22june+medical+services%22 (last visited Oct. 22, 2020).

[8] *See* The Federalist, Search Results for "June Medical Services," https://thefederalist.com/?s=%22june+medical+services%22 (last visited on Oct. 22, 2020).

[9] *See* Br. of Amici Curiae for Concerned Women for America & Charlotte Lozier Institute in Support of Respondent/Cross-Petitioner, *Gee v. June Med. Servs.*, No. 18-1460 (S. Ct. Dec. 27, 2019), https://www.supremecourt.gov/DocketPDF/18/18-1323/126948/20191227182152682_39139%20pdf%20Collett%20brief.pdf.

before Congress earlier this year.[10]  In other words, even if Ms. Collett was not aware of the motion to seal until September 10, 2020, she was certainly aware of the case before then.

The legal academics all claim that they would "write and publish a law review article" about this case if the Court were to deny Plaintiffs' motion to maintain document under seal. Collett Decl. ¶4; Decl. of Erika Bachiochi ¶ 3, ECF No. 349-3; Decl. of Ligia Castaldi ¶ 3, *id.*; Decl. of Lynne Marie Kohm ¶ 3, *id.*  However, like the journalists, these academics do not specify what supposedly unknown facts have precluded them from writing or publishing.  Nor could they credibly do so.  Dozens of law review articles and other secondary sources have already been published about this case since the Supreme Court's ruling.  In fact, one of Proposed Intervenors, Erika Bachiochi, has already published multiple articles about the case.[11]

### C.    Relevant Procedural History

Proposed intervenors not only have known about this case, they also knew (or should have known) that the Court ordered certain documents sealed.

Whenever a document was filed under seal, a description of the material appeared on this Court's public docket.  Any non-parties with an interest in Act 620 would have been on notice of these sealed materials, and if any had a genuine interest in the sealed material, had an opportunity from that point forward to seek intervention.  All the Proposed Intervenors chose instead to sit on

---

[10] *Women's Health Protection Act of 2019: Hearing on H.R. 2975 Before the H. Subcomm. on Health of the Comm. on Energy & Commerce*, 116th Congress (2019-2020) (Prepared Testimony of Teresa Stanton Collett), available at https://www.congress.gov/116/meeting/house/110504/witnesses/HHRG-116-IF14-Wstate-StantonCollettT-20200212.pdf.  Ms. Collett also gave a speech to the Federalist Society on this case in November 2019. *See Past Events*, The Federalist Society, https://fedsoc.org/past-events?speaker=teresa-collett.

[11] Erika Bachiochi, *What Does Justice Roberts's Ruling Mean for the Pro-Life Cause?*, Ethics & Public Policy Center (July 2, 2020), https://eppc.org/publications/what-does-justice-robertss-ruling-mean-for-the-pro-life-cause/; Erika Bachiochi, *Symposium: The chief justice restores the Casey standard even while undermining women's interests in Louisiana*, SCOTUSblog (June 30, 2020, 11:44 AM), https://www.scotusblog.com/2020/06/symposium-the-chief-justice-restores-the-casey-standard-even-while-undermining-womens-interests-in-louisiana/.

the sidelines, apparently content to let the Defendant carry their flag, while the following case events unfolded:

**The Court entered multiple orders granting pseudonym protection to Louisiana abortion providers.**  First, Drs. Doe 1-4 sought to proceed via pseudonym based on their well-founded concerns for their safety.  ECF No. 4-1 at 2-4; *see also* ECF No. 23 at 7-8.  Defendant opposed, but this Court credited providers' "first-hand information" as well as evidence regarding the "history of violence against abortion providers" in the United States.  ECF No. 24 at 2-3.  Second, when additional doctors joined the case, the Court considered this issue again and granted pseudonym protection to Drs. Doe 5-6.  ECF No. 55.  Third, the Court subsequently found good cause to enter the parties' Stipulated Protective Order, which expressly allowed the Doe physicians to proceed via pseudonym.  ECF No. 59.

**The Court ordered trial procedures to protect abortion providers' identities and the confidentiality of select information.**  This case was tried in open court, but the Doe physicians were permitted to testify behind a screen for their own protection.  The Court also approved the parties' joint request to file portions of testimony and select documents under seal in light of their confidential contents.  *See* ECF Nos. 158, 183.  Even so, this Court's 2016 and 2017 preliminary injunction and final judgment opinions discussed the record extensively and thoroughly detailed the factual basis for the Court's rulings.  *See generally June Med. Servs. v. Kliebert*, 158 F. Supp. 3d 473 (M.D. La. 2016); *June Med. Servs. v. Kliebert*, 250 F. Supp. 3d 27 (M.D. La. 2017).

