UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JUNE MEDICAL SERVICES, LLC,** *et al.*     **CIVIL ACTION**

**NO. 14-525-JWD-RLB**

**VERSUS**

**COURTNEY PHILLIPS, in her official capacity as
Secretary of the Louisiana Department of Health**

**ORDER**

Before the Court are three related motions. First, Defendant filed a Sealed Motion to File Under Seal the St. John Declaration ISO their Opposition to Plaintiffs' Motion to Maintain Documents Under Seal. (R. Doc. 351). No opposition has been filed. Second, the prospective Movant-Intervenors filed a Motion for Leave to file a Reply (R. Doc. 366) along with certain exhibits, and Plaintiffs filed an Emergency Motion to Strike and/or Seal (R. Doc. 367) the proposed Reply, attorney declaration, and certain exhibits contained within that Reply. The Emergency Motion to Strike and/or Seal has been Opposed by Defendant and prospective Movant-Intervenors (R. Docs. 368, 369), and Plaintiffs have filed a Reply (R. Doc. 376).

Turning first to Defendant's request to seal the St. John Declaration ISO their Opposition to Plaintiffs' Motion to Maintain Documents Under Seal, the Court finds good cause to grant said Motion. While Defendant has filed the Motion *pro forma*, asserting its position that filing the documents under seal is not warranted, the Court notes that this litigation has been under certain Protective Orders dating back to August 28, 2014. (R. Docs. 24, 55, 59). Further, the issue of whether to continue to maintain certain identities, documents, and information under seal is currently pending before the Court with Plaintiffs' Motion to Maintain Documents Under Seal. (R. Doc. 344). As the Court has done with past *pro forma* motions to file documents under

C. Samuel
C. Bergeron
E. Murrill
G. Langley

seal in this litigation, Defendant's Motion to Seal will be granted, and the documents will remain under seal at least until the Court has addressed Plaintiffs' underlying Motion to Maintain.

The Court then turns to the prospective Movant-Intervenors' Motion for Leave to File Reply (R. Doc. 366) and Plaintiffs' related Emergency Motion to Strike and/or Seal (R. Doc. 367) the proposed Reply, attorney declaration, and certain exhibits contained therein. Finding good cause to grant Movant-Intervenors' request to file a Reply, the Court also finds good cause to grant Plaintiffs' Emergency Motion and require that the Reply and attorney declaration, along with Exhibits B, C, D to the Motion for Leave be filed under seal unless and until the Court has ruled to allow such information to be subject to public disclosure in the record of this case.

Notably, the documents and information at issue are currently the subject of protective orders in place since August 28, 2014, including pertinent language requiring that the "real names of John Doe 1, M.D., John Doe 2, M.D., John Doe 3, M.D., John Doe 4, M.D., and John Doe 6, M.D., shall be placed under seal." (R. Doc. 59 at 3). Regardless of assertions that certain information is publicly available, or that Plaintiffs' have entered certain documents into the record without redacting all identifying information, protective orders remain in place, and the actions of Movant-Intervenors in failing to file certain information under seal is improper. Those protective orders remain in place unless and until the Court resolves the underlying Motion to Maintain Documents Under Seal.

Certain arguments raised in Opposition to Plaintiffs' Emergency Motion go to the merits of the underlying motion, i.e., whether the documents and information should *remain* under seal going forward, and ignore the *current* reality of the protective orders in place, which subject the information to being placed under seal. The Court is aware of the parties' positions, which are preserved for purposes of resolving the underlying Motion to Maintain Documents Under Seal.

Whether certain identities, documents, and information should remain under seal are more appropriately resolved in the context of the Motion to Maintain, as opposed to an ancillary issue to a request for leave to file a reply.

Further, Movant-Intervenors' suggestion that they are not parties to the litigation, and therefore not subject to the protective orders, is unavailing. To begin, Movant-Intervenors seek to become parties to the litigation for the purpose of opposing Plaintiffs' request to maintain certain documents and information subject to the protective orders under seal. Given that fact, as well as the concerns that supported the protective orders in their initial issuance, to permit "non-parties" to file documents in a litigation while disregarding the protective orders would render those protective orders irrelevant in their entirety, effectively granting Defendants and Movant-Intervenors the relief sought in their Opposition to the underlying Motion to Maintain. Quite simply, counsel knew exactly what they were doing. The Court will not condone an indirect attempt to accomplish a result the Court has not yet ruled on directly and cautions all appearing parties to comply with the protective orders currently in place going forward. Failure to do so may result in sanctions.

Accordingly, based on the foregoing,

**IT IS ORDERED** that the Sealed Motion to File Under Seal the St. John Declaration ISO their Opposition to Plaintiffs' Motion to Maintain Documents Under Seal (R. Doc. 351) filed by Defendant is **GRANTED** and the Clerk shall file the Declaration of Attorney Joseph Scott St. John along with exhibits (R. Doc. 351-3 through 351-26) in the record and **UNDER SEAL**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Reply in Support of Motion to Intervene and Oppose Motion to Maintain Documents Under Seal (R. Doc. 366) filed

by Movants-Intervenors is **GRANTED** and the Clerk shall file the Reply along with exhibits (R. Doc. 366-2 through 366-6) in the record, subject to the order sealing certain exhibits below.

**IT IS FURTHER ORDERED** that the Emergency Motion to Strike and/or Seal Proposed Reply in Support of Intervention and Certain Exhibits (R. Doc. 367) filed by Plaintiffs is **GRANTED**, and as noted above, the Clerk shall file the Reply and attorney declaration, along with Exhibits B, C, and D (R. Docs. 366-2, 366-4, 366-5, and 366-6) **UNDER SEAL** unless and until further order of this Court.

Signed in Baton Rouge, Louisiana, on November 19, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**