## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COURTNEY N. PHILLIPS, in her official capacity as Secretary of the Louisiana Department of Health,<br><br>Defendant. | No. 3:14-CV-00525-JWD-RLB |

**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENORS' MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER, TO CLARIFY OBLIGATIONS UNDER THE ORDER, AND TO EXPEDITE DECISIONS ON PROPOSED INTERVENORS MOTION FOR INTERVENTION AND PLAINTIFFS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

In support of their motion to intervene, Proposed Intervenors disclosed the name of a Louisiana abortion provider, Dr. Doe 2, on the public docket. This unilateral disclosure was a flagrant violation of the Protective Order and other orders entered by this Court granting abortion providers pseudonymous protection. Moreover, because unsealing abortion providers' names is one of Proposed Intervenors' main objectives in seeking intervention, this disclosure was a brazen act of "self-help." Proposed Intervenors took it upon themselves to disclose Dr. Doe 2's name before the Court determined that they were entitled to such relief.

Proposed Intervenors, undeterred in their inappropriate conduct, now ask the Court to review the Magistrate Judge's order. But the Magistrate Judge was within its discretion to seal their improper submission while the Court resolves their underlying motion to intervene and various challenges to the Protective Order. Not only did Proposed Intervenors violate the Protective Order by disclosing Dr. Doe 2's name on the public docket, but the Magistrate Judge

1

found that counsel for Proposed Intervenors knew exactly what they were doing when they made this improper disclosure before obtaining a ruling from this Court that they are entitled to do so. Such conduct, the Magistrate Judge correctly observed, is potentially sanctionable.

Proposed Intervenors have identified no errors in the Magistrate Judge's order sealing their improper submission, let alone clear error warranting reversal. Sealing is necessary to protect sensitive information while the Court addresses the underlying disputes on continued sealing, and the Magistrate Judge's order admonishing Proposed Intervenors not to pull this type of stunt again does not violate their First Amendment rights. Proposed Intervenors' motion should be denied.[1]

## BACKGROUND

### A.    Plaintiffs' Pending Motion to Maintain Documents Under Seal

Currently before the Court is Plaintiffs' motion to maintain a limited set of materials under seal now that this case has ended, including the identities of Louisiana abortion providers who the Court granted pseudonymous protection in order to shield them and their families from violence and harassment. ECF No. 344-1 at 7-10. In opposition to the motion to maintain documents under seal, Defendant has taken positions on the propriety of sealing that directly contradict her position at prior stages of the case. *See* ECF No. 365 at 19-20. For example, Defendant previously stipulated to a Protective Order that deems abortion providers' identities confidential, and Defendant jointly with Plaintiffs proposed trial procedures to shield abortion providers' names and faces from public disclosure. *See* ECF Nos. 58, 158, *June Med. Servs. v. Kliebert*, 250 F.Supp.3d 27, 52 (M.D. La. 2017), *rev'd sub nom June Med. Servs. v. Gee*, 905 F.3d 787 (5th Cir. 2018), *rev'd sub nom June Med. Servs. v. Russo*, 140 S.Ct. 2103 (2020).

---

[1] Plaintiffs are filing this submission publicly because it contains no confidential information, even though Proposed Intervenors chose to file their motion to review and opening brief and exhibits under seal. The order that Proposed Intervenors challenge through their motion to review was filed publicly, as was all the briefing before the Magistrate Judge related to the emergency motion to strike.

In a complete reversal of Defendant's earlier position on motions brought jointly before this Court, Defendant now contends in her opposition to Plaintiffs' motion to maintain documents under seal that *nothing* in the sealed record warrants confidential treatment, including the identities of the "John Doe" physicians.  ECF No. 365 at 9-10, 16-20.

