**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JUNE MEDICAL SERVICES, LLC,** *et al.*                  **CIVIL ACTION**

                                                                                      **NO. 14-525-JWD-RLB**

**VERSUS**

**COURTNEY PHILLIPS, in her official capacity as**
**Secretary of the Louisiana Department of Health**

**<u>ORDER</u>**

Before the Court is Plaintiffs' Motion to File Proposed Redactions Pursuant to the

Magistrate Judge's Order (ECF No. 397). (R. Doc. 436). The motion is opposed. (R. Doc. 441).

**I.      Background**

On January 28, 2021, the undersigned issued an Order (R. Doc. 397) on the Motion to

Maintain Documents Under Seal filed by Plaintiffs, June Medical Services, LLC, *et al*. (R. Doc.

344).

In pertinent part, the Order required Plaintiff to submit proposed redactions to Defendant

with respect to 227 documents (R. Docs. 168-4 through 168-11, 197-1 through 197-32, 203-1

through 203-18, 205, 205-1 through 205-9, 237, and 237-1 through 237-158) to the extent

necessary. (R. Doc. 297 at 24-25, 27).[1] The Order required the parties to meet and confer with

respect to Plaintiffs' proposed redactions and, if any disagreements remained, allowed Plaintiffs

to file a motion identifying the parties' disagreements and agreements.

On February 25, 2021, Plaintiffs proposed redactions to 94 documents, stating that they

identified 133 documents that could be unsealed without further redaction. (R. Doc. 437-1 at 2-3;

*see* R. Doc. 436 at 6-7 n.4).

---

[1] Plaintiffs have filed a Motion to Review and Objections to the Magistrate Judge's Order ("Motion to Review"),
which concerns, among other things, redactions to documents not at issue in this motion. (R. Doc. 405).

On March 8, 2021, Defendant objected to the proposed redactions, particularly to the redactions of (1) the Plaintiff physicians' educational and professional backgrounds, (2) the names of deceased Louisiana abortion providers, and (3) malpractice incidents, complications, and licensing actions pertaining to both Plaintiff physicians and non-party healthcare providers. (R. Doc. 437-2 at 2-3). Defendant provided a list identifying their specific objections to Plaintiffs' proposed redactions. (R. Doc. 437-2 at 4-8). In the list, Defendant identified 36 documents to which they had no objection given that the proposed redactions were consistent with the January 28, 2021 Order. (*See* R. Doc. 436 at 7 n.5).

On March 11, 2021, the parties met and conferred with respect to their disputes regarding Plaintiffs' proposed redactions. (*See* R. Doc. 437-3). On March 18, 2021, Plaintiffs agreed to the unsealing of 8 additional documents without further redaction, bringing the total to 141 documents. (R. Doc. 437-3 at 2; *see* R. Doc. 436 at 9 n.7).

On March 25, 2021, Defendant agreed to Plaintiffs' redactions to an additional 6 documents at issue, bringing the total of agreed-upon redactions to 42 documents. (R. Doc. 437-4; *see* R. Doc. 436 at 9 n.7).[2]

The instant motion followed. (R. Doc. 436). Consistent with the parties' communications, Plaintiffs identify 141 documents that the parties have agreed can be unsealed without further redaction. (R. Doc. 436 at 6-7 n.4, 9 n.7). Plaintiffs also identify 42 documents that the parties have agreed can be unsealed with certain redactions proposed by Plaintiffs (R. Doc. 436 at 7 n.5, 9 n.7).

---

[2] Defendant agreed to Plaintiffs' modified redactions to two documents (R. Docs. 94-13 and 104-12) that are included in Plaintiffs' Motion to Review. These documents are not at issue in this motion. Defendant also identified certain redaction errors and asserted their continued disagreement with redactions of the Plaintiff physician's educational and professional backgrounds, the identity of June Medical's owner, and redactions pertaining to a non-party healthcare provider identified as Dr. Doe W. Plaintiffs represent that Defendant raised issues with respect to 5 documents in error because these objections are inconsistent with the body of the letter or were otherwise already addressed by Plaintiffs' revised redactions. (R. Doc. 436 at 10 n.9). In opposing the instant motion, Defendant does not refute this representation.

