## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, *et al.*,

   Plaintiffs,

     *v.*

COURTNEY PHILLIPS, in her official capacity as Secretary of the Louisiana Department of Health, *et al.*,

   Defendants.

No. 3:14-cv-00525-JWD-RLB

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REVIEW MAGISTRATE JUDGE'S ORDERS

In May 2021, Plaintiffs filed a naked objection "to at least part of" a magistrate judge's order denying their proposed redactions, then moved to "hold any review or implementation of [that] Order" pending the outcome of the appeal in *June Medical Services LLC v. Phillips*, No. 21-30001 (5th Cir.) ("*June II*"). The Fifth Circuit has now issued its opinion in that case. 22 F.4th 512 (5th Cir. 2022). The magistrate judge accordingly denied Plaintiffs' motion to hold review as moot. Order (Dkt. 469). Yet Plaintiffs now submit a more fulsome Motion to Review (Dkt. 471) without ever mentioning the *June II* opinion which they originally believed should delay review. That is undoubtedly because *June II* "does not … support a conclusion that the order unsealing . . . information was improper," Order (Dkt. 469) at 2, and actually indicates the opposite. But the Court does not need to reach the merits. Plaintiffs' Motion for Review is untimely, and it seeks to relitigate an unappealed portion of a prior order by the magistrate judge. Regardless, the magistrate judge committed no legal error or abuse of discretion. His order should therefore be affirmed.

## BACKGROUND

Following entry of judgment by the United States Supreme Court, Plaintiffs moved to maintain virtually the entire record under seal pursuant to General Order 2019-4. Mot. (Dkt. 344). Plaintiffs submitted no evidence to support their motion. Plaintiffs instead relied on two internet links: one to a media report of claims by an organization advocating for abortion, and one to a misleading report by another activist organization. Mem. (Dkt. 344-1) at 8. Plaintiffs then attached a table listing vast swaths of judicial records they sought to keep sealed based on unelaborated, bald assertions of confidentiality. Exh. (Dkt. 344-3). The Secretary opposed. Opp. (Dkt. 350).

Reviewing the record, the magistrate judge found that at least some of the Plaintiff doctors are publicly known as abortion providers, but he nevertheless ordered that the identities of the Plaintiff physicians remain sealed. Order (Dkt. 397) at 17. In doing so, the magistrate judge expressly relied on Plaintiffs' argument that sealing of their identities was warranted by their status as plaintiffs in this case. *Id.* at 11 n.5, 13-14. The magistrate judge then permitted Plaintiffs to review the record and propose redaction of certain information that would directly identify the plaintiff doctors. *Id.* at 17-18, 23-25. At the same stroke, the magistrate judge rejected Plaintiffs' contention that other types of information should be sealed in perpetuity, holding that Plaintiffs failed to meet their burden to keep that information sealed. *Id.* at 18-22. Indeed, the magistrate judge noted that Plaintiffs sought to seal documents they had publicly filed elsewhere in the record, as well as briefs that "contain no confidential information, do not identify the Plaintiff physicians, and are often purely legal argument." *Id.* at 20. The magistrate judge then found that Plaintiffs' ill-founded request "reflect[ed] a lack of diligence . . . and an abuse of this process." *Id.* Plaintiffs sought review of that order only "with respect to intervention and the unsealing of [six] documents." Mot. (Dkt. 405). On May 27, the district judge affirmed the magistrate with the

2

exception of two documents that the district judge ordered redacted, and a third document the magistrate judge apparently ordered unsealed based on "a simple oversight." Order (Dkt. 451) at 3-4.

With respect to his instruction that Plaintiffs propose redactions, the magistrate judge emphasized he "[did] not expect that many, if any additional redactions may be necessary." Order (Dkt. 397) at 24. Notwithstanding that clear instruction and Plaintiffs' failure to seek review of the scope of redactions, Plaintiffs proposed a vast number of redactions. Among Plaintiffs' proposed redactions were the address of a long-closed abortion clinic, the names of *deceased* abortion providers (sometimes identified as such in the documents proposed for redaction), and information about Plaintiffs' professional background identical to their testimony in open court. *See* Dkt. 437-2 at ECF pp.2-4; Dkt. 437-4 at ECF pp.2-3. The Secretary acceded to redaction of "identifying information about Plaintiff Physicians explicitly listed in the [magistrate judge's] order," *i.e.*, names, addresses, and family information, as well as obviously identifying information like birth dates and license numbers. Mot. (Dkt. 436) at 7 n.5. But the Secretary opposed Plaintiffs' contention that information related to the Plaintiffs' qualifications and their good faith in applying for privileges was subject to redaction: Such information was core to the Secretary's arguments before the Fifth Circuit and the Supreme Court; such that those parts of the record clearly fall within the public's right of access. Mem. (Dkt. 441). It also fell outside the scope of redactions the magistrate judge authorized. The Secretary also opposed Plaintiffs' contention that publicly available documents – including LSBME disciplinary orders – about *other* physicians were subject to redaction. Plaintiffs thereafter moved to file redactions to which the Secretary acceded and for the magistrate judge to resolve whether 35 other documents could be redacted. Mot. (Dkt. 436).

