# Exhibit 1

*June Medical Services, LLC et al. v. Phillips et al.*, No. 14-CIV-525-JWD-RLB;
Settlement and Release Agreement

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and executed by and between Plaintiffs and Defendant in the lawsuit styled *June Medical Services, LLC et al. v. Phillips et al.*, No. 14-CIV-525-JWD-RLB (the "Litigation"), in the United States District Court for the Middle District of Louisiana (the "District Court"), the U.S. Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), and the U.S. Supreme Court. Plaintiffs and Defendant in the above-mentioned Litigation will be referred to collectively as the "Parties." In order to dispose of all of Plaintiffs' claims for attorneys' fees, expenses, and costs, that were brought, could have been brought, or could be brought in the future in this Litigation, the Parties agree and state as follows to resolve the matters described herein:

1. **Recitals:**

**WHEREAS** on August 22, 2014, Plaintiffs June Medical Services, LLC, et al, filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1) challenging the constitutionality of Act 620, Louisiana H.B. 388, 2014 Leg. Regular Session (La. 2014);

**WHEREAS** on January 26, 2016, the District Court entered a preliminary injunction, *June Med. Servs. v. Kliebert*, 158 F. Supp. 3d 473 (M.D. La. 2016), and denied a stay pending appeal, *June Med. Servs. v. Kliebert*, No. 3:14-525-JWD-RLB, 2016 WL 617444 (M.D. La. Feb. 16, 2016). The Fifth Circuit stayed the District Court's injunction pending appeal, *June Med. Servs. v. Gee*, 814 F.3d 319 (5th Cir. 2016), which the U.S. Supreme Court then vacated, *June Med. Servs. v. Gee*, 136 S. Ct. 1354 (2016);

**WHEREAS** on April 26, 2017, the District Court entered judgment in favor of Plaintiffs and permanently enjoined Act 620, *see June Med. Servs. v. Kliebert*, 250 F. Supp 3d 27 (M.D.La. 2017), which the U.S. Fifth Circuit reversed, *June Med. Servs. v. Gee*, 905 F. 3d 787 (5th Cir.

*June Medical Services, LLC et al. v. Phillips et al.*, No. 14-CIV-525-JWD-RLB;
Settlement and Release Agreement

2018). After the U.S. Supreme Court granted Plaintiffs' request to stay the Fifth Circuit's judgment, *June Med. Servs. v. Gee*, 586 U.S. ___ (2019), the U.S. Supreme Court granted Plaintiffs' petition for certiorari addressing the merits of the Fifth Circuit's decision, and the Defendant's cross-petition challenging the Plaintiffs' standing. The U.S. Supreme Court held that Plaintiffs had standing, and then reversed the Fifth Circuit, declaring Act 620 unconstitutional and permanently enjoined it. *June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103 (2020);

**WHEREAS** from August 2020 until February 2021, the Parties engaged in a series of settlement discussions regarding the outstanding motions in this Litigation, including attorneys' fees, expenses, and costs;

**WHEREAS** on March 22, 2021, Plaintiffs filed a renewed petition for attorneys' fees under 28 U.S.C. § 1988 seeking a total of $8,407,418.83 and $246,929.35 for expenses incurred until the Litigation's administrative closure in August 2020. (ECF No. 418). Plaintiffs, in their reply, conceded $505,207.88 from their initial fee demand, and revised their ask to a total award of $7,902,210.95 for attorneys' fees and $246,929.35 for expenses prior to the case's administrative closures in August 2020. Plaintiffs further requested $727,834.25 for fees incurred since August 2020. (ECF Nos. 446; 450-1);

**WHEREAS** on March 22, 2021, Plaintiffs filed a Bill of Costs (ECF No. 430), seeking a total of $90,141.01 in costs. The Bill of Costs filed on March 22, 2021 (ECF No. 430), incorporated the costs claimed in the Bill of Costs filed by the Plaintiffs on May 10, 2017 (ECF No. 293). Thus the March 22, 2021 Bill of Costs (ECF No. 430) superseded the May 10, 2017 Bill of Costs (ECF No. 293).

