UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, *et al.*,

    Plaintiffs,

v.

COURTNEY PHILLIPS,

    Defendant.

No. 3:14-cv-525-JWD-RLB

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EMERGENCY RULE 60(b) MOTION TO VACATE PERMANENT INJUNCTION**

The State of Louisiana enacted Act 620 in 2014 to increase the safety of abortions in Louisiana by requiring physicians performing abortions to have admitting privileges at a nearby hospital in case complications arise. Plaintiffs sued, alleging that the law violated the Due Process Clause of the Fourteenth Amendment. This Court agreed and entered a permanent injunction against enforcement of the Act because "the Act violates women's constitutional right to abortion," and because it found Act 620 is "unconstitutional on its face under [*Planned Parenthood of Southeastern Pennsylvania v.*] *Casey* . . . ." Dkt. 274 at 114, Dkt. 275.

As of Friday, that premise no longer holds true. The precedents on which the Court relied— including *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992)—have been overruled. *Dobbs v. Jackson Women's Health Org.*, __ S.Ct. __, 2022 WL 2276808 (June 24, 2022). As the Supreme Court held, "[t]he

1

Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion." *Dobbs*, slip op. at 79. Louisiana thus moves the Court to vacate the permanent injunction.

Because the effectiveness of Act 620 will impact the safety of abortions that may be performed today, this is an emergency motion. As the Supreme Court acknowledged, "[i]t is time to heed the Constitutional and return the issue of abortion to the people's elected representatives." *Id.* at 6. For years Louisiana has been prevented from exercising its sovereign authority to protect human life and women's health based on a mistaken understanding of the Constitution. Each day that passes with the injunction in effect is a profound injury to the State and its people—and may literally mean life or death for those women the Act was enacted to protect. Louisiana must be free to enforce Act 620 to protect women's health and safety, and *Dobbs* eliminates any legal basis to prevent Louisiana from doing so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(5) provides that courts may relieve a party from a final judgment or order where "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *See Agostini v. Felton*, 521 U.S. 203, 240 (1997) (allowing relief under Rule 60(b)(5) in light of Supreme Court's earlier decision to overrule earlier constitutional precedent on which injunction was based). The Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if "a significant change either in factual conditions or in law" renders continued enforcement "detrimental to the public interest." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992). This encompasses "the traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441-42 (2004). "A Rule 60(b)(5) motion is the appropriate

vehicle for modifying a permanent injunction that has prospective effect." *Baum v. Blue Moon Ventures LLC*, 513 F.3d 181, 190 (5th Cir. 2008).

The party seeking relief under Rule 60(b)(5) bears the burden of proving changed circumstances—which include a "significant change in statutory or decisional law"—warranting relief. *Cooper v. Tex. Alcoholic Bev. Comm'n*, 820 F.3d 730, 741 (5th Cir. 2016) (quoting *Agostini*, 521 U.S. at 215). But once that entitlement is shown, the Court must modify the order. *Horne*, 557 U.S. at 447; *Cooper*, 820 F.3d at 741. "A court errs when it refuses to modify an injunction or consent decree in light of such changes." *Agostini*, 521 U.S. at 447. "Because injunctive relief is drafted in light of what the court believes will be the future course of events, a court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an instrument of wrong." *Salazar v. Buono*, 559 U.S. 700, 714-15 (2010) (plurality op.) (cleaned up).

**ARGUMENT**

Act 620 requires that every physician who performs or induces an abortion "shall have active admitting privileges at a hospital that is located not further than thirty miles from the location at which the abortion is performed or induced and that provides obstetrical or gynecological health care services. La. Rev. Stat. § 40:1061.10A(2). This Court determined that this requirement was unconstitutional because it "violates women's constitutional right to abortion," and because it found Act 620 is "unconstitutional on its face under [*Planned Parenthood of Southeastern Pennsylvania v.*] *Casey* . . ." Dkt. 274 at 114.

The precedent underpinning the Court's permanent injunction no longer controls, as "*Roe*'s abuse of judicial authority" has come to an end. *Dobbs*, slip op. at 6. The Supreme Court reversed *Roe* and *Casey* and held that the Constitution does not include a right to an abortion:

3

> We hold that Roe and Casey must be overruled. The Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision, including the one on which the defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the Fourteenth Amendment.

*Id.* at 5. That central holding extinguishes any entitlement to prospective relief against Act 620, which is premised on the unconstitutionality of the Act under *Roe*, *Casey*, and its progeny. This is a "significant change in . . . decisional law," which warrants relief under Rule 60(b)(5). *Cooper*, 820 F.3d at 741.

