**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

JUNE MEDICAL SERVICES LLC, ET AL.,

                        Plaintiffs,

    v.

COURTNEY PHILLIPS, in her official capacity
as Secretary of the Louisiana Department of
Health,

                        Defendant.

No. 3:14-cv-525-JWD-RLB

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY RULE 60(B) MOTION
TO VACATE PERMANENT INJUNCTION**

Defendant has failed to meet the high burden required to vacate a permanent injunction under Rule 60(b)(5), much less on an emergency basis. The permanent injunction in this case has been in place for years and was entered after a trial—based on robust findings of fact and conclusions of law—and ultimately upheld on appeal. Defendant has provided no persuasive reason to lift that permanent injunction on less than 48 hours' notice, based on its cursory briefing. Critically, although Defendant's request for emergency relief relies entirely on the Supreme Court's decision last Friday in *Dobbs v. Jackson Women's Health Org.,* ___ S. Ct. ____, No. 19-1392, 2022 WL 2276808 (June 24, 2022), a subsequent change in the underlying law in a different case is not a sufficient basis to vacate a permanent injunction; if it were, it would leave nearly every final ruling by the federal courts open to later re-litigation. In any event, if the Court were

1

to consider the extraordinary relief Defendant seeks here, it should do so after full briefing by the parties.

## ARGUMENT

"Final judgments should [not] be lightly reopened." *Lowry Dev., LLC v. Groves & Assocs. Ins. Inc,* 690 F.3d 382, 385 (5th Cir. 2012). Accordingly, Rule 60(b) allows relief from a judgment or order only in limited circumstances. Under section (b)(5), such relief is permitted when (i) "the judgment has been satisfied, released, or discharged; [(ii)] it is based on an earlier judgment that has been reversed or vacated; or [(iii)] applying it prospectively is no longer equitable . . . ." Defendant claims to make arguments under both the second and third prongs of Rule 60(b)(5), but all of the offered arguments boil down to the same contention: that *Dobbs* changed federal law regarding abortion restrictions and therefore the years-old permanent injunction in this separate case should be lifted. Nevertheless, a change in the underlying law brought about by separate litigation is simply not enough to justify relief under Rule 60(b)(5).

Courts have consistently interpreted the second prong of Rule 60(b)(5)—the subsection that allows a judgment or order to be vacated as a result of "an earlier judgment that has been reversed or vacated"—very narrowly. "[W]hile 60(b)(5) authorizes relief when a judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). "It is not sufficient that the prior judgment provides only precedent for the decision." *Id*. *See also LeJuene v. Cain*, No. 07-0596, 2009 WL 2474103, at *3 (W.D. La. Aug. 12, 2009) ("LeJuene is not entitled to relief pursuant to Rule 60(b)(5) on the grounds that *Salinas* (which was relied upon earlier) was overruled by

*Jimenez*."); *Coleman v. Cain*, No. 05-799, 2009 WL 3400462, at \*4 (E.D. La. Oct. 14, 2009) ("Thus the Supreme Court's reversal in *Jimenez* of the Fifth Circuit's *Salinas* line of cases . . . is not the kind of reversal contemplated by Rule 60(b)(5), and the motion should be denied to whatever extent, if any, it seeks relief on Rule 60(b)(5) grounds."). *See also Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 27 (1st Cir. 2009) ("The mere emergence of controlling precedent *in some other case* that shows the incorrectness of the prior judgment is not sufficient.") To "come within Rule 60(b)(5)'s second category, the prior judgment must be directly related to the purportedly reversing decision by, for example, giving rise to the cause of action or being part of the same proceeding.  In the absence of such a direct connection, a change in applicable law does not provide sufficient basis for relief." *Id*.[1]

Indeed, the Fifth Circuit has been clear on the narrow scope of Rule 60(b)(5)(ii).  As it stated: "Rule 60(b)(5) 'does not authorize relief from a judgment on the ground that the *law* applied by the court in making its adjudication has been subsequently overruled or declared erroneously in another and unrelated proceeding.' " *Lowry*, 690 F.3d at 386 (emphasis added). Accordingly, although *Dobbs* changed the law, that is not enough to set aside a permanent injunction in this separate case under Rule 60(b)(ii).[2]

Defendant then seems to turn to Rule 60(b)(5)'s third prong, which allows vacating a judgment or order when "applying it prospectively is no longer equitable."  Yet, the offered argument on this point boils down to the same claim: that the change in the law caused by *Dobbs* is sufficient to undo a permanent injunction entered after years of litigation.  But a change in the

