IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, ET AL.,

                Plaintiffs,

v.

COURTNEY PHILLIPS, in her official capacity as Secretary of the Louisiana Department of Health,

                Defendant.

No. 3:14-cv-525-JWD-RLB

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION OF HER EMERGENCY MOTION TO VACATE**

Defendant's emergency motion for reconsideration of this Court's Order setting a standard briefing schedule on Defendant's motion to vacate is entirely baseless. Indeed, Defendant's motion fails to cite a single authority that stands for the proposition that a court has abused its discretion or committed clear error when it orders the parties to submit briefing under the usual timeline provided in the Federal Rules of Civil Procedure. Nor could there be an abuse of discretion in the Court's decision to receive briefing on the standard timeline on a motion to vacate a permanent injunction when Defendant bears the burden of justifying such relief and yet submitted only the most cursory memorandum of law with scant legal and factual argument. Nothing about the Fifth Circuit's decision this week in *Whole Woman's Health v. Young*, __ F.4th __, No. 18-50730, 2022 WL 2315034 (5th Cir. June 28, 2022)—which was a direct appeal and did not involve a motion to vacate a permanent injunction under Rule 60(b)(5)—requires the Court's reconsideration of its decision. To the contrary, the Court acted within its

1

discretion to follow the usual timeline in the federal rules, rather than issue an emergency order on 48 hours' notice.

Courts grant motions for reconsideration under Rule 59 or Rule 60 when (1) they are "presented with newly discovered evidence"; (2) they "[have] committed clear error"; (3) "the initial decision was manifestly unjust"; and (4) where there is a "change in controlling law." *Allen v. Envirogreen Landscape Pros., Inc.*, No. CV 14-506-JWD-RLB, 2016 WL 6877742, at *2 (M.D. La. Nov. 21, 2016), *aff'd*, 721 F. App'x 322 (5th Cir. 2017), *as revised* (Dec. 7, 2017) (deGravelles, J.). Defendant's motion to reconsider does not come close to satisfying any of these factors.

Defendant's motion to reconsider is based entirely on *Whole Woman's Health v. Young*, __ F.4th __, 2022 WL 2315034. *Young*, however, has nothing to do with motions to vacate a permanent injunction under Rule 60(b)(5) nor with the standards for when courts must grant motions for emergency relief. Thus, *Young* cannot support Defendant's argument that the Court abused its discretion in setting the usual briefing schedule on Defendant's motion to vacate rather than granting that motion on scant briefing on an emergency basis.

*Young* involves a direct appeal, which the Fifth Circuit decided several years after it was briefed and argued. At issue in *Young* was the constitutionality of a Texas regulation governing the disposal of tissue following an abortion. *Id.* at *1. The federal district court had struck down the regulation, and the State of Texas appealed. *See id.* The Fifth Circuit received full briefing and held oral argument in the case, and then received additional letter briefing from the parties in 2020, after the Supreme Court issued *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020). Earlier this week, the Fifth Circuit decided the direct appeal in *Young*, reversing the district

2

court in light of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, __ S. Ct. __, No. 19-1392, 2022 WL 2276808 (June 24, 2022).

Accordingly, *Young* did not involve any motion under Federal Rule of Civil Procedure 60(b)(5). Further, it did not involve a request for emergency relief. Indeed, there is simply no basis for Defendant's suggestion that the Fifth Circuit's decision in a direct appeal, issued years after oral argument and robust briefing by the parties, supports Defendant's claim that the Court was required to decide its Rule 60(b)(5) motion on an emergency basis. To the contrary, the Court acted well within its discretion.

For all these reasons, the Court should deny Defendant's emergency motion for reconsideration.

Dated: July 1, 2022                                              Respectfully submitted,

| /s/ Charles M. Samuel, III | /s/ Jenny Ma | /s/ Dimitra Doufekias |
|---|---|---|
| Charles M. (Larry) Samuel, III | Jenny Ma* | Dimitra Doufekias* |
| La. State Bar No. 11678 | CENTER FOR REPRODUCTIVE RIGHTS | MORRISON & FOERSTER LLP |
| RITTENBERG, SAMUEL & PHILLIPS, LLC | 199 Water St., 22nd Floor | 2000 Pennsylvania Ave., NW Suite 6000 |
| 1539 Jackson Ave., Suite 115 | New York, NY 10038 | Washington, DC 20006-1888 |
| New Orleans, Louisiana, 70130 | (917) 637-3705 | (202) 887-1500 |
| (504) 524-5555 | jma@reprorights.org | DDoufekias@mofo.com |
| samuel@rittenbergsamuel.com | | |

*Counsel for Plaintiffs*                                                                *admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of July, 2022, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

                                            */s/ Dimitra Doufekias*
                                            Dimitra Doufekias