UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES LLC, ET AL.

VERSUS

COURTNEY PHILLIPS, in her official capacity as Secretary of the Louisiana Department of Health

CIVIL ACTION

NO. 14-525-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on *Defendant's Emergency Motion for Reconsideration of her Emergency Motion to Vacate* (Doc. 490) ("*Motion for Reconsideration*"). Plaintiffs oppose the motion. (Doc. 492). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion for Reconsideration* is denied.

**I.  Relevant Background**

On June 27, 2022, Defendant moved under Federal Rule of Civil Procedure 60(b) that the Court modify the judgment and vacate the permanent injunction entered in this matter in light of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, __ S. Ct. ___, 2022 WL 2276808 (June 24, 2022). (Doc. 487 at 1.) Defendants prayed that the relief be granted immediately, or, in the alternative, two days later on June 29, 2022. (*Id.* at 2.)

On June 29, 2022, Plaintiffs filed an opposition. (Doc. 488.) The heart of their argument was that a "subsequent change in the underlying law in a different case is not a sufficient basis to vacate a permanent injunction; if it were, it would leave nearly every final ruling by the federal courts open to later re-litigation." (*Id.* at 1.) Plaintiffs sought denial of the motion, or, in the

alternative, "an additional twenty-one days to respond in order to have a more reasonable opportunity to brief the issues fully." (*Id.* at 5.)

On June 29, 2022, this Court issued an order denying Defendant's motion without prejudice and allowing further briefing on the issue. (*Id.* at 489.) The Court specifically said in relevant part:

> Considering Defendant's Emergency Rule 60(b) Motion to Vacate Permanent Injunction (Doc. 487), IT IS ORDERED that the motion is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART. That part of Defendant's motion seeking expedited relief is denied. The subject of this motion is a matter of considerable importance to the State and its citizens and involves complicated issues of procedural and substantive law. The Court finds that granting this motion with only two days consideration is unreasonable and unwarranted. However, Defendant's motion to dissolve the permanent injunction in this matter is denied without prejudice. The Court will take up this issue after full briefing is submitted by the parties in compliance with and within the deadlines established by this Courts local rules.

(*Id.*)

On June 29, 2022, Defendant filed the instant motion seeking reconsideration of this Court's denial in light of *Whole Woman's Health v. Young*, __ F.4th __, 2022 WL 2315034 (5th Cir. June 28, 2022), where the Fifth Circuit vacated an injunction in light of *Dobbs*. (Doc. 490 at 1.) Defendant maintains that, as in *Young*, the Supreme Court's finding that there is no federal constitutional right to an abortion and overruling of the "undue burden" standard means that there are no grounds to sustain this Court's prior injunction. (Doc. 490-1 at 2.) Moreover, here, says Defendant, the case for vacating the injunction is even stronger than in *Young*, as this Court already found that "Act 620 passes rational basis review." (*Id.* (quoting Doc. 138 at 18).) Defendant prayed that the Court grant the order by June 30, 2022. (Doc. 490 at 1.)

On June 30, 2022, this Court issued an abbreviated briefing schedule. (Doc. 491.) Plaintiffs had until noon on July 1, 2022, to respond. (*Id.*)

2

Plaintiffs then timely filed their response. (Doc. 492.) Plaintiffs contend that "Defendant's motion fails to cite a single authority that stands for the proposition that a court has abused its discretion or committed clear error when it orders the parties to submit briefing under the usual timeline provided in the Federal Rules of Civil Procedure." (*Id.* at 1.) Further, *Young* is distinguishable, as it involved a direct appeal rather than a motion to dissolve a permanent injunction under Rule 60(b)(5). (*Id.*) Moreover, *Young* was decided after full briefing, oral argument, and supplemental briefing from the parties. (*Id.* at 2–3.) Plaintiffs prayed that Defendant's emergency motion for reconsideration be denied.

## II.    Relevant Standard

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "The rule under which the motion is considered is based on when the motion was filed." *Id.* (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* (citing *Texas A & M Research Found.*, 338 F.3d at 400). Here, the *Motion for Reconsideration* was filed a day after this Court's denial, (Doc. 490), so the Rule 59(e) standard applies.

