# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

September 28, 2022

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 22-30425   June Medical Svcs v. Phillips
                     USDC No. 3:14-CV-525

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Nancy F. Dolly, Deputy Clerk
                              504-310-7683

cc:  Mr. Marc A. Hearron
     Mr. Joseph Alexander Lawrence
     Ms. Elizabeth Baker Murrill
     Mr. Charles M. Samuel III
     Mr. Joseph Scott St. John
     Mr. Judd Edward Stone II
     Mr. Travis Tu

Case 3:14-cv-00525-JWD-RLB  Document 500  10/03/22  Page 2 of 8

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2022

Lyle W. Cayce
Clerk

No. 22-30425

JUNE MEDICAL SERVICES, L.L.C., *on behalf of its patients, physicians*, and *staff*, *doing business as* HOPE MEDICAL GROUP FOR WOMEN; BOSSIER CITY MEDICAL SUITE, *on behalf of its patients, physicians*, and *staff*; CHOICE INCORPORATED OF TEXAS, *on behalf of its patients, physicians*, and *staff*, *doing business as* CAUSEWAY MEDICAL CLINIC; JOHN DOE 1; JOHN DOE 2,

*Plaintiffs—Appellees*,

*versus*

COURTNEY N. PHILLIPS, *Doctor, in her official capacity as Secretary of the Louisiana Department of Health*,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-525

_____

Before JOLLY, DENNIS, and HIGGINSON, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that defendant-appellant pay to plaintiffs-appellees the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on **Sep 28, 2022**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

REVISED 9/28/22

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 21, 2022
Lyle W. Cayce
Clerk

No. 22-30425

JUNE MEDICAL SERVICES, L.L.C., ON BEHALF OF ITS PATIENTS, PHYSICIANS, AND STAFF, DOING BUSINESS AS HOPE MEDICAL GROUP FOR WOMEN; BOSSIER CITY MEDICAL SUITE, ON BEHALF OF ITS PATIENTS, PHYSICIANS, AND STAFF; CHOICE INCORPORATED OF TEXAS, ON BEHALF OF ITS PATIENTS, PHYSICIANS, AND STAFF, DOING BUSINESS AS CAUSEWAY MEDICAL CLINIC; JOHN DOE 1; JOHN DOE 2,

*Plaintiffs—Appellees*,

versus

COURTNEY N. PHILLIPS, DOCTOR, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE LOUISIANA DEPARTMENT OF HEALTH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-525

Before JOLLY, DENNIS, and HIGGINSON, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:*

This case concerns two orders. Following *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), the State of Louisiana filed an "emergency Rule 60(b) motion to vacate permanent injunction" concerning the enforcement of Act 620, which requires physicians performing abortions to have "active admitting privileges" within thirty miles of the facility at which the abortions are performed. La. R.S. 40:1299.35.2(A)(2). It requested relief forthwith or, alternatively, relief within two days of filing its motion. Two days later, the district court denied the State's motion. The State immediately filed an "emergency motion for reconsideration" and requested a ruling by the next day. The district court again denied the State's motion. The State has appealed the two orders, but because this court lacks appellate jurisdiction, we DISMISS.

The question before us is whether this court has jurisdiction over this appeal. To address this question, we must look to the scope of the district court's orders.

The State first contends that we have jurisdiction under 28 U.S.C. § 1292(a)(1), which gives this court jurisdiction over interlocutory orders "continuing . . . or refusing to dissolve or modify injunctions." We disagree. "An order by a federal court that relates only to the conduct or progress of litigation before that court . . . is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (citing *Switzerland Cheese Ass'n. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966)). We read the district court's orders as such.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In the first order, the district court stated that it would not grant the State the requested relief but would "take up [this] issue after full briefing . . . in compliance with and within the deadlines established." In our view, this order constitutes "an administrative decision by the district court to manage its docket." *Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 2121 AFL–CIO v. Goodrich Corp.*, 410 F.3d 204, 210 (5th Cir. 2005) (holding that this court lacked jurisdiction over orders staying cases pending arbitration). Our reading is only bolstered by the district court's clarification in its second order, in which it specifically stated that it "did not deny [the State] the underlying relief it sought" and would not grant the State relief until both sides had "an opportunity for full briefing." We do not construe either of these orders, together or separately, to deny the State's request for vacatur *on the merits*. Instead, we construe the orders as denying only *expedited relief*. *See e.g., Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1981) (distinguishing "between those orders that dispose of the claim for relief on the merits or on jurisdictional grounds and those that relate only to pretrial procedures," since the § 1292(a)(1) exception does not apply to the latter).