**The Fifth Circuit permitted material to be maintained under seal on appeal.**  When this Court preliminarily enjoined Act 620, Defendant sought an emergency stay from the Fifth Circuit. The Fifth Circuit's order granting the stay (which the Supreme Court promptly vacated) expressly permitted sealed portions of the record to be maintained under seal.  *June Med. Servs. v. Gee*, 814

F.3d 319, 329 n.19 (5th Cir. 2016).  When the Court later entered final judgment declaring Act 620 unconstitutional, Defendant appealed that ruling.  Defendant represented to the Fifth Circuit that all the "confidential records sealed by the district court are appropriately subject to seal," including "sensitive information that could jeopardize the privacy of the [Plaintiffs'] staff, physicians, patients, and others."  Appellant's Unopposed Mot. File Br. Under Seal at 1-2, *June Med. Servs. v. Gee*, No. 17-30397 (5th Cir. Sept. 6, 2017).  The Fifth Circuit again permitted sealed portions of the record to be maintained under seal on appeal.

***The Fifth Circuit denied Defendant's post-decision motion to unseal the record.***  After the Fifth Circuit reversed this Court's final judgment order, Defendant filed a (public) motion to unseal the sealed portions of the record, including abortion providers' identities.  Appellants' Opposed Mot. to Unseal, *June Med. Servs. v. Gee*, No. 17-30397 (5th Cir. Oct. 22, 2018).  Plaintiffs vigorously opposed.  Appellee's Opp'n to Mot. to Unseal, *June Med. Servs. v. Gee*, No. 17-30397 (5th Cir. Nov. 1, 2018).  And the Fifth Circuit denied Defendant's motion to unseal.  Order, *June Med. Servs. v. Gee*, No. 17-30397 (5th Cir. Jan. 25, 2019).

***The Supreme Court allowed sealed portions of the record to be maintained under seal.*** Because Defendant disputed the sufficiency of the evidence supporting this Court's factual findings, the Joint Appendix submitted to the Supreme Court contained the entirety of the record. The Supreme Court not only allowed this comprehensive submission, but also permitted one volume of the Joint Appendix containing sealed portions of the record to be filed under seal.  *June Med. Servs. v. Gee*, 140 S. Ct. 522 (2019).  The Supreme Court allowed materials to be maintained under seal based upon the parties' representation that they contain "potentially identifying information regarding individual abortion providers in Louisiana" and other confidential information that this Court and the Fifth Circuit afforded confidential treatment.  Mot. for Leave

to File One Volume of the Joint App'x Under Seal, *June Med. Servs. v. Gee*, Nos. 18-1323, 18-1460, (S. Ct. Nov. 6, 2019).

All these events were litigated in open court, under intense public scrutiny, over many years. Yet Proposed Intervenors at no point sought to intervene or challenge the Court's sealing orders.

## ARGUMENT

## I.    PROPOSED INTERVENORS HAVE NO RIGHT TO INTERVENE

Non-parties are only allowed to intervene in an action if they satisfy the requirements of Federal Rule of Civil Procedure 24. Under Rule 24 subsection (a)(2),[12] non-parties can intervene as of right as long as they meet four specific requirements: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987). "If a party seeking to intervene fails to meet any one of those requirements then it cannot intervene as of right." *Id.*; *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### A.    Proposed Intervenors' Motion is Untimely

Proposed Intervenors' motion must be denied because it fails to meet the first requirement for intervention as of right—timeliness. A motion to intervene can be granted only "[o]n timely motion." Fed. R. Civ. P. 24(a); *Sierra Club v. Glickman*, 82 F.3d 106, 109 & n. 1 (5th Cir. 1996)

---

[12] Rule 24(a)(1) allows a non-party to intervene as of right if they are "given an unconditional right to intervene by a federal statute." This subsection is not at issue here, as Proposed Intervenors do not rely on a federal statute in support of their request to intervene.

(timeliness requirement bars intervention applications made too late); *United States v. British Am. Tobacco Austrl. Servs., Ltd.*, 437 F.3d 1235, 1239 (D.C. Cir. 2006) ("timeliness is a prerequisite to any claim for intervention under Rule 24") (citation omitted).  When determining whether a motion to intervene is timely, a court must consider four factors: (1) how long the movants knew or reasonably should have known of their stake in the case into which they seek to intervene; (2) the prejudice, if any, the existing parties may suffer because the movants failed to intervene when they knew or reasonably should have known of their stake in the case; (3) the prejudice, if any, the movants may suffer if the court does not let them intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.  *Kneeland*, 806 F.2d at 1289.  Proposed Intervenors' request fails all four.