### B.    Proposed Intervenors' Motion to Intervene in Opposition to Plaintiffs Motion to Maintain Material Under Seal

Presumably recognizing that Defendant is handcuffed by her prior positions, Proposed Intervenors filed a motion to intervene for the sole purpose of bolstering Defendant's opposition to Plaintiff's motion to maintain documents under seal.  Proposed Intervenors are a group of legislators, legal academics, and journalists, but they are hardly disinterested bystanders.  Most are publicly committed to anti-abortion views and causes, and many have supported Defendant's erroneous legal position on the constitutionality of Act 620 during this case or even prior to the law's enactment.  ECF No. 365 at 2-6.

Plaintiffs' motion to maintain documents under seal (and Defendant's opposition) are pending before the Court.  Meanwhile, Proposed Intervenors' motion to intervene (and their opposition to Plaintiffs' motion) was referred to the Magistrate Judge.  For the most part, however, Proposed Intervenors merely parrot the same meritless arguments that Defendant has advanced in opposition to Plaintiffs' motion.  *See Id.* at 19-20.  Proposed Intervenors also seek the same ultimate relief as Defendant—namely, public disclosure of the entire sealed record, including Louisiana abortion providers' identities.  *Id.* at 19.

Proposed Intervenors departed from Defendant in one critical respect.  Unlike Defendant, Proposed Intervenors took it upon themselves to publicly disclose the actual name of Dr. Doe 2 in exhibits to their reply submission to the Magistrate Judge in support of intervention.  ECF No. 367-1 at 3, 376 at 2.  Proposed Intervenors' reply also disclosed how they supposedly uncovered

Dr. Doe 2's name. ECF No. 367-1 at 7. Dr. Doe 2 is a named plaintiff, and the Court granted pseudonymous protection to him based upon specific finding of good cause. ECF No. 24 at 3. The Court also permitted Dr. Doe 2 to testify at trial behind a screen for his protection. *See* ECF Nos. 158.

Because Proposed Intervenors' public disclosure of Dr. Doe 2's identity on the docket put him and his family at risk, Plaintiffs immediately contacted counsel for Proposed Intervenors and demanded that their reply submission be withdrawn and refiled under seal. ECF No. 367-1 at 4. Proposed Intervenors refused, forcing Plaintiffs to file an emergency motion to strike and/or seal the reply to reinstate the protections that the Court afforded Dr. Doe 2 and to maintain the status quo while the pending motions—i.e., Plaintiffs' motion to maintain documents under seal, and Proposed Intervenors' motion to intervene in opposition to that motion—are ruled upon. *Id.* at 3-4.

Plaintiffs' emergency motion demonstrated that Proposed Intervenors' disclosure of Dr. Doe 2's name was completely gratuitous, as disclosure of his name is unnecessary for the Court to resolve any of the pending motions. *Id.* at 6 n.4. Plaintiffs further showed that Proposed Intervenors' legal position — that they are exempt from the Protective Order — is contradicted by the Protective Order's plain language, which directs that parties *and* non-parties who make submissions to the docket "shall" place the identities of Louisiana abortion providers under seal. *Id.* at 6. And Plaintiffs pointed out the hypocrisy in Proposed Intervenors' claim that they should be permitted to intervene and reap the benefits of party status while, at the same time, rely on their

4

non-party status to ignore their obligations under the Protective Order and other orders that have governed the case for years.[2]  *Id.*

The Magistrate Judge correctly determined that Proposed Intervenors unilateral disclosure of Dr. Doe 2's name was improper.  ECF No. 377.  By its plain terms, the Protective Order requires that the real names of the Doe physicians, including Dr. Doe 2, be placed under seal, no matter who is seeking to file this information on the docket.  *Id.*  As a result, the Magistrate Judge found that Proposed Intervenors violated the Protective Order by "fail[ing] to file [this] information under seal."  ECF No. 377.  Moreover, because counsel for Proposed Intervenors "knew exactly what they were doing" when they made this unilateral disclosure, the Magistrate Judge accompanied its order sealing Proposed Intervenors' submission with a warning: "The Court will not condone an indirect attempt to accomplish a result the Court has not yet ruled on directly and cautions all appearing parties to comply with the protective orders currently in place going forward."  *Id.*  The Magistrate Judge put Proposed Intervenors on notice that they risk sanctions if they engage in further misconduct before "the Court resolves the underlying Motion to Maintain Documents Under Seal."  *Id.*