Plaintiffs identify 35 documents remaining to which the parties have not agreed to further redactions, and argue that their proposed redactions are merited. (R. Doc. 436 at 10-17). Plaintiffs have submitted a chart detailing their proposed redactions to these 35 documents to which Defendant continues to object. (R. Doc. 436-1; *see* R. Doc. 436 at 10 n.11). Plaintiffs also identify 9 documents that they have represent they have redacted in accordance with Defendant's objection pertaining to education and professional backgrounds, including the removal of redactions of "dates associated with Plaintiff Physicians' medical school, internship and residency, and hospital affiliation." (R. Doc. 436 at 10 n.10). Plaintiffs consider these revisions to be "agreed upon," but does not indicated what redactions may remain.

In opposition, Defendant argues that Plaintiffs have not met their burden of establishing that the additional redactions are merited given the appropriate legal standards governing the sealing of judicial documents and the findings of the January 28, 2021 Order. (R. Doc. 441). While Defendant does not specifically object to the revised redactions to the 9 documents discussed above, the Court will include these documents in the category of disputed documents. Defendant clearly disputes the redaction of any education and professional background information, and Plaintiffs have not identified any specific redactions outside of these areas that were made in the revised revisions.

Accordingly, the Court will address whether and to what extent these 44 documents are subject to being unsealed.[3]

---

[3] The chart attached to Defendant's March 25, 2021 letter identifies 46 documents in dispute. (R. Doc. 437-4 at 5-7). Two of the documents are included on the chart in error. Defendant agrees to Plaintiff's modified redactions to the first of these documents (R. Doc. 168-9) in the body of its letter. (R. Doc. 437-4 at 1). Plaintiff had already agreed to the unsealing of the second document (R. Doc. 205-6). (R. Doc. 437-3 at 2). Defendants raise no specific objections regarding these documents in the opposition. The remaining 44 documents on the chart include the 35 documents identified by Plaintiffs as in dispute (R. Doc. 436 at 10 n.11) and the 9 documents with revised redactions that Plaintiff claims are consistent with Defendant's objections (R. Doc. 436 at 10 n.10).

## II.    Law and Analysis

### A.    Legal Standards

As a starting point, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, "the right to inspect and copy judicial records is not absolute," and "[e]very court has supervisory power over its own records and files." *Nixon*, 435 U.S. at 598. *See also Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctro.*, 913 F.3d 443, 450-51 (5th Cir. 2019) ("The decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" (internal citations omitted)). As noted in *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020), "[t]his circuit has not assigned particular weight to the presumption [of public access to judicial records]… Nor has this court interpreted the presumption in favor of access as creating a burden of proof."

Pursuant to General Order 2019-4, thirty days after final disposition of an action, "all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal." As such, the Court's general order puts the onus on the party seeking to maintain such items under seal to make an appropriate showing. This is consistent with similar treatment in our sister districts[4] and also consistent with the Fifth Circuit's admonition that "[i]n

---

[4] *See, e.g.*, *Ruby Slipper Café, LLC v. Belou*, 2020 WL 4897905, at *6 (E.D. La. Jan. 8, 2020); *Select Interior Concepts, Inc. v. Pental*, 2020 WL 2132575, at *3 (N.D. Tex. May 5, 2020); *Bankhead v. Gregg Cty.*, 2013 WL 124114, at *2 (E.D. Tex. Jan. 9, 2013); *Torres-Montalvo v. Keith*, 2011 WL 5023271, at *2 (S.D. Tex. Oct. 17, 2011).

any case, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Bradley*, 954 F.3d at 225 (citing cases).

The balance of considerations that justified the sealing of certain documents and information during the pendency of this litigation is not the same as applied upon final disposition. Thus, it is prudent to re-assess those considerations upon final disposition when a party makes a timely motion requesting continued, essentially permanent sealing of court records from the public eye.