In an Order issued May 13, 2021, the magistrate judge largely rejected Plaintiffs' arguments for additional redactions. Order (Dkt. 445). With the exception of medical license numbers, the magistrate judge again noted that Plaintiffs had not met their burden "of establishing good cause for redacting any other disputed information with respect to the Plaintiff physicians' professional and educational backgrounds." *Id.* at 9. He reiterated that sealing and redaction are not warranted just because "an internet sleuth could piece together information to discern the identity of a Plaintiff physician," particularly given "that Plaintiffs' qualifications — are central to the issues raised in this litigation" and "similar general biographical information has been publicly revealed[.]" *Id.* at 8. The magistrate judge further rejected Plaintiffs' suggestion that "general concerns" regarding other physicians were sufficient to permit redactions. *Id.* The magistrate judge explained:

> [T]he Court made no specific finding that the identities of non-party healthcare providers merit being filed under seal in this action. Plaintiffs have not identified any specific potential threats or harassment that these individuals, who did not seek any relief in this lawsuit, may face if their identities are unsealed in this action. Plaintiffs have also not identified how the identities of these non-party healthcare providers would lead to the identification of Plaintiff physicians.
>
> With respect to Dr. W, his identity as an abortion provider is well-known and publicly accessible, and the documents sought to be redacted include a public consent order issued by the Louisiana State Board of Medical Examiners. (See R. Doc. 197-13 at 15-22, R. Doc. 237-105 at 15-22). The Court finds no basis for redacting this individual's identity in the documents filed into the record of this lawsuit.

*Id.* at 11.[1]

Plaintiffs then sought to hold this matter in abeyance pending the outcome of an appeal in *June II. See* Mem. (Dkt. 459-1) at 1. Plaintiffs made that unusual request nearly seven weeks after

---

[1] Plaintiffs did not dispute that Dr. Doe W was the subject of extensive press coverage for his violation of a similar LSBME order. *See* Dkt. 437-4 at ECF p.4.

the Secretary's *June II* brief was filed and served on them, and without any explanation of how that appeal might impact this case. Neither the district judge nor the magistrate judge issued a ruling on Plaintiffs' request for abeyance, and Plaintiffs failed to file any substantive objections to the magistrate judge's May 13, 2021 Order. After the Fifth Circuit released its decision in *June II*, the magistrate judge noted that "[i]t does not appear that the [*June II*] opinion supports a conclusion that the order unsealing certain information was improper. Accordingly, that order stands as written." Order (Dkt. 469) at 2. The magistrate judge therefore denied as moot the request to hold the matter in abeyance. *Id.* Noting the Secretary's prior objection to timeliness of any late-filed objection, the magistrate judge took "no position as to whether and to what extent the district judge should consider a [motion or objection] or whether it is proper under Rule 72." *Id.* at 2 (citing Dkt. 462). Plaintiffs now move to review the magistrate judge's Orders from both May of 2021 and January of 2022, arguing that this Court should "order that Plaintiffs may redact" the names and contact information of "five non-party healthcare providers who served as physician references on Plaintiffs' applications for admitting privileges." Defendants oppose.

## STANDARD OF REVIEW

"A party may serve and file objections to [a magistrate judge's nondispositive] order within 14 days after being served with a copy" of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "For issues that are committed by law to a judge's discretion . . . the magistrate's rulings are reviewed for abuse of discretion." *Energy Intel. Grp. v. Canal Barge Co.*, 2014 WL 201698, at *1 (E.D. La. Jan. 17, 2014). Objections must be specific and detailed to trigger district court review. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled in part on other grounds*,

*Douglass v. USAA*, 79 F.3d 1415 (5th Cir. 1996) (en banc) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). "A party may not assign as error a defect in the [magistrate judge's] order not timely objected to." Fed. R. Civ. P. 72(a).

## ARGUMENT

### I.    PLAINTIFFS' MOTION FOR REVIEW IS UNTIMELY.

Objections to a magistrate judge's order in a nondispositive ruling are due 14 days after a party is served with the order. Fed. R. Civ. P. 72(a). "When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory comm. note (1983) (quoted in *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C> 636(b)(1))). In short, failure to timely object is not jurisdictional, but it presumptively results in waiver.