*June Medical Services, LLC et al. v. Phillips et al.*, No. 14-CIV-525-JWD-RLB;
Settlement and Release Agreement

**WHEREAS** Defendant disputes the reasonableness of Plaintiffs' fee claims and Plaintiffs' entitlement to fees for certain aspects of this Litigation, and further disputes Plaintiffs' entitlement to certain costs and to certain expenses; and

**WHEREAS** on March 3, 2022, the District Court held a status conference and the Parties agreed to attempt to resolve the pending motion for attorney's fees (ECF No. 475) and corresponding Bill of Costs (ECF No. 430). And, on March 28, 2022, after a period of negotiations at a settlement conference with Magistrate Judge Richard Bourgeois, the Parties were able to reach an agreement in principle to resolve Plaintiffs' claims for attorneys' fees, expenses, and costs arising out of the Litigation (ECF No. 477);

2. **Scope of Agreement:**

This Agreement arises from the Litigation and embodies the entire agreement and understanding of the Parties with respect to the terms and the subject matter contained herein. The Parties declare and represent that no promise, inducement, or agreement not herein expressed has been made, and the Parties acknowledge that the terms and conditions of this Agreement are contractual and not a mere recital.

3. **Disposition of Plaintiffs' Claims for Attorneys' Fees, Expenses, and Costs:**

The Parties jointly understand and agree to the following to fully dispose of all claims for attorneys' fees, expenses, and costs related to the Litigation.

> A. Plaintiffs, acting through counsel, covenant, warrant, and represent that the signatory to this Agreement is authorized to execute this Agreement for Plaintiffs, and for all persons, law firms, organizations, attorneys, paralegals, and support staff, collectively referred to as (the "Claimants") who have or could have claimed entitlement to funds for attorneys' fees and litigation expenses

    under 42 U.S.C. § 1988 or any other law or rule, or court costs and other expenses taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 in this Litigation.

B. It is the desire of the Parties to fully resolve all claims for attorney's fees, litigation expenses, and costs that were, could have been, or have been made in this case, whether pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54, 28 U.S.C. § 1920, or any other law or rule.

C. Claimants agree to accept the total sum of **THREE MILLION, EIGHT HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($3,800,000.00)**, in full and final satisfaction of all claims or demands for attorneys' fees, expenses, or costs arising from the initiation and prosecution of the Litigation. Payment by Defendant to Claimants shall constitute acceptance of the terms of this Agreement in full, and Claimants may rely on the Agreement whether or not it has been signed.

D. Upon receipt and deposit of a check issued to Center for Reproductive Rights, 199 Water Street, 22nd Floor, New York, NY 10038 in the total sum of **THREE MILLION, EIGHT HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($3,800,000.00)**, but not before, the Claimants will and do hereby release and forever discharge the Defendant, **DR. COURTNEY N. PHILLIPS**, in her official capacity as Secretary of the Louisiana Department of Health (LDH), her successors in office, the State of Louisiana, and its employees, agents and assigns, directors, executive officers, employees, insurers, underwriters, reinsurers, and all others (including without limitation all persons who have been

*June Medical Services, LLC et al. v. Phillips et al.*, No. 14-CIV-525-JWD-RLB;
Settlement and Release Agreement

> Defendants in this litigation), of and from any and all claims or demands for attorneys' fees, expenses, and costs arising from the initiation and prosecution of the Litigation.
>
> E. This Agreement is in full and final settlement of any and all claims, demands, causes and/or rights of action for attorneys' fees, expenses, and costs that were, could have been, or could be claimed by the Claimants in this Litigation.

## 4. Post-Agreement Fees and Expenses:

The Parties will bear their own costs, including attorney's fees and litigation expenses, incurred in this Litigation after the execution of this Agreement, including any appeals that may be taken in the future in this Litigation. If the terms of the Agreement are met, Claimants agree that they will not seek any further attorneys' fees, costs, or expenses in this Litigation.

## 5. Execution of the Agreement

The attorney signing below has authority to execute this Agreement on behalf of Plaintiffs in this Litigation and to execute or file such further documents as are necessary to effectuate this Agreement. The execution of this Agreement is contingent upon the satisfaction of the conditions set forth in Paragraph 3(D) and the Parties' agreement that within ten (10) days of receipt of the settlement funds, Claimants will lodge a copy of the agreement on the court's docket and submit to the court a proposed order.

Dated: ~~May~~ June 8, 2022

*Julie Rikelman* (signature)

Julie Rikelman
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
*Attorney Signing on Behalf of Plaintiffs*