The overruling of precedent on which the permanent injunction ruling rests is sufficient to show an entitlement to relief. *See Robinson v. Marshall*, No. 2:19-cv-00365 (M.D. Ala. June 24, 2022) (Dkt. 193) (dissolving preliminary injunction against Alabama law banning abortion in response to *Dobbs*). That is so even where the Supreme Court previously upheld the permanent injunction. *Agostini*, 521 U.S. at 208-09 (ordering relief from permanent injunction previously supported by the Supreme Court's ruling in *Aguilar v. Felton*, 473 U.S. 402 (1985)). But an examination of the equities further underscores the need for relief. While Louisiana now generally prohibits abortion because of *Dobbs* and its trigger law, *see* La. Rev. Stat. § 40.1061(C), the law permits abortion where "necessary in reasonable medical judgment to prevent the death or substantial risk of death due to a physical condition, or to prevent the serious, permanent impairment of a life-sustaining organ of a pregnant woman," *id.* § 40.1061(F). Because abortions to preserve the life or health of the mother may still occur in Louisiana, Louisiana's interest in the safety of those procedures remains. In fact, it is *strengthened*, as such procedures would necessarily occur in situations where there is already significant risk to the mother's health. Thus, Louisiana has an even greater interest in seeing that abortion procedures are performed by physicians that can quickly admit their patients to a hospital in the event of a problem and continue their care.

4

To be sure, *Dobbs* did not hold that *any* law regulating abortion is constitutional. But because there is no constitutional right to abortion, the Court held that "rational-basis review is the appropriate standard for such challenges." *Dobbs*, slip op. at 77. Thus, "[i]t follows that States may regulate abortion for legitimate reasons, and when such regulations are challenged under the Constitution, courts cannot 'substitute their social and economic beliefs for the judgment of legislative bodies.'" *Id.* (quoting *Ferguson v. Skrupa*, 372 U.S. 726, 729-30 (1963)). Plaintiffs here contended that Act 620 lacked a rational basis. Dkt. 5, Dkt. 138 at 4. But that is still insufficient to justify continuance of the permanent injunction.

"A law regulating abortion, like other health and welfare laws, is entitled to a 'strong presumption of validity.' It must be sustained if there is a rational basis on which the legislature could have thought that it would serve legitimate state interests." *Dobbs*, slip op. at 77 (quoting *Heller v. Doe*, 509 U. S. 312, 319 (1993)). In the abortion context, these "legitimate interests" include "respect for and preservation of prenatal life at all stages of development," "the elimination of particularly gruesome or barbaric medical procedures," "the preservation of the integrity of the medical profession," "the mitigation of fetal pain," "the prevention of discrimination based on race, sex, or disability," and most relevant here, "the protection of maternal health and safety." *Id.* at 78. Such "legitimate interests provide a rational basis" for abortion regulation. As Act 620 was justified by the "legitimate interest" of "protect[ing] maternal health and safety," it has a rational basis, and is thus constitutional. *Id.*

Even if *Dobbs* were insufficient for that conclusion, this Court already determined that Act 620 has a rational basis. *See* Dkt. 138 at 18 (granting partial summary judgment to Defendant on Plaintiffs' claim that Act 620 lacked a rational basis). As this Court noted, "[t]he rational basis test seeks only to determine whether there is any conceivable basis for the enactment. A district court

5

should not relitigate the facts that led to the passage of the law." Dkt. 138 at 12 (citing *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 748 F.3d 583, 594 (5th Cir. 2014)). Thus, the Court concluded that "the admitting privileges provision in Act 620 passes rational basis review." Dkt. 138 at 17.

Both this Court's prior ruling and *Dobbs* make clear that Act 620 is unequivocally constitutional. Thus, there is no legal basis—equitable or otherwise—for continuing prospective relief against it.

## CONCLUSION

The judgment (Dkt. 275) should be amended and the permanent injunction should be vacated.

Dated this 27th day of June, 2022.

> Respectfully submitted,
> */s/ Joseph S. St. John*
> Elizabeth B. Murrill
>   Solicitor General
> Joseph S. St. John
>   Deputy Solicitor General
> OFFICE OF THE ATTORNEY GENERAL
> LOUISIANA DEPARTMENT OF JUSTICE
> 1885 N. Third St.
> Baton Rouge, LA 70804
> (225) 326-6766
> (225) 485-2458
> murrille@ag.louisiana.gov
> stjohnj@ag.louisiana.gov
>
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys.

Dated this 27th day of June, 2022.

<u>/s/ Joseph S. St. John</u>