---

[1] Defendant repeatedly relies on the Supreme Court's decision in *Agostini v. Felton*, 521 U.S. 302 (1997) for the proposition that a change in applicable law can serve as the basis for setting aside a permanent injunction.  *Agostini* concerned Rule 60(b)(5)'s third subsection, which concerns the equitable effect of prospective relief, not the prong that addresses a change in law or overruled precedent.
[2] Defendant's reliance on *Robinson v. Marshall*, No. 2:19-cv-00365 (M.D. Ala. June 24, 2022) (Dkt. 193) is misplaced.  That case involved the dissolution of a preliminary injunction, not a permanent injunction as the one at issue here.

law alone is insufficient to overcome the finality built into the federal rules under any prong of Rule 60(b)(5).

Defendant concedes that she carries the burden of proving changed circumstances warranting equitable relief under Rule 60(b)(5)(iii).  (Dkt. 487-1 at 3.)  But the few sentences of argument she provides is simply not enough to establish changed circumstances that favor lifting the injunction.  Certainly, Defendant's sweeping factual claims about the injunction's continuing impact, which directly contradict the findings of this Court and which Defendant makes with no supporting declarations, cannot be enough to justify extraordinary emergency relief.  To the contrary, the most relevant changed circumstance after the decision in *Dobbs* is that abortion may become largely unavailable in Louisiana, except in circumstances where a person's life or health is at extreme risk by continuing a pregnancy.  Yet, lifting the injunction in this case may mean that even patients in these most dire of circumstances will be unable to obtain the care they need anywhere in the State.

In any event, given the upheaval in the law—and the impact it will have on access to health care for the people in Louisiana in the coming weeks and months—Defendant has provided  no basis to establish that equity requires contributing further to such upheaval by vacating this injunction on an emergency basis.

Defendant relies on *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367 (1992), a case focused on the ongoing effect of a consent decree (not a permanent injunction) stemming from institutional reform litigation.  *Id.* at 381 ("The experience of the District Courts of Appeal in implementing and modifying such decrees has demonstrated that a flexible approach is often essential to achieving the goals of reform litigation.")  Recognizing that "the upsurge in institutional reform litigation . . . has made the ability of a district court to modify a [consent]

decree in response to changed circumstances all the more important," the Supreme Court noted that "Rule 60(b)(5) provides that a party may obtain relief from a court order when it is no longer equitable that the judgment should have prospective application, not when it is no longer convenient to live with the terms of a consent decree." *Id*. at 383 (citations and quotations omitted). *See also Chisolm v. Edwards,* No. 86-4075, 2022 WL 1768861, *12 (E.D. La. May 24, 2022) (denying motion to dissolve consent decree).

Here, Defendant's cursory brief does not demonstrate that it is inequitable to maintain the injunction in this case, but only that it objects to the continuance of that injunction in light of *Dobb*s. Although *Dobbs* has undeniably changed the law, that is not enough under the federal rules to vacate a permanent injunction. At a minimum, whether Defendant has met her burden of showing sufficient changed circumstances to warrant this Court's review of the permanent injunction should be determined after full briefing by the parties, not on an emergency basis on two days' notice.

## CONCLUSION

For the reasons stated above, Defendant's emergency motion should be denied and the permanent injunction in this case should be left in place. Alternatively, Plaintiffs seek an additional twenty-one days to respond in order to have a more reasonable opportunity to brief the issues fully.

Dated:  June 28, 2022                    Respectfully submitted,


*/s/ Charles M. Samuel, III*          */s/ Jenny Ma*               */s/ Dimitra Doufekias*

Charles M. (Larry) Samuel, III     Jenny Ma*                    Dimitra Doufekias*
La. State Bar No. 11678            CENTER FOR                   MORRISON & FOERSTER
RITTENBERG, SAMUEL &               REPRODUCTIVE RIGHTS          LLP
PHILLIPS, LLC                      199 Water St., 22nd Floor    2000 Pennsylvania Ave., NW
1539 Jackson Ave., Suite 115       New York, NY 10038           Suite 6000
New Orleans, Louisiana, 70130      (917) 637-3705               Washington, DC 20006-1888
(504) 524-5555                     jma@reprorights.org          (202) 887-1500
samuel@rittenbergsamuel.com                                     DDoufekias@mofo.com

*Counsel for Plaintiffs*                                        *admitted *pro hac vice*

6

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of June, 2022, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Dimitra Doufekias*
Dimitra Doufekias