The Fifth Circuit "review[s] a district court's decision on a Rule 59 motion to reconsider for abuse of discretion." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017), *as revised* (Dec. 7, 2017) (citing *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). "Under this standard of review, the district court's decision and decision-making

3

process need only be reasonable." *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994))). "But to the extent that a ruling involved a reconsideration of a question of law, 'the standard of review is de novo.' " *Id.* (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citation omitted)).

"Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Templet*, 367 F.3d at 478 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989))). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (quoting *Templet*, 367 F.3d at 479 (citation omitted)). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479). A court should grant a motion for reconsideration if (1) the court "is presented with newly discovered evidence[,]" (2) the Court "has committed clear error[,]" (3) "if the initial decision was manifestly unjust," or (4) there is a "change in controlling law." *Allen v. Envirogreen Landscape Pros., Inc.*, No. 14-506, 2016 WL 6877742, at *2 (M.D. La. Nov. 21, 2016) (deGravelles, J.), *aff'd*, 721 F. App'x 322 (5th Cir. 2017), *as revised* (Dec. 7, 2017).

### III. Law and Analysis

Having carefully considered the matter, the Court will deny the *Motion for Reconsideration*. In short, the Court finds that Defendant has not satisfied any of the grounds for obtaining the relief she seeks.

The *Motion for Reconsideration* principally relies on the fourth category—a change in controlling law brought by *Young*—but this falls short. A review of the record in *Young* shows that the procedural history in that case is substantially different than the instant one. In *Young*, a

notice of appeal was filed in September 2018 (*Young*, No. 18-50730 (5th Cir.), Doc. 1.) The matter was extensively briefed by the parties and amici from November 2018 to June 2019, (*id.*, Docs. 39, 45, 47, 48, 51, 52, 55, 70, 74, 76, 95, 97, 98), before being stayed in October 2019 pending the Supreme Court's decision in the instant case, (*id.*, Doc. 105). Further briefing was ordered in light of the Supreme Court's ruling in the instant case in June 2020, (*id.*, Doc. 119), and such briefing was filed in July and August 2020, (*id.*, Docs. 126, 127, 130, 132, 136). The Fifth Circuit then issued the ruling relied upon by Defendant in July 2022. (*Id.*, Doc. 145.) Thus, unlike the instant case, *Young* was decided on direct appeal after exhaustive briefing, not on a Rule 60(b) motion on an extremely expedited basis. Consequently, no controlling change in the law by *Young* warrants a reversal of this Court's denial.

The remaining three categories are easily dispensed with. Defendant does not rely on any newly discovered evidence. More importantly, this Court's order was not clearly erroneous or manifestly unjust. The Court did not deny Defendant the underlying relief it sought; it merely found that, considering the importance of this matter and the procedural issues involved with Rule 60(b), the Court would not grant Defendant relief without an opportunity for full briefing, by both sides.

The Court notes in closing that, having reviewed *Dobbs* and *Young*, Plaintiffs appear to have an uphill battle. Defendant's underlying motion turns on the extent to which Rule 60(b)(5) is the proper vehicle for overturning a permanent injunction that has remained in place for years because of a Supreme Court decision in another case that has severely undercut it. There appears to be ample authority for the view that vacating the permanent injunction is appropriate in this situation because the relief is no longer equitable. *See* 11 Mary Kay Kane, *Federal Practice & Procedure (Wright & Miller)* § 2863 & n.31 (3d ed. 2022) ("Because the standard is an exacting

5

one, many applications for relief on this ground are denied[.] . . . But on an adequate showing the courts will provide relief if it no longer is equitable that the judgment be enforced, whether because of subsequent legislation, *a change in the decisional law*, or a change in the operative facts. (emphasis added)).

But that is a question for another day. Here, Defendant has not shown that the Court abused its discretion or manifestly erred in allowing Plaintiffs (and Defendant) a full opportunity to brief the issue—and certainly on more than two days' notice and a near *ex parte* basis. This is particularly true considering the fact that granting these motions is an "extraordinary remedy that should be used sparingly." *Allen*, 721 F. App'x at 328 (cleaned up).

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that *Defendant's Emergency Motion for Reconsideration of her Emergency Motion to Vacate* (Doc. 490) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 5, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**