It is true that the district court stated that it denied without prejudice the State's motion to dissolve the permanent injunction. But to interpret this as a denial of the State's motion on the merits requires a selective reading of both orders, which this court has previously cautioned against. *E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 132 (5th Cir. 1991) ("[T]here must be some additional, substantial indication—whether from the language of the order, or the grounds on which it rests, or the circumstances in which it was entered—that the district court was acting specifically to deny injunctive relief."). In context, the district court's words do not constitute an appealable order. The first order indicates that the district court would defer ruling on the State's underlying motion until after full briefing by both

3

parties.[1] The district court goes even further in its second order by explicitly clarifying that its first order did not deny "the underlying relief sought."[2] The district court's orders cannot be read to have denied the underlying request for relief when the district court implicitly and explicitly stated its intent to defer a ruling on the matter.[3]

Alternatively, the State urges jurisdiction because the district court's orders have the "practical effect" of refusing to dissolve an injunction, which continues to cause irreparable harm that can only be effectively challenged by immediate appeal. We cannot agree.

To have the "practical effect" of refusing to dissolve an injunction, the State must show that the orders have a "direct impact on the merits of the controversy." *See Shanks*, 752 F.2d at 1095. We again note that the district court's orders did not touch the merits of the State's underlying request for relief but, for the same reasons stated earlier, acted as the functional equivalent of a scheduling order. *See Switzerland Cheese Ass'n, Inc.*

---

[1] The district court's first order states in relevant part:

That part of Defendant's motion seeking expedited relief is denied. The subject of this motion is a matter of considerable importance to the State and its citizens and involves complicated issues of procedural and substantive law. The Court finds that granting this motion with only two days consideration is unreasonable and unwarranted. However, Defendant's motion to dissolve the permanent injunction in this matter is denied without prejudice. The Court will take up this issue after full briefing is submitted by the parties in compliance with and within the deadlines established by this Courts local rules.

[2] The relevant text in the second order reads: "The Court did not deny Defendant the underlying relief it sought; it merely found that, considering the importance of this matter and the procedural issues involved with Rule 60(b), the Court would not grant Defendant relief without an opportunity for full briefing, by both sides."

[3] To the extent the district court *did* address the merits of the State's request for relief, it noted that "Plaintiffs appear to have an uphill battle," as recent cases "severely undercut" the law on which the injunction stood. Nevertheless, the district court said this was "a question for another day."

*v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966) ("Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view 'interlocutory' within the meaning of § 1292(a)(1).").

Lastly, we hold that the State has not shown it is entitled to mandamus.[4] "Only a showing of exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify granting a mandamus petition." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (cleaned up) (listing permissible scenarios warranting mandamus). Even if the district court's initial order and its reconsideration denial are not the functional equivalent of a scheduling order, the district court did not abuse its discretion denying the only motion presented to it—one to vacate *forthwith or within two days*. A district court "has broad discretion and inherent authority to manage its docket." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam). This district court acted prudently, with no evident dilatory purpose. The State has not persuaded this court that the district court abused its discretion when the district court refused to rule on the State's motion in the expedited fashion requested.

For the reasons stated above, we dismiss this appeal for lack of appellate jurisdiction and deny the State's alternative petition for mandamus.[5] To be sure, however, we respectfully direct the district court to expeditiously address any merits claims that may be submitted by the respective parties and to enter an order accordingly.

APPEAL DISMISSED; MANDAMUS DENIED.

---

[4] This court has already considered and denied the State's mandamus petition. The State has again presented this issue as an alternative request to its appeal.

[5] The motion of June Medical to dismiss this appeal is denied as moot.