### 1.    Proposed Intervenors Have Known—or Reasonably Should Have Known—of Their Interest in the Litigation for Several Years

Proposed Intervenors' claim that they acted "as soon as reasonably possible" in filing this motion is wholly inconsistent with their involvement in this case over the past five years.[13]  ECF No. 349-1 at 6.  Furthermore, Proposed Intervenors' argument ignores the clear language of the first factor for determining timeliness—the length of time the applicants knew or should have known "**of their interest in the case**," *not* the length of time since a party filed a motion affecting that interest.  *Id.*; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) (noting that a motion to intervene was timely because it was filed less than one month "after learning of their interest in the case").  Proposed Intervenors have known, or should have known, for years that they held an interest in this case and have had ample opportunity to intervene, but failed to do so.

---

[13] *See infra* Section B.

This case was filed in August 2014. The parties began filing documents under seal in November of that same year. *See* ECF No. 63. Over the course of two years, the Court sealed various documents containing the Doe physicians' names and other confidential information. Any party tracking the developments of this case—as Proposed Intervenors claim they have—was aware, or should have been aware, as early as November 2014 that this case would include sealed documents and orders issued by this Court to allow that sealing.[14] Furthermore, one of the controlling protective orders (which is publicly available, *see* ECF No. 59) clearly notes that confidential documents shall be maintained confidential "after final disposition of this litigation." ECF No. 59 ¶ 14. Against this backdrop, Proposed Intervenors waited until the very last moment—after the United States Supreme Court heard the case and declared Act 620 unconstitutional—to move to intervene in the sealing of the case records. In fact, the case has been closed on the District Court's docket since April 2017. Proposed Intervenors' motion is at least three years—but closer to five years—too late.

Proposed Intervenors' motion is devoid of *any* explanation for their delay in seeking to intervene. *See Cox v. McCrery*, No. Civ. A.06 2191, 2007 WL 61007, at *1 (W.D. La. Jan. 8, 2007) (finding a motion to intervene untimely because, among other things, the applicant "was certainly aware of the litigation from its inception" and he offered "no explanation for his delay in filing his motion"). This delay is fatal to Proposed Intervenors' motion, as Proposed Intervenors' own actions reveal they were well aware of their stake in this case well before their September 2020 motion to intervene.[15] Any allegation by Proposed Intervenors that they "lacked ample notice

---

[14] At the very least, Proposed Intervenors should have been aware by the end of 2015 that the Court was sealing certain documents and information in this case. A simple search in PACER reveals that at least 30 entries in 2015 were associated with sealing of records in this case.

[15] As discussed in the background section above, the Proposed Intervenors have advocated, reported on or evaluated Act 620 and the developments in this case for many years.

of [their] interest in the lawsuit" is disingenuous at best and must be disregarded.  *See Kneeland*, 806 F.2d at 1289.

> **2.    The Balance of Prejudice Weighs Against Allowing Proposed Intervenors to Intervene at Such a Late Date**

Allowing Proposed Intervenors to intervene in this closed action will prejudice Plaintiffs. As noted above, the District Court closed this case's docket in April 2017, and contrary to Proposed Intervenors' claims, the parties' ongoing attempt to settle the matter of attorney's fees, or any motion that may be filed if those efforts fail, does not make the case a live controversy, as "a claim for attorney's fees is not alone sufficient to preserve a live controversy."[16] *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1538 (2020); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (interest in attorney's fees under federal civil rights statutes is insufficient to create an Article III case or controversy where none exists on merits of underlying claim); *see also Van Alstyne Indep. Sch. Dist. v. Andre S.*, No. 4:09-CV-89, 2010 WL 715560, at *4 (E.D. Tex. Feb. 23, 2010).

Allowing Proposed Intervenors to intervene at such a late date—when they had every opportunity to do so for the over five years the case was pending in federal courts—will prejudice Plaintiffs by upending orders regarding confidentiality that have been in place in this case for years.[17]  *See Cox*, 2007 WL 61007, at *1 (motion to intervene was untimely after case was dismissed for lack of jurisdiction); *see also Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (post-judgment intervention is generally disfavored because it creates delay and prejudice to existing parties).  As Plaintiffs have shown in other papers opposing Defendant's attempt to upend the balance of confidentiality and protective orders that have been in place in this case for years,

---

[16] Plaintiffs note that there is no pending attorney's fee motion or application.

unsealing confidential documents will also have a ripple effect on third-parties and others who have relied on those orders to protect the confidentiality of their information and discovery. *See* ECF No. 355 at 7-9, 15-17; ECF No. 360 at 6-7. Moreover, Proposed Intervenors' attempt to enter the fray at this late date also creates prejudice because it forces Plaintiffs to expend resources engaging in motion practice on a matter that could have been addressed years ago, not after the Supreme Court has already ruled on the constitutionality of Act 620. Bringing this motion at this time does not justify frustrating the finality of a Supreme Court decision that should have ended this case.