Proposed Intervenors now seek to review the Magistrate Judge's order.  Through their motion, they again press forward the mistaken position that they are exempt from the Protective Order.  ECF No. 380-2 at 6.  They also advance a specious argument that holding them to the terms of the Protective Order, even on a temporary basis, constitutes an unlawful prior restraint under the First Amendment.  *Id.* at 7-8.  Additionally, they seek an expedited decision on two outstanding motions, the motion to intervene which is pending before the magistrate judge and the motion to

---

[2] *See Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978) ("intervenor is treated as if he were an original party"); *Moore v. Tangipahoa Parish Sch. Bd.*, 298 F. Supp. 288, 293 n.15 (E.D. La. 1969) (citation omitted) ("One who intervenes in a suit in equity thereby becomes a party to the suit, and is bound by all prior orders and adjudications of fact and law as though he had been a party from the commencement of the suit.").

maintain documents under seal which is pending before this Court.  Several Proposed Intervenors submitted declarations in support of the underlying motion to intervene, and only one – Mr. Krumholz – submitted a second declaration in support of Proposed Intervenors' motion to review. Intervenors' motion, and Mr. Krumholz's declaration, both express a desire to report publicly available information that allows for the identification of Dr. Doe 2, however, neither state that there is an imminent or urgent desire nor that they need to disclose Dr. Doe 2's name in order to report on the proposed intervention or the sealing of particular documents in this case.

## ARGUMENT

Proposed Intervenors' request should be denied for three reasons: (1) the Magistrate Judge properly sealed Proposed Intervenors' submissions that publicly disclosed the identify of Dr. Doe 2 in violation of the Protective Order; (2) neither the Protective Order nor the Magistrate Judge's order creates a prior restraint; and (3) Proposed Intervenors have not demonstrated any urgent circumstances warranting expedited consideration of the pending motion to maintain documents under seal and the pending motion to intervene.

### A.    The Magistrate Judge Did Not Err in Sealing Proposed Intervenors' Improper Submissions

Proposed Intervenors request that this Court to reverse the Magistrate Judge's order, unseal their reply submission, and disclose Dr. Doe 2's name effectively negates the Court's painstaking efforts throughout the life of this case to shield abortion providers' involvement in this case for their own safety.  A non-dispositive order issued by a Magistrate Judge "may only be set aside if it 'is clearly erroneous or contrary to law.'"  *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  Proposed Intervenors' request must be denied because they cannot meet this standard.

Plaintiffs' emergency motion to strike thoroughly refuted Proposed Intervenors' claims that they have no obligation to honor the Protective Order or other orders granting Dr. Doe 2 pseudonymous protection.  Rather than repeat those arguments in detail, which the Magistrate Judge agreed with in full, Plaintiffs refer to their prior briefing and briefly summarize the arguments here.  *See generally* ECF Nos. 367-1, 376 (seeking emergency relief for Proposed Intervenors' improper disclosure of Dr. Doe 2's real name).

First, Proposed Intervenors assert that their reply submission need not be sealed because Dr. Doe 2's name is publicly available.  ECF No. 380 at 3.  It is totally unremarkable that Dr. Doe 2's name—like virtually everyone's name—can be found in some public document (for example, the phone book), but this is beside the point.  Dr. Doe 2's status as a named plaintiff and his involvement *in this case* is not publicly known.  Indeed, the very purpose of this Court's orders has been to shield that fact from public disclosure.  And yet, Proposed Intervenors' submissions improperly revealed those confidential facts.  ECF Nos. 367-1 at 3, 376 at 5.