In the January 28, 2021 Order, the Court evaluated the foregoing concerns in finding "good cause to order the identity of Plaintiff physicians to remain sealed," which specifically includes "the actual identity of the Plaintiff physicians by name" and other identifying information that may indirectly lead to their identification, *i.e.*, "SSN, driver's license number, telephone number, residential address, marital status, and any familial relations." (R. Doc. 397 at 17). In so holding, the Court observed that the Plaintiff physicians' identities would add "very little, if anything, to the pool of public information," which includes publicly available judicial decisions providing "the physicians' practice areas, board certifications, age and years in practice, clinic association, clinic practice schedules, types of abortion provided, gestational ages at which abortions provided, approximate daily, weekly, monthly, and yearly abortions performed by number and percentage, summaries of admitting privileges and applications (including excerpts of communications), training, and personal accounts of complications (without patient-identifying information)." (R. Doc. 397 at 16) (citing R. Doc. 274 at 24-28; *June Med. Servs. L.L.C. v. Gee*, 905 F.3d 787, 793-801 (5th Cir. 2018); *June Medical Servs., LLC, et al. v. Russo*, 140 S.Ct. 2103 (2020)). Importantly, the Order provided that "information about the Plaintiff physicians that appears in public decisions as outlined above, **as well as any other**

**similar information**," do not merit remaining sealed in this action. (R. Doc. 397 at 17) (emphasis added).

It is within this context that the Court must now decide whether any of the 227 documents identified in the Order merit additional redactions.

### B.    Documents the Parties Agree to Unseal

The parties do not dispute the unsealing of 141 of the 227 documents at issue without further redactions.[5] Having considered the record, and there being no objection to the unsealing of these documents without further redactions, the Court will order the Clerk's Office to unseal those documents as required under General Order 2019-4.

### C.    Documents the Parties Agree to File Into the Record with Redactions

The parties have agreed to certain additional redactions pertaining to 42 of the 227 documents at issue.[6] The Court has reviewed the redactions proposed by Plaintiff and the parties' agreements with respect to these redactions. The Court finds that the proposed redactions are narrowly tailored to preclude the identification of the Plaintiff physicians and are otherwise consistent with the January 28, 2021 Order. The Court finds good cause for the additional redacted information to remain under seal. Accordingly, the Court will order Plaintiffs to file these documents, as redacted, into the record. The original documents will remain filed under seal.

---

[5] These 141 documents are as follows: R. Docs. 168-11, 197-6, 197-8, 197-10, 197-11, 197-14, 197-18 through 197-22, 197-27, 197-28, 197-30, 197-31, 197-32, 203-1 through 203-8, 203-10, 203-11, 203-13, 203-16, 203-17, 203-18, 205, 205-2, 205-4, 205-5, 205-7, 205-8, 205-9, 237-1, 237-5, 237-7 through 237-10, 237-13, 237-20 through 237-30, 237-36 through 237-40, 237-45, 237-46, 237-51, 237-60 through 237-87, 237-89 through 237-98, 237-108, 237-109, 237-114, 237-116, 237-117, 237-118, 237-125, 237-126, 237-128 through 237-135, 237-137, 237-138, 237-140, 237-141, 237-143 through 237-153, and 237-155 (*see* R. Doc. 436 at 6-7 n.4); and R. Docs. 203-15, 205-6, 237-2, 237-4, 237-6, 237-11, 237-12, and 237-99 (*see* R. Doc. 436 at 9 n.7).

[6] These 42 documents are as follows: R. Docs. 197-4, 197-12, 197-15, 197-23, 197-26, 197-29, 203-9, 203-12, 205-1, 205-3, 237, 237-15, 237-32, 237-34, 237-35, 237-49, 237-50, 237-52, 237-55, 237-58, 237-102, 237-104, 237-111, 237-115, 237-119, 237-120, 237-121, 237-122, 237-123, 237-124, 237-127, 237-136, 237-142, 237-154, 237-157, and 237-158 (*see* R. Doc. 436 at 7 n.5); R. Docs. 168-7, 168-8, 168-9, 203-14, 237-3, and 237-14 (*see* R. Doc. 436 at 9 n.7).