Applied here, Plaintiffs did not file any timely objections to the magistrate judge's May 13, 2021 Order (Dkt. 445). Fourteen days after that Order, Plaintiffs simply filed a motion to "hold" review or implementation of the Order, pending the outcome of a separate Fifth Circuit case. (Dkt. 459). Filing a motion to hold—a motion which was not ruled on until months later—does not in itself toll the 14-day time limit. And as the Secretary argued in her Opposition, Mem. Plaintiffs' motion to hold pointed to no basis for the Court to set aside any part of the magistrate judge's order. Rather, it included only a vague and unsupported objection to "at least part of the Order." Mem. (Dkt. 459-1) at 1. Plaintiffs have therefore waived any objections to the magistrate judge's Order (Dkt. 445) unless they can point to "plain error on the face of the record," a standard which

their Memorandum (Dkt. 471-1) does not even mention or attempt to meet. In any case, as explained below, there was no error—plain or otherwise—in the magistrate judge's Order. [2]

## II.    PLAINTIFFS PROVIDE NO BASIS FOR THE DISTRICT COURT TO DO ANYTHING BUT AFFIRM THE MAGISTRATE JUDGE.

Even if the Plaintiffs' motion for review is considered timely, Plaintiffs have not met their burden to overcome the deferential "abuse of discretion" standard. *See Energy Intel. Grp. v. Canal Barge Co.*, 2014 WL 201698, at *1 (E.D. La. Jan. 17, 2014). That is particularly true given that the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record, *June II*, 22 F.4th at 519-20, and that Plaintiffs are seeking to relitigate portions of an earlier order they did not seek to have reviewed.

"Judicial records belong to the American people; they are public, not private, documents." *Id.* at 519 (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)). "The public's right of access to judicial records is a fundamental element of the rule of law." *Id.* (quoting *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). "This right 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id.* (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019), itself quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). "'The rationale for public access is even greater' where, as here, the case 'involves matters

---

[2] Although Plaintiffs' Motion for review, by its caption, also challenged the magistrate judge's order denying their request for an abeyance (Dkt. 469), nothing in their supporting Memorandum of Law (Dkt. 471-1) addresses that Order or explains why it was incorrect. Given that Plaintiffs have the burden of establishing that the magistrate judge's order was "clearly erroneous [or] contrary to law" in order to challenge it, they have failed to even properly attempt to challenge the later Order. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

of particularly public interest.'" *Id.* at 520 (quoting *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020)).

Applying these standards now, the magistrate judge correctly that Plaintiffs do not maintain a strong interest in the confidentiality of the names and contact information of the non-party physicians Plaintiffs now seek to keep under seal. Plaintiffs concede that their evidence merely establishes the "potential for harassment," and that *some* abortion providers may have been harassed at some point in the past. Mem. (Dkt. 471-1) at 5. But, contrary to Plaintiffs' suggestion, "general concerns for . . . safety and wellbeing" do not justify sealing of court records. *See June II*, 22 F.4th at 520 n.5. Although abortion is controversial, abortion doctors routinely litigate under their own names; the Fifth Circuit has made clear that a generalized allegation of threat or danger based on the controversy of their practices is not sufficient to justify concealing their identities. *See id.* Even in this case, Doe 1, Doe 2, and Doe 4 pointed only to protesters and harassment of other, unspecified abortion providers to support their claim for pseudonynms. Apparently none of those declarants have been harassed etc., despite many years of practice in Louisiana. *Compare* Doe 1 Decl. (Dkt. 4-3) *and* Doe 2 Decl. (Dkt. 4-4) *and* Doe 4 Decl. (Dkt. 4-6) *with Whole Woman's Health v. Paxton*, 2017 WL 11606683, at *1-2 (W.D. Tex. Aug. 15, 2017) (Yaekel, J., denying pseudonym based on essentially identical declaration). Merely being *associated* with Plaintiffs certainly does not meet the high standard for sealing.[3]

---

[3] At least one of the individuals whose names Plaintiffs seek to keep sealed is publicly known as an abortion provider associated with Plaintiffs as the amicus briefing in the Supreme Court makes clear. As a matter of law, public knowledge of that fact precludes sealing his name on that basis. *See June II*, 22 F. 4th at 520 ("Publicly available information cannot be sealed."). The Court has previously indicated briefing should be public. Defendant will provide supporting materials under seal if requested to do so.

Here, each of the doctor-Plaintiffs sought protection on the basis that he is "concerned that, if I become identified as a public advocate for abortion rights, I, along with those who are close to me, will be subjected to harassment, intimidation, or violence." Doe 1 Decl. (Dkt. 4-3) at ¶ 5; Doe 2 Decl. (Dkt. 4-4) at ¶ 5. Indeed, when the Secretary noted that at least Doe 2 is well-known and can be identified as an abortion provider from the internet, Plaintiffs emphasized the distinction between being known as an abortion provider and being identified as a Plaintiff. The magistrate judge then relied on that distinction in finding continuing support for anonymity, Order (Dkt. 397) at 11 n.5, notwithstanding, e.g., Doe 2's admission that "you can find out from the internet that [he does] abortions," St. John Public Decl. Exh. 103 (Dkt. 352-3) at 125:19-126:13, 358:7-20. Plaintiffs did not appeal that part of the magistrate judge's order, although other parts of the order were reviewed by the district court judge. Order (Dkt. 451).