Conversely, Proposed Intervenors will suffer little, if any, prejudice if they are not permitted to intervene. Proposed Intervenors base the entirety of their alleged prejudice on the claim that they will suffer prejudice because intervention is the proper method for a nonparty to challenge a confidentiality or sealing order. ECF No. 349-1 at 7. This circular argument misses the mark and would allow any potential intervenor to establish prejudice by simply filing a motion to intervene. Similarly, prejudice to Proposed Intervenors cannot be inferred from the remainder of their argument. The media, including Proposed Intervenors, has already reported extensively on this case.[18] Much of that reporting has taken place since the Supreme Court's decision. Furthermore, as is detailed above, Proposed Intervenors already have access to the vast majority of the record in this case. The case was tried in open court, the transcripts from the trial are publicly available, and the federal court opinions are detailed and include factual citations explaining their decisions. Thus, intervention is not necessary for Proposed Intervenors to report on or evaluate the facts of this case and the decisions rendered by courts, all of which have been the subject of extensive review and reporting by others outside the case since the outset of the proceedings.

---

[18] *See supra* note 6-9, 11.

### 3.    No Unusual Circumstances Exist to Justify Intervention

Proposed Intervenors claim that Defendant's recent action to "clarify the scope of the protective order and to potentially modify the order" constitutes "unusual circumstances"[19] that justify their intervention.  ECF No. 349-1 at 7.  But Proposed Intervenors seemingly fail to understand that Defendant's motion to clarify and/or modify the scope of the protective order does not relate to the records that Proposed Intervenors are seeking to unseal.  Defendant's protective order motion seeks to set aside a document destruction provision for confidential documents that were produced in discovery but never offered in evidence.  (The parties have agreed that record evidence is exempt from the protective order's destruction obligation.)  By contrast, Plaintiffs' motion seeks to maintain under seal documents that were received in evidence and sealed. Defendant's position on the protective order's destruction obligation for non-record material has no bearing whatsoever on the sealing question presented here.

Contrary to their position that "unusual circumstances" exist justifying their intervention, Proposed Intervenors and Defendant are, in fact, aligned with respect to their opposition to the motion to seal.  Defendant—like Proposed Intervenors—does not want the documents to remain sealed, but Proposed Intervenors fail to acknowledge that Defendant filed an opposition to that effect.  ECF No. 350.  That motion requests the unsealing of all of the records at issue in Plaintiffs' motion to maintain sealing; the same relief sought by the Proposed Intervenors.  *Id.*

---

[19] If anything, Proposed Intervenors' motion supports the position taken by Plaintiffs in opposition to the Defendant's motion to modify the operative Protective Order issued by this Court.  Proposed Intervenors acknowledge the "unusual" nature of the Defendant's actions with regard to that motion; they agree that Defendant stipulated to a protective order in November 2014 (ECF No. 349-1 at 7) and that six years later, Defendant moved to "clarify the scope of the protective order and to potentially modify the order."  *Id.*

**B.    Proposed Intervenors' Interest in the Litigation Does Not Justify Their Overbroad Request**

In addition to being untimely, Proposed Intervenors' motion to intervene fails because Proposed Intervenors do not establish that they have a "direct, substantial, [and] legally protectable" substantial interest in any of the records at issue. *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 140 (S.D. Miss. 2010) (A potential intervenor must "have an interest relating to the property or transaction which is the subject of the action."). But Proposed Intervenors do not reference specific documents they need, much less how these documents will further their supposed goal. Instead, Proposed Intervenors include broad, unsubstantiated allegations that the records are "essential" to their work.

For example, Proposed Intervenors allege that the journalism applicants "have a substantial interest in the facts of the case," (ECF No. 349-1 at 8), and the legislator applicants must "know the facts that were relevant to the Supreme Court's fact intensive determination," (*id.* at 9), but they do not explain why with any particularity. Proposed Intervenors do not identify any specific records currently under seal, much less provide a reason for why those records are necessary to even this generalized need. Furthermore, Proposed Intervenors make no effort to explain how they can hold an interest in the identities of the providers or why they need those identities to complete their stated goals.