Second, Proposed Intervenors claim that the exhibits accompanying their reply were publicly filed in other courts.  But filing those documents in this case on the public docket serves no purpose other than to improperly disclose Dr. Doe 2's identity as a named plaintiff.  ECF Nos. 367-1 at 3, 376 at 5.  Proposed Intervenors had other means of making this argument, such as seeking conditional sealing while the underlying dispute remained pending.  *Id.* at 6 n.4, 7.

Third, Proposed Intervenors claim that they are not subject to Protective Order, that the Protective Order is overbroad, and that the Protective Order impairs reporters, legislators, and academics from doing their jobs.  However, in footnote 3 to their brief, Proposed Intervenors concede that these arguments coincide with the arguments they have raised in support of their motion to intervene and in opposition to Plaintiffs' motion to maintain certain materials under seal.

ECF No. 380-1 at 5 n. 3.  Proposed Intervenors only advance these arguments here, they say, in order to preserve that these arguments when the ultimate issue is resolved.  *Id.*

In light of Proposed Intervenors' acknowledgement that resolution of their motion would require the Court to jump the gun, the Court should decline to reach these issues.  The Magistrate Judge's order expressly states that his decision to seal is without prejudice to the parties' positions on the underlying motions.  ECF No. 377.

Proposed Intervenors' premature arguments nonetheless lack merit.  In fact, the Protective Order expressly applies to parties and non-parties seeking to make submissions on the docket. ECF Nos. 367-1 at 6, 376 at 4 n.1.  The scope of the Protective Order is not overbroad but necessary to prevent non-parties from effectively nullifying the order's protections by making disclosures that a party indisputably could not.  *See* ECF No. 376 at 4; *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (recognizing sealing is often necessary or "court files might become a vehicle for an improper purpose").  And, as Plaintiffs have demonstrated in opposition to the pending motion for intervention, Proposed Intervenors have failed to show that they (or the public) have been impaired in understanding this case, or any of its many judicial opinions, because of the protections the Court has afforded Dr. Doe 2 and other abortion providers.  ECF No. 365 at 17.

### A.    Proposed Intervenors Manufacture a First Amendment Issue Where One Does Not Exist

The Magistrate Judge's order was limited—the order merely requires Proposed Intervenors to comply with the Protective Order "unless and until" the Court resolves the motion to intervene and Plaintiffs' motion to maintain material under seal.  Proposed Intervenors acknowledge "their obligation to comply with this Court's order" in the meantime.  But in their very next breath,

8

Proposed Intervenors allege that the order, and "by extension" the Stipulated Protective Order, abridges their First Amendment rights. This is an argument new to this motion for review— Proposed Intervenors did not make a similar claim in their motion to intervene. The Court should not be distracted by this belated argument.

The order and the Stipulated Protective Order do not amount to a prior restraint on the Proposed Intervenors' speech. A prior restraint forbids certain communications in advance of the time that such communications are to occur. But the order at issue here does not preclude the speech that Proposed Intervenors allegedly wish to pursue. According to their brief, one Proposed Intervenor—Mr. Krumholz—wishes to write an article on this case, which will allegedly address protective orders sealing court documents in abortion cases. ECF No. 380 – 3 at ¶ 3. Mr. Krumholz's desire to write such an article conveniently arose just in time for Proposed Intervenors to file this motion. Notably, Mr. Krumholz did not mention it in his earlier declaration submitted in support of intervention. The timing of this article is particularly suspect given Proposed Intervenors' gamesmanship so far in relation to the beyond eleventh-hour maneuvering by Defendant to strip confidentiality protections from documents and information that have been sealed without objection for six years.