D.    **Documents with Proposed Redactions in Dispute**

Plaintiff's proposed redactions with respect to the remaining 44 of the 227 documents are in dispute.[7] Plaintiffs represent that they "have taken great care to limit their redactions to information about the Plaintiff Physicians that is not already public, or of the kind already made public, even as Plaintiffs have agreed to the State's request to publicly reveal some non-public information, including the names and dates of Plaintiff Physicians' medical school alma maters, internship or residency programs, and hospital affiliations." (R. Doc. 436 at 12). The disputes regarding the remaining documents pertain to Plaintiffs' proposed redactions of (1) Plaintiff physician's professional and educational backgrounds, including medical malpractice actions, and (2) information pertaining to the identity of non-party healthcare providers, including the signature of June Medical's owner, the identity of physician references on admitting privileges applications, and the identity of a non-party abortion provider identified by Plaintiffs as Dr. W.

1.    **Plaintiff Physicians' Professional and Educational Backgrounds**

In the first category of redactions, Plaintiffs seek to redact from the record "other information Plaintiffs believe has never been publicly disclosed about the Plaintiff Physicians and that is not at all similar to the information contained within the public record, such as Plaintiff Physicians' high schools, undergraduate institutions, military service, and details regarding awards and leadership positions in professional organizations." (R. Doc. 436 at 13).

In opposition, Defendant argues that the proposed redactions of Plaintiff physicians' professional and educational backgrounds are inappropriate because their qualifications were a central issue in the merits of this litigation, the Court has already found that similar information

---

[7] These 44 documents are as follows: R. Docs. 168-4, 168-5, 168-6, 168-10, 197-1, 197-2, 197-3, 197-5, 197-7, 197-9, 197-13, 197-16, 197-17, 197-24, 237-16, 237-33, 327-18, 237-41, 237-43, 237-48, 237-53, 237-54, 237-56, 237-57, 237-59, 237-88, 237-100, 237-101, 237-105, 237-106, 237-107, 237-112, 237-113, 237-139, and 237-156 (R. Doc. 436 at 10 n.11); and R. Docs. 197-25, 237-17, 237-19, 237-31, 237-42, 237-44, 237-47, 237-103, and 237-110 (*see* R. Doc. 436 at 10 n.10).

must be unsealed, and much of the information sought to be redacted has been already discussed in testimony in open court. (R. Doc. 441 at 5-9).

The Court has reviewed Plaintiffs' proposed redactions with respect to the Plaintiff physicians' professional and education backgrounds. The proposed redactions include general biographical information, mostly appearing on admitting privilege applications and related documents, such as: high school names and graduation years; undergraduate institution name, location, and dates of attendance; undergraduate degrees; education awards; previous employment not related to abortion practice; class rank; professional affiliations; years of practice, taking boards, and joining provisional organizations; familial status; city of residence; and medical malpractice information. (*See generally* R. Doc. 436-1). Plaintiffs are concerned that the disclosure of such information, as well as docket numbers or other details regarding malpractice actions involving the Plaintiff Physicians, "could easily be used to deduce the Plaintiff Physicians' identities." (R. Doc. 436 at 13).

The Court has acknowledged "that an astute individual would be able to aggregate public information in this litigation to deduce a reasonable or potentially accurate guess as to the identity of one or more of the Plaintiff physicians." (R. Doc. 397 at 15). That an internet sleuth could piece together information to discern the identity of a Plaintiff physician does not, however, necessarily merit the sealing of such information from public view. The Court agrees with Defendant that Plaintiffs' qualifications – including their professional and educational backgrounds – are central to the issues raised in this litigation. Furthermore, similar general biographical information has been publicly revealed in the course of this and similar litigation that the Court has already concluded may not remain under seal. (*See* R. Doc. 397 at 16-17). Notably, Plaintiffs have not identified any unique educational "award" or "leadership position" in professional associations that would lead to the identification of any of the Plaintiff

physicians.[8] Similarly, Plaintiffs have not met their burden of establishing good cause that information with respect to publicly filed medical malpractice documents merit redaction outside of specific areas of identifying information already identified by the Court.