What remained was the mechanical implementation of redactions in accordance with the unappealed portion of the magistrate judge's order. Plaintiffs instead sought to relitigate that order. The magistrate judge explained that "Plaintiffs have not identified any specific threats or harassment that these [non-party healthcare providers] . . . may face if their identities are unsealed," the Court found grounds "to order the identity of Plaintiff physicians to remain sealed but made no such finding with respect to non-party healthcare providers," and Plaintiffs still pointed only to "general concerns" for safety. Order (Dkt. 445) at 11. Plaintiffs do not dispute the magistrate judge's findings. And Plaintiffs contention that they "need not catalog safety concerns against each physician to justify . . . confidentiality," Mem. (Dkt. 471-1) at 5, was squarely rejected by the Fifth Circuit in *June II.* 22 F. 4th at 520. To the contrary, "the extent of sealing" must be "congruent to the need." *Id.* at 521 (quoting *Le*, 990 F.3d at 420). Viewed differently, Plaintiffs relied on their status as Plaintiffs to justify sealing in the face of public knowledge of their identities as abortion

providers. Plaintiffs should not be permitted to "play fast and loose" with the Court and change their justification for sealing "based on the exigencies of the moment." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).[4]

## III.    THE PUBLIC INTEREST WEIGHS AGAINST SEALING.

Setting aside that Plaintiffs bear the burden of justifying sealing, Plaintiffs are wrong to suggest the information they seek to redact is not of substantial public interest. Mem. (Dkt. 471-1) at 6. The dissenting Supreme Court justices urged that "admitting privileges can serve the function of providing an evaluation mechanism for physician competency." *June Med. Servs. v. Russo*, 140 S. Ct. 2103, 2156 (2020). The dissenting justices also questioned the Plaintiffs' "good faith" in seeking privileges, and they concluded "the evidence in the record fails to show that the doctors made anything more than perfunctory efforts to obtain privileges." *Id.* That certain Plaintiffs were apparently only able to obtain references from their abortion-provider partners—at least three of whom have significant public disciplinary or malpractice histories—raises serious doubt as to Plaintiffs' competency and good faith. It also suggests the admitting privileges requirement was performing the function the legislature intended. Indeed, such weak references provide a ready explanation as to why Plaintiffs' may have been less-than-successful in their quest for privileges. Yet the identity of those references (and the information readily derivable from those identities) is exactly what Plaintiffs seek to keep sealed. No doubt the Court may disagree with the preceding

---

[4] The limited evidence Plaintiffs do point to consists of hearsay by a friendly attorney that, e.g., some businesses decline to do business with abortion providers. That is neither harassment nor violence, but merely citizens exercising their right to decline to deal with businesses with which they disagree. Indeed, it is protected First Amendment conduct. *See NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 910 (1982).

logic. But such disagreement—and such an even split among learned jurists at all levels of the judiciary in a fact-intensive case—is precisely why the public should be able to review the record.[5]

## **CONCLUSION**

Courts do not decree the truth. Rather, proceedings must occur in the open so that "each citizen who chooses to attend or read about the proceedings may evaluate the case on his or her own." *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978); *see also United States v. Holy Land Found.*, 624 F.3d 685, 690 (5th Cir. 2010). Plaintiffs' motion for review should be denied in full, and Plaintiffs should be ordered to file forthwith all remaining documents without redaction.

Dated: February 4, 2022

Respectfully submitted,

JEFF LANDRY
  LOUISIANA ATTORNEY GENERAL

/s/ Joseph S. St. John
Elizabeth B. Murrill
  Solicitor General
Joseph Scott St. John
  Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for Defendant*

---

[5] The plaintiffs' allegation that the State conceded on the question of revealing these doctors' identities is false. *See* Mem. (Dkt.471-1) at 6. The State previously stated that it was "concerned" about the sealing of information concerning "physicians who may have formerly performed abortions," but it was willing not to press the point. Dkt. 437-4 at 3. The State did not concede that there was no public interest in the identities of doctors who have officially, on applications, vouched for the (disputed) competence of the plaintiff doctors in this case. And in any event, given the interest of the public in open court proceedings, a party cannot simply consent to sealing. *See Le*, 990 F.3d at 417 (also contrasting the more lenient test for protective orders at the discovery stage with the strict standard for sealing judicial records)