Proposed Intervenors' supporting declarations are similarly barren of facts supporting a finding of substantial interest. *See* ECF No. 349-3. Rather than identify specific records that they would like unsealed, the declarants make broad claims that the sealing prevents them from completing their work. *See id.* For example:

- Declaration of Legal Academic Erika Bachiochi: Failing to address specific records under seal and instead claiming that "[i]f the record documents remain under seal, *I*

*will be prevented from writing and publishing law review articles to the extent desired*"

(emphasis added);

- Declaration of Legislator Patrick Page Cortez:  Failing to list specific records under

  seal and instead claiming "I will be prevented *from effectively performing my function*

  *as a legislator* for the tasks described in the above paragraph if record documents

  remain under seal" (emphasis added); and

- Declaration of Journalist Ethan Barton:  Declining to reference specific records and

  instead claiming "[i]f the record documents remain under seal, the Daily Caller News

  Foundation will be *prevented from writing and publishing articles to the extent desired*

  and necessary to fully explain the Supreme Court's ruling" (emphasis added).

These broad, unspecified justifications of need do not establish a substantial interest in the disputed

records justifying intervention.[20]   Finding otherwise would essentially render the sealing of

documents meaningless, as any non-party could seek to intervene to challenge the sealing of

documents on the grounds that they simply want to see them.  Proposed Intervenors' bare-bones

claim of substantial interest fails.

As Plaintiffs have argued in their reply brief (ECF No. 360 at 4-5), the public already has

ample access to the record in this case, including the basis for the federal courts' decisions on the

constitutionality of Act. 620.  This case was tried and argued in open court, (ECF No. 190 at 10-

_____

[20] By contrast, cases in this Circuit have allowed the media to intervene to challenge the confidentiality or sealing of a document when the intervenor sought much more focused and limited relief and, more importantly, provided a clear and substantial reason why the unsealing was needed.  *See*, *e.g.*, *Ford v. City of Huntsville*, 242 F.3d 235 (5th Cir. 2001) (allowing a newspaper to intervene to challenge confidentiality of settlement documents); *State Farm Fire and Cas. Co. v. Hood*, 266 F.R.D. 135, 142 (S.D. Miss. Mar. 24, 2010) (allowing the media to intervene to challenge an order sealing a settlement agreement).  Unlike here, the intervenors in these cases did not request, and the courts did not allow, the unsealing of every sealed record in the matter.

11), with publicly available transcripts of proceedings at every level of the federal courts.[21]  *See,* *e.g.*, ECF Nos. 190-195.  The media already provided in-depth coverage of the federal courts' decisions.[22]  As noted above, (*see supra*, notes 6-9, 11), some of that coverage included publications by Proposed Intervenors themselves.  In addition, this District Court, the Fifth Circuit Court of Appeals, and the United States Supreme Court issued detailed, public opinions about whether Act 620 imposes an undue burden, replete with legal and factual citations explaining those decisions.  *June Med. Servs. v. Kliebert*, 250 F. Supp. 3d 27 (M.D. La. 2017), *rev'd June Med. Servs. v. Gee,* 905 F.3d 787 (5th Cir. 2018), *rev'd June Med. Servs. v. Russo*, 140 S. Ct. 2103 (2020).  Those opinions contain only limited reference to material filed under seal, and none expressed even the slightest concern that factual information necessary for the court or the public's understanding of the case had been sealed.  *See* ECF No. 360 at 5 (detailing the limited sealed material the federal courts relied on in issuing their order).

Thus, the history of this case, including the media coverage surrounding its developments, clearly demonstrates that Proposed Intervenors need not intervene to challenge the sealing of a small piece of the record in order for them to report on or evaluate the federal courts' rulings.  *See United States v. Aldawsari*, 683 F.3d 660, 665-66 (5th Cir. 2012) (denying a journalist motion to intervene because "[a]t most, the gag order in this case limited his access to some information

---

[21] Efforts were taken to protect the identity of abortion providers, jointly agreed confidential exhibits, and the identity of a physician employed by a local area hospital who the parties agreed to refer to as "Doctor C."  *See* ECF No. 158.

[22] *See e.g.*, Alexandra Skvokos, *The Supreme Court Hands Down Major Decision Reaffirming Abortion Rights in Supreme Court Case*, ABC NEWS (June 29, 2020, 11:01 AM), https://abcnews.go.com/Politics/supreme-court-hands-major-decision-louisiana-abortion-case/story?id=71254751, Adam Liptak, *Supreme Court Strikes Down Louisiana Abortion Law, with Roberts the Deciding Vote*, N.Y. Times (June 30, 2020), https://www.nytimes.com/2020/06/29/us/supreme-court-abortion-louisiana.html, Anthony Zurcher, *US Top Court Strikes Down Law Limiting Abortions*, BBC (June 29, 2020) https://www.bbc.com/news/world-us-canada-53224443#:~:text=The%20US%20Supreme%20Court%20has,an%20undue%20burden%20on%20women.

about [the] case; he [could] still report on aspects of the case not subject to the gag order, and

nothing in the gag order . . . prevented him from reporting on other newsworthy issues").