Regardless, the Protective Order does not prohibit Mr. Krumholz from publishing on this topic. It merely prohibits him from disclosing Dr. Doe 2's name in connection with this case. Disclosure of Dr. Doe 2's name is unnecessary for the public to understand any of the motions now pending before the Court. Moreover, in his declaration, Mr. Krumholz does not claim

otherwise.  Nowhere in his declaration does he assert a need, or even an intent, to disclose Dr. Doe 2's name.[3]

Proposed Intervenors have not (and cannot) demonstrate a need to publish Dr. Doe 2's name and involvement in this case.  As such, their reliance on First Amendment cases involving prior restraints is misplaced.  *See e.g., Nebraska Press Ass'n v. Stuart* 427 U.S. 539, 544 (1976) (discussing an order issued by the judge that directly restrained the press from publishing information about a criminal trial); *New York Times Co. v. United States*, 403 U.S. 713, 714 (1971) (holding that the government was unable to meet its burden to justify a restraint on publication of a classified study about the Vietnam War).

In addition, the Magistrate Judge's order sealing Proposed Intervenors' submission, and mandating compliance with the Protective Order until the pending motions are decided, was entirely appropriate in light of Proposed Intervenors' unilateral disclosure.  Proposed Intervenors cannot take advantage of a ruling *against them* to seek an advisory opinion from this Court construing the Protective Order in their favor.  Furthermore, an interim order sealing documents pending rulings on related motions is proper and any challenge to the sealing at this time is premature.  *See Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

**B.    Proposed Intervenors Have Not Demonstrated a Need for Expedited Consideration**

To the extent Proposed Intervenors perceive this to be an urgent crisis, it is one entirely of their own making.  Proposed Intervenors did not seek expedited consideration of their motion to

---

[3] Even if Mr. Krumholz had declared an intent to publish Dr. Doe 2's name, Proposed Intervenors are wrong that there is an absolute First Amendment right to do so.  In fact, when the Court granted pseudonym protection to Louisiana abortion providers, the Court weighed the public's right to know abortion providers' identities and the connection to this case against their bona fide safety concerns.  The Court ruled that abortion providers' names can and should be maintained under seal.  *See* ECF Nos. 24, 55, *see also Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. Unit A 1981).

intervene or their opposition to Plaintiffs' motion to maintain material under seal.  The Magistrate Judge's order requiring them to await the Court's resolution of those motions before taking it upon themselves to disclose Dr. Doe 2's name does not entitle Proposed Intervenors to expedited consideration that they never sought originally.

In support of their request to expedite, Proposed Intervenors again rely on Mr. Krumholz's declaration.  But he does not claim a need to disclose Dr. Doe 2's name at all, let alone an urgent need requiring prompt adjudication.  Proposed Intervenors also suggest that this Court should expedite things so it can take a quicker appeal to the Fifth Circuit.  But the fact that Proposed Intervenors are already anticipating that the Court will rule against them underscores the weakness of their position and is not a reason to expedite their motion.

Proposed Intervenors' sense of urgency is questionable given that they delayed years before seeking intervention and raising these issues with the Court. As Plaintiffs demonstrated in their opposition to the motion to intervene, Proposed Intervenors' tardiness in seeking intervention, standing alone, dooms their bid for intervention.  *See* ECF No. 365 at 9-14.  It should likewise doom this request.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Proposed Intervenors' consolidated motion to review, clarify, and expedite consideration.

Dated:  December 14, 2020                    Respectfully submitted,

*/s/ Charles M. Samuel, III*                 */s/ Travis J. Tu*

Charles M. (Larry) Samuel, III       Travis J. Tu*                   Dimitra Doufekias*
La. State Bar No. 11678              CENTER FOR                      MORRISON & FOERSTER
RITTENBERG, SAMUEL &                 REPRODUCTIVE RIGHTS             LLP
PHILLIPS, LLC                        199 Water St., 22nd Floor       2000 Pennsylvania Ave., NW
1539 Jackson Ave., Suite 630         New York, NY 10038              Suite 6000
New Orleans, LA 70130                (917) 637-3627                  Washington, DC 20006-1888
(504) 524-5555                       tjtu@reprorights.org            (202) 887-1500
samuel@rittenbergsamuel.com                                          DDoufekias@mofo.com

*Counsel for Plaintiffs*                                             *admitted pro hac vice*

12