The Court has identified one sub-category of information in Plaintiffs' proposed redactions (*i.e.*, medical license numbers) that are a specific form of information that may indirectly lead to a Plaintiff physician's identification, similar to social security numbers, driver's license numbers, and telephone numbers. It appears that Plaintiffs have proposed redactions to at least two instances where medical license numbers appear in admitting privileges applications. While the Court finds no basis for the general redaction of medical license information, including the states of licensure, any specific medical license numbers that appear in the 35 documents at issue are subject to redaction.

Accordingly, the Court will provide Plaintiffs with the opportunity to redact any medical license numbers from the 35 documents at issue regardless of whether these medical license numbers were previously identified by Plaintiffs. Plaintiffs have not met their burden, however, of establishing good cause for the redaction of any other disputed information with respect to the Plaintiff physicians' professional and education backgrounds.

### 2.    Non-Party Healthcare Providers

In the second category of redactions, Plaintiffs seek to redact from the record information pertaining to non-party healthcare providers, "specifically physicians who served as references for Plaintiff Physicians' admitting privileges applications, the signature of a clinic owner, and Dr. W, who is a living non-party physician who has provided abortion care in Louisiana." (R. Doc. 436 at 14). Plaintiffs argue that this information pertaining to non-party healthcare

---

[8] For example, had Plaintiffs identified a specific medical award or prize that is only awarded to a single individual any given year, then the Court would be inclined to redact the award and the date of its receipt. Plaintiffs provide no such details with respect to any proposed redactions in their motion.

providers should be redacted in light of the January 28, 2021 Order, particularly a section titled "Identity of Plaintiff Physicians and Non-Party Healthcare Providers," which solely detailed what information must remain under seal for the purposes of protecting the identities of the Plaintiff physicians. (R. Doc. 397 at 10-18). To be clear, the Court found "good cause to order the identity of Plaintiff physicians to remain sealed," but made no such finding with respect to non-party healthcare providers. (R. Doc. 397 at 17).

### A.    The Signature of June Medical's Owner

Plaintiffs seek to redact the signature of June Medical's owner and managing member appearing on duplicate copies of the same check. (R. Doc. 436 at 15-16; *see* R. Docs. 197-1 at 3, 237-16). Plaintiffs broadly argue that they "have a strong interest in maintaining the clinic owner's confidentiality" because it raises "recognized safety risks, by publicly associating the clinic owner to this lawsuit for the first time, but also raises additional concerns of fraud and forgery." (R. Doc. 436 at 15). Plaintiffs suggest that the redaction of this individual's signature is consistent with the privacy concerns raised in Rule 5.2(a) of the Federal Rules of Civil Procedure. (R. Doc. 436 at 16 n.14).

In opposition, Defendant represents that this individual's identity is public knowledge, as "the managing member has publicly lobbied Congress on abortion issues, regulatory tweets about abortion rights, and is listed as a donor on the website of the Center for Reproductive Rights." (R. Doc. 441 at 9). While Defendant further represents that the issue of redacting a "signature" was not raised in the meet-and-confer process, Defendant has no dispute to such a redaction so long as it is overlaid with the individual's name. (R. Doc. 441 at 10).

The Court finds that the inclusion of this signature on a financial instrument in the record raises significant concerns regarding fraud and forgery, and that the redaction of this signature is consistent with the privacy concerns raised in Rule 5.2.  Defendant has not presented any

argument that the signature of this individual on this check has any relevance. There is no reason to doubt the validity of the check. The public interest in this signature is non-existent. Regardless of whether this individual's name appears somewhere else in the record, and with no finding that this individual's identity should be shielded from disclosure, the Court will allow for the redaction of these two signatures in light of the fact that they are signatures on financial instruments. The addition of any overlaid name is not required.

### B.    The Identity of Referring Physicians and Dr. W

Plaintiffs also seek to redact the identities of physicians who served as references on Plaintiff Physicians' admitting privileges applications and a living non-party abortion provider identified as Dr. W. Plaintiff suggests that general concerns for the safety and well-being of these individuals merits a finding that their identities should be redacted in this action.