### C.   Proposed Intervenors' Ability to Protect Their Interest in the Records Will Not be Impaired by Denying Their Motion to Intervene

Potential intervenors also must demonstrate that the disposition of the case into which they

seek to intervene may impair or impede their ability to protect their interest. *Ford v. City of

Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001). As noted above, (*see supra*, Sections B and C)*,* the

sealing of the subject records has not, and will not, prevent Proposed Intervenors from reporting

on or holding hearings regarding the results of this action. Proposed Intervenors cannot establish

a substantial interest in the motion and records at issue, let alone show that a denial of their motion

to intervene will impair or impede their ability to protect those interests.

### D.   Defendant Adequately Represents Proposed Intervenors' Interests

Proposed Intervenors' request also fails because they have not, and cannot, meet their

burden to show that Defendant does not adequately represent their interests. *See Sierra Club v.

Espy*, 18 F.3d at 1207.[23] Defendant and Proposed Intervenors have the same goal—unsealing the

records at issue in Plaintiffs' motion to maintain sealing. "[W]hen a party seeking to intervene has

the same ultimate objective as a party to the suit, the existing party is presumed to adequately

represent the party seeking to intervene unless that party demonstrates adversity of interest,

---

[23] Proposed Intervenors address the two presumptions of adequate representation applicable in this scenario—one presumption arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit and the other arises when a putative representative is a governmental body charged by law with representing the interests of the intervenor. The first presumption is overcome if the applicant shows adversity of interest, collusion, or nonfeasance and the second presumption is overcome by evidence of differences in interest. *See Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015); *Hopwood*, 21 F.3d at 605 ("where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required"). Plaintiffs address both of these presumptions in the aggregate because they can be disposed of with the same facts.

collusion, or nonfeasance." *Kneeland*, 806 F.2d 1288.  Claims that proposed intervenors have a stronger interest in the litigation, without more, do not justify intervention.  *Id.*

Proposed Intervenors' base their entire claim of inadequate representation on the alleged differences between Proposed Intervenors' request to unseal and Defendant's position in their motion to modify the protective order.  This is clear error.

First, Proposed Intervenors mischaracterize Defendant's motion to modify the protective order.  That motion does not seek the sealing of records (which would conflict with Proposed Intervenor's position), but instead seeks relief from the protective order's document destruction provision (which presumably Proposed Intervenors would support).

Second, Proposed Intervenors fail to acknowledge, let alone address, Defendant's opposition to the motion at issue here—Plaintiffs' motion to maintain sealing.  That opposition is aligned with Proposed Intervenors' request—both Defendant and Proposed Intervenors request the unsealing of the subject records—and shows that Defendant adequately represents Proposed Intervenors' interests.  Indeed, on numerous occasions, Defendant and Proposed Intervenors' very language sound like echoes of each other.  For example:

- In its opposition to the motion to maintain sealing, Defendant alleges that the parties "have never established good cause for protecting any specific document."  ECF No. 350 at 9. Proposed Intervenors likewise allege that Plaintiffs "have not shown good cause for its [sic] remarkably overbroad sealing request."  ECF No. 349-1 at 20.

- Defendant alleges that Plaintiffs "have consciously chosen not to make a showing of any need to maintain documents under seal," ECF No. 350 at 11, while Proposed Intervenors allege that Plaintiffs "consciously chose not to meet [their] burden."  ECF No. 349-1 at 22.

When read side by side, Defendant's opposition to the motion to maintain sealing and Proposed Intervenors' requests to intervene to seek the unsealing of the subject records are virtually interchangeable. Given their overlapping positions, Defendant and Proposed Intervenors share the same objectives and there is a presumption—that has now been proven—that Defendant adequately represents Proposed Intervenors and Proposed Intervenors need not intervene.

In an effort to create a difference of interests where there is none, Proposed Intervenors allege that Defendant would not adequately represent them because Proposed Intervenors plan to use the unsealed records in a different way than the Defendant. ECF No. 349-1 at 11. This argument is a red herring.[24] The issue before the Court is not *how* the parties intend to use the sealed records, but whether they have the "same ultimate objective." *Kneeland*, 806 F.2d at 1289. Similarly, Proposed Intervenors' purported disagreement with the fact that Defendant acknowledged during this case that sealing certain material was appropriate or beyond objection does not establish inadequacy of representation. ECF No. 349-1 at 12. Because Proposed Intervenors and Defendant share the same goal—to unseal the documents so that they can use them—it is presumed that Defendant adequately represents Proposed Intervenors and that presumption cannot be overcome without evidence of adversity of interest, collusion, or nonfeasance. *Id.* Having failed to establish this, Proposed Intervenors' claim of inadequate representation fails.