Again, the Court made no specific finding that the identities of non-party healthcare providers merit being filed under seal in this action. Plaintiffs have not identified any specific potential threats or harassment that these individuals, who did not seek any relief in this lawsuit, may face if their identities are unsealed in this action. Plaintiffs have also not identified how the identities of these non-party healthcare providers would lead to the identification of Plaintiff physicians.

With respect to Dr. W, his identity as an abortion provider is well-known and publicly accessible, and the documents sought to be redacted include a public consent order issued by the Louisiana State Board of Medical Examiners. (*See* R. Doc. 197-13 at 15-22, R. Doc. 237-105 at 15-22). The Court finds no basis for redacting this individual's identity in the documents filed into the record of this lawsuit.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Clerk of Court unseal the following 141 documents: R. Docs. 168-11, 197-6, 197-8, 197-10, 197-11, 197-14, 197-18 through 197-22, 197-27, 197-28, 197-30, 197-31, 197-32, 203-1 through 203-8, 203-10, 203-11, 203-13, 203-16, 203-17, 203-18, 205, 205-2, 205-4, 205-5, 205-7, 205-8, 205-9, 237-1, 237-5, 237-7 through 237-10, 237-13, 237-20 through 237-30, 237-36 through 237-40, 237-45, 237-46, 237-51, 237-60 through 237-87, 237-89 through 237-98, 237-108, 237-109, 237-114, 237-116, 237-117, 237-118, 237-125, 237-126, 237-128 through 237-135, 237-137, 237-138, 237-140, 237-141, 237-143 through 237-153, and 237-155 (*see* R. Doc. 436 at 6-7 n.4); and R. Docs. 203-15, 205-6, 237-2, 237-4, 237-6, 237-11, 237-12, and 237-99 (*see* R. Doc. 436 at 9 n.7).

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this Order, Plaintiffs shall file a document into the record attaching the redacted versions of the following 42 documents as individual exhibits: R. Docs. 197-4, 197-12, 197-15, 197-23, 197-26, 197-29, 203-9, 203-12, 205-1, 205-3, 237, 237-15, 237-32, 237-34, 237-35, 237-49, 237-50, 237-52, 237-55, 237-58, 237-102, 237-104, 237-111, 237-115, 237-119, 237-120, 237-121, 237-122, 237-123, 237-124, 237-127, 237-136, 237-142, 237-154, 237-157, and 237-158 (*see* R. Doc. 436 at 7 n.5); R. Docs. 168-7, 168-8, 168-9, 203-14, 237-3, and 237-14 (*see* R. Doc. 436 at 9 n.7). The filing must provide a chart identifying the correlation between the individually filed exhibits (*i.e.*, the revised redacted versions of the documents) and the original filings in the record, which will remain under seal.

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this Order, Plaintiffs shall file a document into the record attaching the redacted version of any of the following 44 documents that require redaction of medical license numbers or the signature of June Medical's

owner: R. Docs. 168-4, 168-5, 168-6, 168-10, 197-1, 197-2, 197-3, 197-5, 197-7, 197-9, 197-13, 197-16, 197-17, 197-24, 237-16, 237-33, 327-18, 237-41, 237-43, 237-48, 237-53, 237-54, 237-56, 237-57, 237-59, 237-88, 237-100, 237-101, 237-105, 237-106, 237-107, 237-112, 237-113, 237-139, and 237-156 (R. Doc. 436 at 10 n.11); and R. Docs. 197-25, 237-17, 237-19, 237-31, 237-42, 237-44, 237-47, 237-103, and 237-110 (*see* R. Doc. 436 at 10 n.10). The filing must provide a chart identifying the correlation between the individually filed exhibits (*i.e.*, the revised redacted versions of the documents) and the original filings in the record, which will remain under seal. The Court will then issue an appropriate order unsealing the remainder of the foregoing documents.

Signed in Baton Rouge, Louisiana, on May 13, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**