---

[24] Similarly, Proposed Intervenors' allegation that Defendant does not adequately represent their interests because they oppose sealing on differing grounds is without merit. Proposed Intervenors again mistakenly point to Defendant's motion to modify the protective order. *See* ECF No. 349-1 at 12 ("Defendant opposes sealing for purpose of complying with the Louisiana Public Records Law"). As previously noted, Defendant's motion to modify the protective order does not conflict with Proposed Intervenors' request to unseal.

## II.    PERMISSIVE INTERVENTION SHOULD NOT BE ALLOWED

In addition to providing a mechanism for intervening by right, Rule 24, subsection (b) also allows permissive intervention.  Permissive intervention is "wholly discretionary with the [district] court" and need not be granted "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  *Kneeland*, 806 F.2d at 1289-90 (noting that the Fifth Circuit has never reversed a denial of permissive intervention and that such a decision "by any federal appellate court is so unusual as to be almost unique" (citations omitted)); *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984).  Courts may allow non-parties to permissively intervene when the following facts, similar to those at play under Rule 24(a), are met: (1) timely application to intervene is made; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).  A district court may also consider "whether the intervenors' interests are adequately represented by other parties." *Kneeland*, 806 F.2d at 1289.

As is clear by the discussion of Proposed Intervenors' request to intervene under Rule 24(a), Proposed Intervenors' request for permissive intervention also must fail.  As discussed above, (1) the request is untimely, as Proposed Intervenors have known, or should have known, about their interests in this case for several years; (2) Plaintiffs will suffer prejudice if Proposed Intervenors are permitted to intervene to challenge confidentiality designations made pursuant to orders and actions by this Court that have been in place for several years; (3) Defendant adequately represents Proposed Intervenors' interests with regards to the sealed records, and a common question of law or fact between Proposed Intervenors' request and Defendant's motion to modify

the protective order does not justify permissive intervention in this case, as that common question can be—and was—addressed by Defendant in its opposition to Plaintiffs' motion to maintain sealing.

Proposed Intervenors claim that Plaintiffs had knowledge of a potential challenge to the protective order—based on the actions of the parties in a separate case in 2019—and therefore Plaintiffs cannot allege prejudice in connection with their motion.  ECF No. 349-1 at 15.  Not so. A challenge to a protective order in another case, while the case was active, does not put a party on notice that a third-party will attempt to intervene in a different closed matter to assert an untimely challenge to a sealing order.  Furthermore—and critically—Proposed Intervenors do not cite any law in support of their position that knowledge of a potential challenge prevents a party from suffering prejudice.  As detailed above, Plaintiffs will suffer significant prejudice if Proposed Intervenors' motion is granted.  Permissive intervention is not warranted.

## III.    PROPOSED INTERVENORS' ARGUMENTS IN OPPOSITION TO CONTINUED SEALING LACK MERIT

Proposed Intervenors devote a scant five pages to arguing why Plaintiffs' motion to maintain documents under seal should be denied.  For the most part, these arguments are the same as those Defendant has already made in opposition to the motion, and they should be rejected for the same reasons.  *See* ECF Nos. 344-1, 360 (rebutting Defendant's arguments in opposition to continued sealing).

Like Defendant, Proposed Intervenors claim that Plaintiffs' motion is an "extraordinary request" that would prevent "meaningful reporting and analysis of the issues in this case."  ECF No. 349-1 at 16.  Plaintiffs are in fact following the standard operating procedures prescribed by

General Order 2019-4, and they are seeking to maintain under seal only a small number of documents.

Proposed Intervenors adopt Defendant's fiction that the issue before the Court is whether the documents warranted sealing in the first place and attack Plaintiffs for not completely relitigating the grounds for sealing. ECF No. 349-1 at 20. But the actual issue is whether documents that the Court previously ordered sealed should be maintained under seal. General Order 2019-4 expressly permits continued sealing, provided a party provides the Court with a concise statement explaining why good cause exists. Plaintiffs more than met their burden.

Proposed Intervenors parrot Defendant's inaccurate claim that continued sealing of abortion providers' identities is unwarranted because their status as abortion providers is already known. *See* ECF No. 350 at 17; ECF No. 349-1 at 21-22. As Plaintiffs previously demonstrated to the Fifth Circuit, and again in support of the pending motion, the issue is not whether someone could use public sources to identify an abortion provider in Louisiana. The relevant inquiry is whether public disclosure of abortion providers' involvement in this case could put them at increased risk of violence and harassment. This Court already determined that it would. The rationale and justification for maintaining the privacy of the Doe physicians' identities throughout the litigation has not been diminished by the fact that the case is now concluded.

With respect to other sealed material, Proposed Intervenors follow Defendant's lead and elect not to identify any specific document or fact in the sealed record that has supposedly impaired the public's understanding of the case. Rather, they claim that, because the constitutional test for abortion restrictions is fact-intensive, nothing in this case should ever have been sealed. *See* ECF No. 350 at 15-16; ECF No. 349-1 at 2, 4, 9-10, 16. That is clearly not the law. *See Seals v. Herzing Inc.-New Orleans*, No. 12-30085, 2012 WL 2505546, at *3 (5th Cir. June 29, 2012) (affirming

grant of motion to seal); *see also Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (recognizing that the decision to seal or unseal rests with the discretion of the district court).  And any suggestion that the public's understanding of this case has been impaired is belied by this Court's factual findings, which exhaustively recounted the facts and evidence relied upon to find Act 620 unconstitutional, and the extensive media coverage this case has received.

To the extent Proposed Intervenors' advance arguments Defendants did not, they are equally beside the point.  Relying on First Amendment cases from other Circuits, Proposed Intervenors urge the Court to adopt a "compelling reason" standard for continued sealing.  ECF No. 349-1 at 17.  To be sure, the First Amendment may be implicated by the sealing of certain materials in certain cases.  *See United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017).  But Proposed Intervenors cite no case where the Fifth Circuit has reviewed a district court's sealing order under a compelling interest standard.  The good cause standard embodied by General Order 2019-4 is consistent with Fifth Circuit precedent, which commits sealing decisions to lower courts' discretion based upon balancing the public's interest and a party's need for confidentiality.  *See e.g., Vantage Health Plan,* 913 F.3d at 450; *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  Proposed Intervenors fare no better by pointing to alleged "abuses" of the protective order in another abortion rights case proceeding in this District.  ECF No. 349-1 at 21. Their description of the disputes in that case is inaccurate and incomplete.  In that case, Defendant has made repeat motions to vacate the protective order based upon false claims about the contents of the sealed record, which Judge Jackson has rejected.[25]  *See e.g.,* Ruling and Order,

---

[25] Proposed Intervenors cite to a concurring opinion by Judge Elrod on mandamus from one of Judge Jackson's orders denying Defendant's request to unseal material in that case to permit supplementation of the Supreme Court record in this case.  Judge Elrod's opinion makes clear that she was summarizing Defendant's *position*, not making

*June Med. Servs. v. Russo*, No. 16-cv-444-BAJ-RLB (M.D. La. July 31, 2019), ECF No. 265 ("*June II*").  But in any event, disputes over the sealed record in that case have no bearing on the propriety of the Court's sealing orders here.  Nor do they cast any doubt over Plaintiffs' showing that good cause exists in this case to maintain select material under seal

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny proposed intervenors motion to intervene and grant Plaintiffs' motion to maintain documents under seal.

Date: October 23, 2020.                                    Respectfully Submitted,

*/s/ Charles M. Samuel, III*       */s/ Travis J. Tu*   

Charles M. (Larry) Samuel, III   Travis J. Tu*         Dimitra Doufekias*
La. State Bar No. 11678        CENTER FOR         MORRISON & FOERSTER
RITTENBERG, SAMUEL &     REPRODUCTIVE RIGHTS  LLP
PHILLIPS, LLC            199 Water St., 22nd Floor  2000 Pennsylvania Ave., NW
1539 Jackson Ave., Suite 630  New York, NY 10038    Suite 6000
New Orleans, LA 70130     (917) 637-3627        Washington, DC 20006-1888
(504) 524-5555          tjtu@reprorights.org    (202) 887-1500
samuel@rittenbergsamuel.com                   DDoufekias@mofo.com

*Counsel for Plaintiffs*                           *admitted pro hac vice

---

findings based upon a review of the sealed record.  Order at 6, *In re Gee*, No. 19-30953 (5th Cir. Nov. 27, 2019) (Elrod, J. concurring) (per curiam).  Moreover, after that mandamus proceeding, Defendant advanced the same arguments to the Supreme Court, and the Supreme Court rejected Louisiana's request to unseal.  *See* Cross-Pet'r/Resp't's Mot. to Suppl. the R. and to File Certain Docs. Under Seal, *June Med Servs. v. Gee*, Nos. 18-1323, 18-1460 (S. Ct. Dec. 26, 2019).